*HCC# 157710   DoL 10-13-11*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X

JACOB BURBAR

                         Plaintiff,

- against -

INCORPORATED VILLAGE OF GARDEN CITY,
COUNTY OF NASSAU, POLICE OFFICERS
JOHN DOE #1 AND JOHN DOE #2

                         Defendants.
-----------------------------------------------------------------------X

INDEX NO. 12-12790
10-9-12

**SUMMONS**

Plaintiff designates
Nassau County as the place of trial.

The basis of venue is:
Plaintiff's residence
Plaintiff resides at:
164 Mayfair Avenue
West Hempstead, New York

**To the above named Defendant(s):**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
        October 9, 2011

                                    ROBERT KLUGMAN, ESQ.
                                    Attorneys for Plaintiff(s)
                                    1305 Franklin Avenue, Suite 270
                                    Garden City, N.Y. 11539
                                    (516) 222-2655

TO:

    Village Clerk
    Incorporated Village of Garden City
    351 Stewart Avenue
    Garden City, New York 11530

    Office of County Attorney
    County of Nassau
    County Executive Building
    One West Street
    Mineola, New York 11501

*RECEIVED VILLAGE OF GARDEN CITY 2012 OCT 23 P 3:03*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------------X
JACOB BURBAR

                Plaintiff,                        **COMPLAINT**

    - against -                                             INDEX NO.

INCORPORATED VILLAGE OF GARDEN CITY,
COUNTY OF NASSAU, POLICE
OFFICERS JOHN DOE #1 AND JOHN DOE #2

                Defendants.
-------------------------------------------------------------------------X

    Plaintiff, by Robert Klugman, Esq., his attorney for his complaint, respectfully alleges:

### STATEMENT OF FACTS

FIRST:     Plaintiff is a resident of Nassau County, New York.

SECOND: At all times hereinafter mentioned, the defendant, Incorporated Village of Garden City, herein was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the laws.

THIRD:     At all times hereinafter mentioned, the defendant, County of Nassau, herein was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

FOURTH: That at all times hereinafter mentioned the INCORPORATED VILLAGE OF GARDEN CITY and COUNTY OF NASSAU employed police officers whose names are currently unknown to Plaintiff and hereinafter referred to as Police Officers "JOHN DOE" #1 and "JOHN DOE" #2.

FIFTH:     That at all times hereinafter mentioned, Police Officer "JOHN DOE" #1 and Police Officer "JOHN DOE" #2 were working within the scope of their employment and under the

code of authority afforded to them as agents and employees of the INCORPORATED VILLAGE OF GARDEN CITY and COUNTY OF NASSAU.

SIXTH:   The true names and identities of Defendant, JOHN DOE #1 and JOHN DOE #2 are presently unknown to Plaintiff. Plaintiff uses the fictitious name DOE to designate these Defendants. Plaintiff alleges that the DOE Defendants are legally responsible for the incident, injuries and damages set forth here, and that each of the DOE Defendants proximately caused the incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission. Plaintiffs will seek to amend this Complaint as soon as the true names and identities of the DOE Defendants have been ascertained.

SEVENTH:   Each of the Defendants, including JOHN DOE #1 and JOHN DOE #2, caused, and is legally responsible for, the incident, unlawful conduct, injuries and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

EIGHTH: On the 11th day of January, 2012 a notice of claim together with a notice to sue was duly served upon the defendants.

NINTH: The notice of claim and notice of intention to sue was duly served upon the defendant within 90 days after the cause of action of the plaintiff accrued.

TENTH: More than thirty days have elapsed since the service of the notice of claim and notice of intention to sue upon the defendants.

ELEVENTH: The plaintiff has duly submitted to an inquiry concerning the justness of his claim on the day of September 12, 2012.

TWELFTH: The defendants have failed, neglected, and refused to pay, settle, compromise, or adjust the claim of the plaintiff herein.

THIRTEENTH: This action has been commenced within one year and ninety days after the cause of action of plaintiff accrued.

FOURTEENTH: Plaintiff has duly complied with all of the conditions precedent to the commencement of this action.

FIFTEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendants employed the warrant officers, policemen, jailers, warden, Magistrates, court attendants, clerks, district attorney, assistant district attorneys and others hereinafter mentioned in this complaint.

SIXTEENTH: Upon information and belief, the defendants owned, maintained, and controlled the various courthouses, jails and their equipment, police stations, and the vans used to transport prisoners, all hereinafter mentioned in this complaint.

**FOR A FIRST CAUSE OF ACTION**

Unlawful Arrest, False Imprisonment

SEVENTEENTH:   Plaintiff repeats and realleges each and every allegation contained in paragraphs "FIRST" through "SIXTEENTH" with the same force and effect as if set forth here at length.

EIGHTEENTH:  On October 13, 2011, plaintiff was involved in an incident with Michael Laterza ("Laterza").

NINETEENTH:  The police officers responding to the incident arrived at plaintiff's residence located at 164 Mayfair Avenue, West Hempstead, New York.  The officers inquired as to whether plaintiff had firearms in his residence.  Plaintiff advised the police officers that he possessed a valid pistol license issued by the Nassau County Police Department and that four handguns lawfully registered to plaintiff were safely secured in his residence.

TWENTIETH:   Plaintiff voluntarily surrerunded his valid pistol license and his four handguns to the police officers.  Thereafter, plaintiff accompanied the police officers to the Garden City Police Department's headquarters, where plaintiff was issued a desk appearance ticket (the "Ticket") in connection with his incident with Laterza.  After being issued the Ticket, plaintiff returned to his residence.

TWENTY-FIRST:    Several hours later, police officers reappeared at plaintiff's residence and arrested him.  In addition to the previous misdeameanor charges set forth in the Ticket, plaintiff was charged with the following felonies: violation of NY Penal Law §265.03 - Criminal Possession of a weapon in the second degree,  and five counts of violation of NY Penal Law §265.02 - Criminal Possession of a weapon in the third degree (the "Charges").

TWENTY-SECOND:   Plaintiff was held in custody in the detention cells of the Garden City Police Department, Nassau County Police Headquarters, Nassau County Correctional Center and the District Court of Nassau County, First District.

TWENTY-THIRD:   Plaintiff possessed a valid pistol license issued by the Nassau County Police Department and the firearms set forth in the criminal complaint were lawfully registered to plaintiff.

TWENTY-FOURTH:   The police lacked probable cause to arrest the plaintiff on the Charges since NY Penal Law §265.20 exempts a person to whom a pistol license has been issued from the Charges.

TWENTY-FIFTH:   During a court hearing on January 6, 2012, Assistant District Attorney Olgarina Estevez advised the court that "[t]he People can not prosecute the defendant for the weapons charges as defendant is licensed to possess the firearms in question."

TWENTY-SIXTH:   Since plaintiff was issued a pistol license and lawfully possessed the firearms set forth in the criminal complaint and no probable cause existed for the Charges against the plaintiff, the the court dismissed the Charges.

TWENTY-SEVENTH: As a result of the false arrest and illegal imprisonment plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, his reputation and character were injured, his earning power was impaired, substaintial sums of money were expended by plaintiff in his defense, all to the plaintiff's damage in an amount to be determined upon the trial of this action.

## FOR A SECOND CAUSE OF ACTION
### Malicious Prosecution

TWENTY-EIGHTH:   Plaintiff repeats and realleges each and every allegation contained in paragraphs "FIRST" through "TWENTY-SEVENTH" with the same force and effect as if set forth here at length.

TWENTY-NINTH: Defendants commenced a criminal proceeding against the plaintiff.

THIRTIETH:   The criminal proceeding was dismissed in plaintiff's favor.

THIRTY-ONE:   The Defendants lacked probable cause for commencing the criminal proceeding.

THIRTY-TWO:  As a result of the malicious prosecution plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, his reputation and character were injured, his earning power was impaired, large sums of money were expended by plaintiff in his defense, all to the plaintiff's damage in an amount to be determined upon the trial of this action.

WHEREFORE , Plaintiffs demand judgment against defendants in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated:   October 9, 2012
         Garden City, New York

Yours, etc.

Robert Klugman, Esq.
Attorney for Plaintiff
1305 Franklin Avenue, Suite 270
Garden City, New York 11530
(516) 222-2655

Index No.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

JACOB BURBAR

Plaintiff,

- against -

INCORPORATED VILLAGE OF GARDEN CITY
and
COUNTY OF NASSAU

Defendants.

---

**SUMMONS AND COMPLAINT**


ROBERT KLUGMAN, ESQ.
ATTORNEY FOR PLAINTIFF, JACOB BURBAR
1305 Franklin Avenue, Suite 270
Garden City, New York 11530
(516) 222-2655


Signature (Rule 130-1.1-a)

_____
Robert Klugman