SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
JACOB BURBAR

Plaintiff(s),

**AFFIRMATION**

-against-

Index No.: 12790/12

INCORPORATED VILLAGE OF GARDEN CITY,THE COUNTY OF NASSAU, POLICE OFFICERS JOHN DOE #1 AND JOHN DOE #2

Defendant(s)
-----------------------------------------------------------------X

DANIEL FLANZIG, an attorney duly admitted to practice law in the State of New York, hereby affirms the following under the penalties of perjury:

1. That I am an attorney and member of the law firm of FLANZIG and FLANZIG, attorneys of record for the Plaintiff herein, and as such am fully familiar with all of the facts and circumstances heretofore had herein, based upon a review of the file maintained by this law firm.

2. That I submit this Affirmation in support of the within Motion which seeks an Order pursuant to CPLR Rule 3025(b), 1003 and CPLR §2001 seeking leave to amend and supplement the Summons and Verified Complaint in the form annexed hereto as Plaintiff's **Exhibit "A"** together with such other and further relief as the Court deem just and proper.

## PROCEDURAL HISTORY

3. The within action was originally commenced by Plaintiff's previous counsel Robert Klugman, Esq. The action was commenced by the purchase of an index number on October 9, 2012 and service being made upon the COUNTY OF NASSAU on or about the 23rd day of October, 2012 and upon the VILLAGE OF GARDEN CITY on or about 23rd day of October, 2012. A copy of the original Summons and Complaint, affidavits of service and the Answer from the INCORPORATED VILLAGE OF GARDEN CITY are annexed hereto as

Plaintiff's **Exhibit "B"**. As of the date of this motion the COUNTY OF NASSAU has yet to interpose an Answer to the Complaint.

4. That on or before the 5th day of December, 2012 your deponent was substituted as attorney of record for the Plaintiff in lieu of his previous counsel, Robert Klugman, Esq. A copy of the executed Consent to Change Attorney is annexed hereto as Plaintiff's **Exhibit "C"**. Upon a review of the Summons and Complaint and Defendant's Answers your deponent seeks leave to amend the Summons and Complaint to add as direct Defendants Police Officer ROCCO A. MARCEDA, a name unknown to the Plaintiff and his attorney at the time of the commencement of the action together with a claim against the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE. In addition Plaintiff seeks leave to supplement the Summons and Complaint to add a Cause of Action under 42 USC 1983 and 1988, claims that are not new, just require better amplification to State plaintiff's causes of action.

## STATEMENT OF FACTS

5. The within action arises out of an arrest that occurred to Plaintiff on October 13, 2011. At that time Plaintiff was arrested and charged with multiple counts, five of them relating to Plaintiff's alleged unlawful possession of multiple firearms and 2 relating to harassment. Although Plaintiff produced a valid Nassau County pistol and carry license he was still arrested and charged with unlawful possession of firearms. As a result Plaintiff spent over 40 hour in confinement, was publically arrested and handcuffed in front of his home, before his neighbors, and has had expenses in excess of $17,000.00 in attorney's fees defending the unlawful charges. All of the charges resulted in a complete dismissal against the Plaintiff. A copy of the Certificate of Disposition is annexed hereto as Plaintiff's **Exhibit "D"**, together with a copy of the transcript of the proceedings before the Nassau County, County Court indicating that all charges were dismissed on the merits and in favor of the Plaintiff on June 14, 2012.

ANZIG AND FLANZIG, LLP

6.  Plaintiff timely served a Notice of Claim upon THE COUNTY OF NASSAU and INCORPORATED VILLAGE OF GARDEN CITY, on or about the 10th day of January, 2012. A copy of the Notice of Claim is annexed hereto as Plaintiff's **Exhibit "E"**. Said Notice of Claim gives notice of Plaintiff's claims to the COUNTY, THE INCORPORATED VILLAGE OF GARDEN CITY and THE GARDEN CITY POLICE DEPARTMENT of false arrest malicious prosecution, and violation of plaintiff's civil rights. Together with the original Summons and Complaint and the Notice of Claim Plaintiff is making no new substantive changes to the allegations against these Defendants, Plaintiff merely seeks to leave to amend the Complaint to add more specific and better plead causes of action based upon violation of his Constitutional rights to wit, 42 USC 1983 and 42 USC 1988, as well as to add as an individual Defendant the Police Officer whose name in now known to your affirmant and the NASSAU COUNTY DISTRICT ATTORNEYS OFFICE, an agent and division of the County of Nassau with regard to any prosecutorial misconduct conducted on behalf of its agents, servants and employees with regard to the initial investigation and approval of arrest.

7.  Annexed hereto as Plaintiff's **Exhibit "F"** is a copy of the felony complaint prepared by Officer ROCCO A. MARCEDA. Annexed hereto as Plaintiff's **Exhibit "G"** is a copy of the ECAB Work Up. As per the ECAB Work Up there is an email from Nassau County District Attorney A.D.A. Robert Formichelli together with ADA Lipinsky (whom prepared the ECAB) that the weapons charges were sufficient and the arrests as well as the prosecution were approved by the District Attorney's Office.

### RIGHT TO AMEND

8.  Plaintiff seeks leave against the Village of Garden City Defendants only as leave against the COUNTY Defendants is not required as at the time of this motion they have failed to interpose an Answer to the complaint.

ANZIG AND FLANZIG, LLP

9. The joinder of a new party Defendant is governed by CPLR 1003 and CPLR 305, both of which were amended in 1996. Where leave of Court is not a condition precedent to the service of a Supplemental Summons and Amended Complaint because the amendment is made within the as of right time limitation set forth in CPLR 1003, the party is then joined to the action and the proposed new defendants consent is not required. Minucci v. Franklin General Hospital, 136 A.D.2d 528, 523, N.Y.S.2d 148 (2nd Dept. 1988) Where leave accord is a condition precedent to the joinder of a proposed new defendant it has been held that the proposed new defendant need not be served with notice of the plaintiff's motion. Levykh v. Laura, 274 A.D.2d 418, 711 N.Y.S.2d 449 (2nd Dept 2000) However, in this instance action in an abundance of caution the within motion is being served upon all parties.

10. The consideration of whether a proposed new claim is time barred under an applicable statute of limitations should not be part of the calculus in determining the application for leave to amend unless the time bar defense is properly raised by one possessing it. If the person possessing the statute of limitations defense is not before the court because joinder as a proposed new party defendant is part of the relief demanded by the plaintiff on its motion to amend, the Court should not consider whether the plaintiff's new claims are exempt from statute of limitations due to the applicability of the relation backed doctrine. Horst v. Brown, 72 AD3d 434, 900 N.Y.S.2d 13 (1 Dept 2010). The standard for determining a party's right to leave of Court to amend its pleading is simply whether the amendment is palpably improper or patently insufficient as a matter of law. Koenig v Action Target, Inc., 76 A.D.3d 997, 907 N.Y.S.2d 692 (2 Dept. 2010). If it is neither, leave to amend should be freely granted unless an adverse party can demonstrate surprise or real prejudice by the amendment.

11. The only true new defendant in the Nassau County District Attorney's Office, however the County Attorney's office failed to appear in this action and is in default. As the

Second Department held in <u>Johnson v. Kings County DA's Office</u>, 308 A.D.2d 278 763 N.Y.S.2d 635 (2nd Dept 2003) a District Attorney's Office which is immune from liability under 42 USC 1983 may none the less subject the City to liability pursuant therefore for failure to train and supervise its municipal employees. If failure by the District Attorney's office to train the Assistant District Attorneys and other personnel with regard to proper procedures for determining whether persons detained by them are in fact the persons sought out by authorities makes out an adequately alleged and threshold showing that the Plaintiff's Constitutional harm was caused by its actions. Moreover, the failure by the District Attorney's Office who trained for this situation constitutes "deliberate indifference" sufficient to give rise to municipal liability. Given that the original Notice of Claim and Summons and Complaint were timely served on the County of Nassau whom is liable for the acts of its District Attorneys, ample notice of Plaintiff's constitutional claims were given to the County Defendant. Defendants cannot show any prejudice or harm given the within amendment. This especially in light that the COUNTY has failed to interpose an Answer to Plaintiff's Complaint and that leave would be freely given pursuant to CPLR 3025. The Plaintiff has verified the Amended Supplemental Complaint in support of this motion.

WHEREFORE, your deponent respectfully requests that this Honorable Court grant the within Plaintiff's within Motion and allow serve the amended Summons and Supplemental Complaint in the form annexed hereto as Plaintiff's **Exhibit "A"**, and that service of this motion together with a copy of the on the Attorneys who have appeared in this action be

ANZIG AND FLANZIG, LLP

deemed good and sufficient together with a copy of Amended Summons and Complaint and Supplemental Summons the shall be deemed good and sufficient service upon these Defendants, together with such other and further relief as this Honorable Court deems just and proper.

Dated: Mineola, New York
      January 8, 2013

_____
DANIEL FLANZIG