SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------X
JACOB BURBAR

                                Plaintiff(s),

               -against-

INCORPORATED VILLAGE OF GARDEN CITY, THE
COUNTY OF NASSAU, POLICE OFFICERS
JOHN DOE #1 AND JOHN DOE #2

                             Defendant(s)
------------------------------------------------------------------------X

<u>NOTICE OF MOTION</u>

Index No.: 12790/12

IAS Judge:

Return date:  1/30/13

S I R S:

      PLEASE TAKE NOTICE that upon the annexed Affirmation of DANIEL FLANZIG,

ESQ., sworn to the 8th day of January, 2013 together with all of the pleadings and proceedings

heretofore had herein, the undersigned will move this Court at the Courthouse located at 100

Supreme Court Drive, Mineola,  New York, on the 30th day of January, 2013, at 9:30 in the

forenoon of that day or as soon thereafter as counsel may be heard, for an Order pursuant to

CPLR Rule 3025(b), §1003 and §2001, seeking leave to amend and supplement the summons as

complaint in the form annexed hereto as Exhibit "A" together with such other and further relief

as this Honorable Court deems just and proper.

      PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR 2214(b), answering papers,

if any, must be served at least seven (7) days prior to the return date of this Motion.

Dated: Mineola, New York
       January 8, 2013

ANZIG AND FLANZIG, LLP

Yours, etc.

DANIEL FLANZIG, ESQ.
FLANZIG & FLANZIG, LLP
Attorneys for Plaintiff(s)
323 Willis Avenue, P.O. Box 669
Mineola, NY   11501-0669
516/741-8222

TO:

Cullen and Dykman, LLP
Attorneys for Defendant
Incorporated Village of Garden City
100 Quentin Roosevelt Boulevard
Garden City, New York  11530-4850

Office of County Attorney, County of Nassau
County Executive Building
One West Street
Mineola, New York 11501

Garden City Police Department
349 Stewart Avenue
Garden City, NY  11530

Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY  11501

ANZIG and FLANZIG, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X
JACOB BURBAR

                                    Plaintiff(s),                          AFFIRMATION

            -against-                                                      Index No.: 12790/12

INCORPORATED VILLAGE OF GARDEN CITY,THE
COUNTY OF NASSAU, POLICE OFFICERS
JOHN DOE #1 AND JOHN DOE #2

                                    Defendant(s)
-----------------------------------------------------------------------X

        DANIEL FLANZIG, an attorney duly admitted to practice law in the State of New York,

hereby affirms the following under the penalties of perjury:

        1.      That I am an attorney and member of the law firm of FLANZIG and FLANZIG,

attorneys of record for the Plaintiff herein, and as such am fully familiar with all of the facts and

circumstances heretofore had herein, based upon a review of the file maintained by this law firm.

        2.      That I submit this Affirmation in support of the within Motion which seeks an

Order pursuant to CPLR Rule 3025(b), 1003 and CPLR §2001 seeking leave to amend and

supplement the Summons and Verified Complaint in the form annexed hereto as Plaintiff's

**Exhibit "A"** together with such other and further relief as the Court deem just and proper.

                            **PROCEDURAL HISTORY**

        3.      The within action was originally commenced by Plaintiff's previous counsel

Robert Klugman, Esq.  The action was commenced by the purchase of an index number on

October 9, 2012 and service being made upon the COUNTY OF NASSAU on or about the 23rd

day of October, 2012 and upon the VILLAGE OF GARDEN CITY on or about 23rd day of

October, 2012.  A copy of the original Summons and Complaint, affidavits of service and the

Answer from the INCORPORATED VILLAGE OF GARDEN CITY are annexed hereto as

ANZIG AND FLANZIG, LLP

Plaintiff's **Exhibit "B"**. As of the date of this motion the COUNTY OF NASSAU has yet to interpose an Answer to the Complaint.

4.       That on or before the 5th day of December, 2012 your deponent was substituted as attorney of record for the Plaintiff in lieu of his previous counsel, Robert Klugman, Esq. A copy of the executed Consent to Change Attorney is annexed hereto as Plaintiff's **Exhibit "C"**. Upon a review of the Summons and Complaint and Defendant's Answers your deponent seeks leave to amend the Summons and Complaint to add as direct Defendants Police Officer ROCCO A. MARCEDA, a name unknown to the Plaintiff and his attorney at the time of the commencement of the action together with a claim against the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE. In addition Plaintiff seeks leave to supplement the Summons and Complaint to add a Cause of Action under 42 USC 1983 and 1988, claims that are not new, just require better amplification to State plaintiff's causes of action.

## STATEMENT OF FACTS

5.       The within action arises out of an arrest that occurred to Plaintiff on October 13, 2011. At that time Plaintiff was arrested and charged with multiple counts, five of them relating to Plaintiff's alleged unlawful possession of multiple firearms and 2 relating to harassment. Although Plaintiff produced a valid Nassau County pistol and carry license he was still arrested and charged with unlawful possession of firearms. As a result Plaintiff spent over 40 hour in confinement, was publically arrested and handcuffed in front of his home, before his neighbors, and has had expenses in excess of $17,000.00 in attorney's fees defending the unlawful charges. All of the charges resulted in a complete dismissal against the Plaintiff. A copy of the Certificate of Disposition is annexed hereto as Plaintiff's **Exhibit "D"**, together with a copy of the transcript of the proceedings before the Nassau County, County Court indicating that all charges were dismissed on the merits and in favor of the Plaintiff on June 14, 2012.

ANZIG AND FLANZIG, LLP

6.     Plaintiff timely served a Notice of Claim upon THE COUNTY OF NASSAU and INCORPORATED VILLAGE OF GARDEN CITY, on or about the 10th day of January, 2012. A copy of the Notice of Claim is annexed hereto as Plaintiff's **Exhibit "E"**.  Said Notice of Claim gives notice of Plaintiff's claims to the COUNTY, THE INCORPORATED VILLAGE OF GARDEN CITY and THE GARDEN CITY POLICE DEPARTMENT of false arrest malicious prosecution, and violation of  plaintiff's civil rights. Together with the original Summons and Complaint and the Notice of Claim Plaintiff is making no new substantive changes to the allegations against these Defendants, Plaintiff merely seeks to leave to amend the Complaint to add more specific and better plead causes of action based upon violation of his Constitutional rights to wit, 42 USC 1983 and 42 USC 1988, as well as to add as an individual Defendant the Police Officer whose name in now known to your affirmant and the NASSAU COUNTY DISTRICT ATTORNEYS OFFICE, an agent and division of the County of Nassau with regard to any prosecutorial misconduct conducted on behalf of its agents, servants and employees with regard to the initial investigation and approval of arrest.

7.     Annexed hereto as Plaintiff's **Exhibit "F"** is a copy of the felony complaint prepared by Officer ROCCO A. MARCEDA.  Annexed hereto as Plaintiff's **Exhibit "G"** is a copy of the ECAB Work Up.  As per the ECAB Work Up there is an email from Nassau County District Attorney A.D.A. Robert Formichelli together with ADA Lipinsky (whom prepared the ECAB) that the weapons charges were sufficient and the arrests as well as the prosecution were approved by the District Attorney's Office.

## RIGHT TO AMEND

8.     Plaintiff seeks leave against the Village of Garden City Defendants only as leave against the COUNTY Defendants is not required as at the time of this motion they have failed to interpose an Answer to the complaint.

ANZIG AND FLANZIG, LLP

9.     The joinder of a new party Defendant is governed by CPLR 1003 and CPLR 305, both of which were amended in 1996.  Where leave of Court is not a condition precedent to the service of a Supplemental Summons and Amended Complaint because the amendment is made within the as of right time limitation set forth in CPLR 1003, the party is then joined to the action and the proposed new defendants consent is not required.  Minucci v. Franklin General Hospital, 136 A.D.2d 528, 523, N.Y.S.2d 148 (2nd Dept. 1988)  Where leave accord is a condition precedent to the joinder of a proposed new defendant it has been held that the proposed new defendant need not be served with notice of the plaintiff's motion.  Levykh v. Laura, 274 A.D.2d 418, 711 N.Y.S.2d 449 (2nd Dept 2000) However, in this instance action in an abundance of caution the within motion is being served upon all parties.

10.     The consideration of whether a proposed new claim is time barred under an applicable statute of limitations should not be part of the calculus in determining the application for leave to amend unless the time bar defense is properly raised by one possessing it.  If the person possessing the statute of limitations defense is not before the court because joinder as a proposed new party defendant is part of the relief demanded by the plaintiff on its motion to amend, the Court should not consider whether the plaintiff's new claims are exempt from statute of limitations due to the applicability of the relation backed doctrine. Horst v. Brown, 72 AD3d 434, 900 N.Y.S.2d 13 (1 Dept 2010).  The standard for determining a party's right to leave of Court to amend its pleading is simply whether the amendment is palpably improper or patently insufficient as a matter of law. Koenig v Action Target, Inc., 76 A.D.3d 997, 907 N.Y.S.2d 692 (2 Dept. 2010). If it is neither, leave to amend should be freely granted unless an adverse party can demonstrate surprise or real prejudice by the amendment.

11.     The only true new defendant in the Nassau County District Attorney's Office, however the County Attorney's office failed to appear in this action and is in default. As the

ANZIG AND PLANZIG, LLP

Second Department held in <u>Johnson v. Kings County DA's Office</u>, 308 A.D.2d 278 763 N.Y.S.2d 635 (2nd Dept 2003) a District Attorney's Office which is immune from liability under 42 USC 1983 may none the less subject the City to liability pursuant therefore for failure to train and supervise its municipal employees.  If failure by the District Attorney's office to train the Assistant District Attorneys and other personnel with regard to proper procedures for determining whether persons detained by them are in fact the persons sought out by authorities makes out an adequately alleged and threshold showing that the Plaintiff's Constitutional harm was caused by its actions. Moreover, the failure by the District Attorney's Office who trained for this situation constitutes "deliberate indifference" sufficient to give rise to municipal liability. Given that the original Notice of Claim and Summons and Complaint were timely served on the County of Nassau whom is liable for the acts of its District Attorneys, ample notice of Plaintiff's constitutional claims were given to the County Defendant.   Defendants cannot show any prejudice or harm given the within amendment.  This especially in light that the COUNTY has failed to interpose an Answer to Plaintiff's Complaint and that leave would be freely given pursuant to CPLR 3025.  The Plaintiff has verified the Amended Supplemental Complaint in support of this motion.

        WHEREFORE, your deponent respectfully requests that this Honorable Court grant the within Plaintiff's within Motion and allow serve the amended Summons and Supplemental Complaint in the form annexed hereto as Plaintiff's **Exhibit "A"** , and that service of this motion together with a copy of the  on the Attorneys who have appeared in this action be

ANZIG and FLANZIG, LLP

deemed good and sufficient together with a copy of Amended Summons and Complaint and Supplemental Summons the shall be deemed good and sufficient service upon these Defendants, together with such other and further relief as this Honorable Court deems just and proper.

Dated: Mineola, New York
       January 8, 2013

_____
DANIEL FLANZIG

ANZIG AND FLANZIG, LLP

**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.: 12790/12

-------------------------------------------------------------------X

JACOB BURBAR,

**AMENDED
SUMMONS**

Plaintiff,

Plaintiff designates
Nassau County as the place
of trial.

- against -

The basis of venue is:
Plaintiff's residence

INCORPORATED VILLAGE OF GARDEN CITY,
GARDEN CITY POLICE DEPARTMENT, GARDEN
CITY POLICE OFFICER ROCCO A. MARCEDA and
GARDEN CITY POLICE OFFICERS JOHN DOE #1
and JOHN DOE #2, and THE COUNTY OF NASSAU,
THE NASSAU COUNTY DISTRICT ATTORNEYS
OFFICE,

Plaintiff resides at:
164 Mayfair Avenue
Hempstead, NY

Defendants.

-------------------------------------------------------------------X

**To the above named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
        January 8, 2013

DANIEL FLANZIG
FLANZIG and FLANZIG, LLP
Attorneys for Plaintiff(s)
323 Willis Avenue, P.O. Box 669
Mineola, N.Y. 11501
(516) 741-8222

TO:

Village Clerk
Incorporated Village of Garden City
351 Stewart Avenue
Garden City, New York 11530

Garden City Police Department
349 Stewart Avenue
Garden City, NY 11530

Office of County Attorney, County of Nassau
County Executive Building
One West Street
Mineola, New York 11501

Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY 11501

ANZIG AND FLANZIG, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.: 12790/12

------------------------------------------------------------------------X

JACOB BURBAR,

**SUPPLEMENTAL
AMENDED
COMPLAINT**

Plaintiff,

- against -

INCORPORATED VILLAGE OF GARDEN CITY,
GARDEN CITY POLICE DEPARTMENT, GARDEN
CITY POLICE OFFICER ROCCO A. MARCEDA and
GARDEN CITY POLICE OFFICERS JOHN DOE #1
and JOHN DOE #2, THE COUNTY OF NASSAU,
THE NASSAU COUNTY DISTRICT ATTORNEYS
OFFICE,

Defendants.

------------------------------------------------------------------------X

Plaintiff, by his attorneys Flanzig and Flanzig, LLP his attorney as and for his amended

complaint, respectfully alleges:

FIRST:        That at all times hereinafter mentioned, the Plaintiff, JACOB BURBAR,

was and is a resident of the County of Nassau, State of New York.

SECOND:    That at all times hereinafter mentioned, the Defendant, COUNTY OF

NASSAU, was and still is a municipal corporation duly organized and existing under the laws of

the State of New York.

THIRD:        That at all times hereinafter mentioned, the Defendant, VILLAGE OF

GARDEN CITY, was and still is a municipal corporation duly organized and existing under the

laws of the State of New York.

FOURTH:    That all times hereinafter mentioned the GARDEN CITY POLICE

DEPARTMENT was a municipal corporation, entity, agency or department of the

INCORPORATED VILLAGE OF GARDEN CITY, duly organized an existing under the laws

of the State of New York.

FLANZIG AND FLANZIG, LLP

FIFTH:     That at all times hereinafter mentioned, the Defendant NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE was and is a municipal corporation and/or entity, agency, and division of the COUNTY OF NASSAU, duly organized and existing under the laws of the State of New York.

SIXTH:     That all times hereinafter mentioned, the Defendants GARDEN CITY POLICE OFFICER ROCCO A. MARCEDA and GARDEN CITY POLICE OFFICERS JOHN DOE #1 and JOHN DOE #2 were employees of the INCORPORATED VILLAGE OF GARDEN CITY and THE GARDEN CITY POLICE DEPARTMENT.

SEVENTH:   That on or about January 11, 2012, and within ninety (90) days after the accrual of the claim sued upon herein, Plaintiffs served upon the COUNTY OF NASSAU and the VILLAGE OF GARDEN CITY an executed Notice of Claim.

EIGHTH:    That more than thirty (30) days have elapsed since the Notice of Claim was served and the Comptroller and Defendants, have failed, neglected, and refused to pay, settle, compromise or adjust the claim of the Plaintiffs herein.

NINTH:     That on September 12, 2012, pursuant to Defendant's demands Plaintiff appeared for the purposes of a 50-h hearing on behalf of the COUNTY OF NASSAU and the INCORPORATED VILLAGE OF GARDEN CITY.

TENTH:     Plaintiff has fully complied with all the conditions precedent for commencing this action.

ELEVENTH:  That this action was commenced within one (1) year and ninety (90) days from the date of the claim accrued by the purchase of an Index number on October 9, 2012 and service upon the Village on October 23, 2012 and the  County on October 23, 2012.  On November 19, 2012 the INCORPORATED VILLAGE OF GARDEN CITY interposed an

ANZIG AND FLANZIG, LLP

Answer to Plaintiff's Complaint.   THE COUNTY OF NASSAU   has yet to answer the complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

### FALSE ARREST, MALICIOUS PROSECUTION, UNLAWFUL IMPRISONMENT, FALSE IMPRISONMENT and ABUSE OF PROCESS.

TWELFTH:  Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

THIRTEENTH:        That on October 13, 2011 plaintiff was placed under arrest at his home by OFFICER ROCCO A. MARCEDA, OFFICER JOHN DOE #1 and #2.

FOURTEENTH:        That plaintiff was charged with various crimes including Penal law 265.03 and 265.02, and was arrested, handcuffed, jailed, and prosecuted for these alleged violations.

FIFTEENTH:        That all charges that were bought against plaintiff were dismissed, on the merits and in favor of the plaintiff and the DISTRICT ATTORNEY refused to prosecute and admitted that at the time of his arrest plaintiff was lawfully licensed to possess the firearms in question and as such they could not proceed with the prosecution.

SIXTEENTH:  That as a result of the unlawful arrest and prosecution plaintiff was unlawfully detained, jailed, defamed, suffered substantial legal fees and was subject to public humiliation and his reputation in the community was damaged.

SEVENTEENTH:        The nature of Plaintiff's claims are to recover monetary damages from all Defendants, including, but not limited to punitive damages against POLICE OFFICERS, ROCCO A. MARCEDA, JOHN DOE 1 & 2, individually, for violation of constitutional rights, pursuant to 42 USC§ 1983, 1988 for false arrest, physical abuse, excessive force, deprivation of

ANZIG AND FLANZIG, LLP

liberty pursuant to the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and/or Article I, §§ 5, 6, 8, 9,12 of the New York Constitution, and the negligence, carelessness, recklessness, maliciousness, and the deliberate indifference of the COUNTY OF NASSAU, INCORPORATED VILLAGE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT, and the NASSAU COUNTY DISTRICT ATTORNEYS OFFICE as well as its agents, servants and/or employees, including but not limited to its police officers, prosecutors and District Attorney, including its Police Officers, ROCCO A. MARCEDA, Police Officers JOHN DOE 1 & 2, for false arrest, false imprisonment, abuse of process, defamation of character and mental anguish/psychological and punitive damages.

EIGHTEENTH: The aforesaid Defendants, at all relevant times were acting under the color of state law in holding, arresting and prosecuting Plaintiff JACOB BURBAR, against his will, with knowledge and/or reason to know that JACOB BURBAR did not commit a crime and with express purpose of denying his Constitutional rights by placing him under arrest, commencing a criminal prosecution and unlawfully confining Plaintiff and placing Plaintiff in jail.

NINETEENTH: That at all times hereinafter mentioned, the Defendants, POLICE OFFICERS, ROCCO A. MARCEDA and GARDEN CITY POLICE OFFICERS JOHN DOE 1 & 2, were acting within the scope of their employment or on behalf of the COUNTY OF NASSAU, INCORPORATED VILLAGE OF GARDEN CITY, the NASSAU COUNTY POLICE DEPARTMENT, GARDEN CITY POLICE DEPARTMENT and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE.

ANZIG AND FLANZIG, LLP

Wherefore, Plaintiff claims damages in the first cause of action in an amount of money that exceeds the monetary jurisdiction of all lower Courts, damages allowed pursuant to 42 USC 1983, 1988, and punitive damages where allowed together with such other and further relief this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION

**42 USC § 1981, 1983  FOR DEPRIVATION
OF PLAINTIFF'S FOURTH, FIFTH and FOURTEENTH
AMENDMENT RIGHTS AND N.Y. STATE
CONSTITUTIONAL RIGHTS.**

TWENTIETH:   Plaintiff repeats , reiterates and realleges all of the allegations set forth above.

TWENTY-FIRST:   That at all times herein after mentioned the Defendants, were employees, agents and/or servants of the INCORPORATED VILLAGE OF GARDEN CITY AND THE GARDEN CITY POLICE DEPARTMENT, THE COUNTY OF NASSAU and THE NASSAU COUNTY DISTRICT ATTORNEYS OFFICE.

TWENTY-SECOND:  The true names and identities of Defendant, JOHN DOE #1 and JOHN DOE #2 are presently unknown to Plaintiff.  Plaintiff uses the fictitious name DOE to designate these Defendants. Plaintiff alleges that the DOE Defendants are legally responsible for the incident, injuries and damages set forth here, and that each of the DOE Defendants proximately caused the incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act

ANZIG AND FLANZIG, LLP

or omission.   Plaintiffs will seek to amend this Complaint as soon as the true names and identities of the DOE Defendants have been ascertained.

TWENTY-THIRD:      Each of the Defendants, including Officer MARCEDA, JOHN DOE #1 and JOHN DOE #2, caused, and is legally responsible for, the incident, unlawful conduct, injuries and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

TWENTY-FOURTH: That as a result of the acts and omissions of its employee's, agents and servants, including its police officers and supervisors the Defendants THE COUNTY OF NASSAU and THE INCORPORATED VILLAGE OF GARDEN CITY are liable.

TWENTY-FIFTH:      Upon information and belief, that at all times hereinafter mentioned, the Defendants employed Police officers, jailers, district attorney, assistant district attorneys and others hereinafter mentioned in this complaint.

TWENTY-SIXTH :    Upon information and belief, the defendants owned, maintained, and controlled the various courthouses, jails and their equipment, police stations, and the vans used to transport prisoners, all hereinafter mentioned in this complaint.

TWENTY-SEVENTH:      That POLICE OFFICERS ROCCO A. MARCEDA and JOHN DOE # 1 & 2, arrested Plaintiff JACOB BURBAR, with the express intent of preventing him from further expressing his First, Fourth and Fourteenth Amendment rights under the United

ANZIG AND FLANZIG, LLP

States Constitution and Article I § 6, 8, 12 rights to free speech and liberty under the New York State Constitution and with a deliberate indifference to same, and took him into custody against his will by placing Plaintiff, in handcuffs, under arrest, in the police precinct, in jail and holding him against his will and subjecting him to criminal prosecution.

TWENTY-EIGHTH:  That it was the procedure of the INCORPORATED VILLATE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT, COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE  as well as its Prosecutors and  Police Officers to take an arrestee in custody to the precinct, log in the arrestee and speak with the shift's Desk Lieutenant or other supervisors or prosecutors, the District Attorney, Assistant District Attorneys, and their agents servants and employees regarding the events surrounding the arrest and the charges made or to be made.

TWENTY-NINTH      That all times herein after mentioned, it was the procedure of POLICE OFFERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2 and THE GARDEN CITY POLICE DEPARTMENT AND COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE as well as its agents, servants and employees, that the Police Officers or supervisors propose that the arrestee should be formally charged with the alleged crime committed and has the ultimate authority to decide if an arrest should be voided and/or terminated or if charges should be formally prepared and what those charges will be.

THIRTIETH:      That POLICE OFFERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2, arrested and chose and initiated the prosecution of the  Plaintiff, JACOB BURBAR, despite the fact that they knew there was no probable cause of justification for arresting and detaining, charging him with any crime.

ANZIG AND FLANZIG, LLP

THIRTY-FIRST:    That POLICE OFFICERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2, THE GARDEN CITY POLICE DEPARTMENT AND COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE   failed to release Plaintiff, JACOB BURBAR and failed to perform a proper search to ascertain that Plaintiff was lawfully licensed to possess and or carry a firearm in the County of Nassau, that pursuant to demand, the Plaintiff lawfully produced a valid firearm license, and that at the time of the arrest the plaintiff was not in actual possession of a firearm. That all charges were ultimately dismissed, on the merits, and in favor of Plaintiff.

THIRTY-SECOND:     That POLICE OFFICERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2 and THE GARDEN CITY POLICE DEPARTMENT AND COUNTY OF NASSAU and the NASSAU COUNTY DISTRICT ATTORNEYS OFFICE acted within the scope of their employment and under the authority of color of State Law.

Wherefore, Plaintiff claims damages in an amount of money that exceeds the monetary jurisdiction of all lower Courts, damages allowed pursuant to 42 USC 1983, 1988 and punitive damages where allowed together with such other and further relief this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
### 42 USC 1981, 1983 MUNICIPAL LIABILITY

THIRTY-THIRD:  Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

THIRTY-FOURTH:  That at all times prior to and including October 13, 2011 the Defendants, INCORPORATED VILLATE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT and THE COUNTY OF NASSAU, and THE NASSAU COUNTY DISTRICT

ANZIG AND PLANZIG, LLP

ATTORNEYS OFFICE, tolerated and permitted a pattern and practice of unjustified, unreasonable, and illegal abuse of arrests of persons by police officers.

THIRTY-FIFTH:    That at all times herein mentioned their employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures, and firearm and background checks; failed to control and supervise their employees, agents and/or servants; and failed to prevent the aforesaid arrest, detention, prosecution, defamation, pain and suffering, detainment and imprisonment and permanent psychological injuries to the Plaintiff; that the employees supervisors and individuals were not reprimanded or disciplined or subject to restraint for such incidents and behavior, and such incidents were in fact cover up or made to portrayed that such unlawful conduct was justified, and that the COUNTY, VILLAGE and their agents servants and employees were permitted to engage in this practice and the these actors were otherwise reckless, and acted with a deliberate indifference towards the rights of the plaintiff.

THIRTY-SIXTH:    That at all times hereinafter mentioned the above named police officers, District Attorneys and others were acting in the scope and within furtherance of their duties with the municipal Defendants.

THIRTY-SEVENTH:  That as a result of the above referenced negligence; Plaintiff was caused to sustain pain and suffering, defamation, arrest, detainment, attorney's fees and permanent psychological injuries.

Wherefore, Plaintiff demands judgment in the third cause of action against these defendants and was damaged in a sum of money in excess of the jurisdictional limits of all lower Courts, together with whatever damages allowed by law and under 42 USC 1988.

ANZIG AND FLANZIG, LLP

## AS AND FOR A FOURTH CAUSE OF ACTION

### AGAINST POLICE OFFICERS , ROCCO A. MARCEDA, JOHN DOE 1 & 2 INDIVIDUALLY, FOR DEPRIVATION OF PLAINTIFF'S LIBERTY

THIRTY-EIGHTH:  Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

THIRTY-NINTH:    Although the Defendants, POLICE OFFICERS ROCCO A. MARCEDA and JOHN DOE # 1 and 2 know or should have known that returning to the plaintiffs home on October 11, 2011 and knowing that they had no probable cause to place plaintiff under arrest for the charges,  knew their conduct of detaining, prosecuting  and arresting Plaintiff JACOB BURBAR when they knew they had no cause or right, in violation of Plaintiff's constitutional rights, the Defendants, detained the Plaintiff JACOB BURBAR, causing Plaintiff to be imprisoned, prosecuted, jailed, and suffer loss of liberty and incurred extensive legal fees, even though they knew or had reason to know that they were making an unlawful arrest.

FORTIETH:   That as a result of the above, the Plaintiff demands judgment against the Defendants in the fourth cause of action and was damaged in a sum of money in excess of the jurisdictional limits of all lower Courts, together with punitive damages,   together with all damages allowed by law.

## AS AND FOR A FIFTH CAUSE OF ACTION
### FOR NEGLIGENCE

FORTY-FIRST:     Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

FORTY-SECOND:     That on October 13, 2011, at approximately 4:37 p.m. and the hours thereafter, the aforesaid Defendants, without cause or provocation, carelessly, negligently

and recklessly and maliciously, detained, arrested and imprisoned the Plaintiff, JACOB BURBAR, despite knowing that there were no cause or grounds therefore, in fact, still effectuated an arrest and prosecution and acted with a deliberate indifference to Plaintiff's Constitutional and State rights.

FORTY-THIRD:   Defendants POLICE OFFICERS ROCCO A. MARCEDA, JOHN DOE #1 and 2 thereafter returned to Plaintiff's home for a second time knowing that they lacked probable cause, that plaintiff no longer physically posed a firearm but returned to affect an arrest with knowledge that Plaintiff JACOB BURBAR did not commit a crime and that the arrest and force used to effectuate the arrest was excessive, unnecessary and without cause or grounds therefore.

FORTY-FOURTH:   Defendants GARDEN CITY POLICE DEPARTMENT POLICE OFFICER, ROCCO A. MARCEDA and JOHN DOE #1 & 2   returned to Plaintiff's home a and did place plaintiff under arrest with knowledge that Plaintiff JACOB BURBAR did not commit a crime and that the arrest and force used to effectuate the arrest was excessive, unnecessary and without cause or grounds therefore.

FORTY-FIFTH:  That despite knowledge that Plaintiff was licensed to possess a firearm, and that at the time the arrest was made all of the plaintiff's firearms were in the possession and custody of the of the Defendants, the Defendants and each of them negligently placed Plaintiff under arrest, negligently detained Plaintiff, jailed Plaintiff, subjected Plaintiff to criminal prosecution, at all times known or failing to properly learn Plaintiff was so authorized.  As a result of the negligence of the Defendants and each and every one of them Plaintiff has been injured and damaged.

ANZIG AND FLANZIG, LLP

Wherefore, by reason of the foregoing, Plaintiff seeks damages in the Fifth Cause of Action and demands judgment against these Defendants in the amount that exceeds the monetary jurisdiction of all lower Courts together with damages and remedies allowed by law.

### AS AND FOR A SIXTH CAUSE OF ACTION

**FOR MALICIOUS AND WILFUL DISREGARD
OF PLAINTIFF'S RIGHTS AND INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS**

FORTY-SIXTH:      Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

FORTY-SEVENTH:  That on October 13, 2011, at approximately 4:37 p.m. and the hours thereafter, the aforesaid Defendants, without cause or provocation, carelessly, negligently and recklessly and maliciously, detained, arrested and imprisoned the Plaintiff, JACOB BURBAR, despite knowing that there were no cause or grounds therefore, in fact, still effectuated an arrest and prosecution and acted with a deliberate indifference to Plaintiff's Constitutional and State rights.

FORTY-EIGHTH:     That Plaintiff JACOB BURBAR did not move or attempt to use any force in response, did not resist the force being used upon him, nor did he have an opportunity to, as POLICE OFFICERS ROCCO A. MARCEDA, JOHN DOE #1 and 2 used excessive force in effectuating an unauthorized arrest without probable cause or reasonable grounds therefore to believe that Plaintiff JACOB BURBAR committed a crime.

FORTY-NINTH:   That despite knowledge that Plaintiff was licensed to possess a firearm, the Defendants and each of the placed Plaintiff under arrest, and did so publically in front of plaintiff's home, and in front of plaintiff's neighbors detaining Plaintiff, jailed Plaintiff, subjected Plaintiff to criminal prosecution, jail, court appearance and legal fees when at all times

the defendants know or should have known Plaintiff was so authorized to poses a fireman.  As a result of the willful and malicious acts of the Defendants and each and every one of them Plaintiff has been injured and damaged.

FIFTIETH:  Wherefore, by reason of the foregoing, Plaintiff seeks damages and demands judgment against these Defendants in the amount that exceeds the monetary jurisdiction of all lower Courts, and for Punitive Damages, together with damages and remedies allowed by law.

WHEREFORE , Plaintiff demands judgment in each and every cause of action  pursuant to 42 United States Code, Section 1980, 1981, 1983 and for attorneys' fees under section 1988, and for his State Common Law claims, for monetary compensation, for pain and suffering, unlawful imprisonment, malicious prosecution, attorneys fees, and loss of reputation and punitive damages;  and on all Claims, in an amount of money that exceeds the monetary jurisdiction of all lower Courts and for punitive damages where allowed by law together with whatever further and other relief this Court deems just and proper, together with the costs and disbursements of this action.

Dated:      Mineola, NY
            January 8,  2013

Yours, etc:

DANIEL FLANZIG
FLANZIG and FLANZIG, LLP
323 Willis Avenue, P.O. Box 669
Mineola, NY  11501
(516) 741-8222

# VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK

COUNTY OF NASSAU

ss:

      JACOB BURBAR, being duly sworn, says:

      I am a Plaintiff in the action herein:   I have read the annexed **AMENDED SUPPLEMENTAL COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

                                              _____
                                              JACOB BURBAR

Sworn to before me this
8 day of JAN , 2013

Patricia di Tomasso
Notary Public

PATRICIA DITOMASSO
Notary Public, State of New York
No. 01DI6123240
Qualified in Nassau County
Commission Expires March 7, 2013

ANZIG AND FLANZIG, LLP

**EXHIBIT "B"**

```
              R E C E I P T
       Printed:10-09-2012 @ 14:48:33
              NASSAU COUNTY
           MAUREEN O'CONNELL
              COUNTY CLERK

Trans#: 359051        Oper:AF001
KLUGMAN

Ref#: IN 12--012790
Ctl#: 2502  Rec:10-09-2012 @  2:46:46p
---------------------------------
DOC    DESCRIPTION         TRANS AMT
---------------------------------
   1 BURBAR, JACOB
   2 GARDEN CITY            INCOR
INDEX # W/ SUMMONS & COMPLAINT
Dept of Education           5.00
CULTURAL EDUCATION         14.25
CULTURAL ED COUNTY           .75
County Fee                 25.00
State Fee-Index           165.00
                         --------
       Total fees:        210.00

*** Total charges:        210.00

CHECK PM 1975             210.00
```

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------------X

JACOB BURBAR

                        Plaintiff,

      - against -

INCORPORATED VILLAGE OF GARDEN CITY,
COUNTY OF NASSAU, POLICE OFFICERS
JOHN DOE #1 AND JOHN DOE #2

                      Defendants.

------------------------------------------------------------------X

INDEX NO. *12 - 12790*

*10-9-12*

**SUMMONS**

Plaintiff designates
Nassau County as the place of
trial.

The basis of venue is:
Plaintiff's residence
Plaintiff resides at:
164 Mayfair Avenue
West Hempstead, New
York

**To the above named Defendant(s):**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       October 9, 2011

ROBERT KLUGMAN, ESQ.
Attorneys for Plaintiff(s)
1305 Franklin Avenue, Suite 270
Garden City, N.Y. 11539
(516) 222-2655

TO:

    Village Clerk
    Incorporated Village of Garden City
    351 Stewart Avenue
    Garden City, New York 11530

    Office of County Attorney
    County of Nassau
    County Executive Building
    One West Street
    Mineola, New York 11501

RECEIVED
OCT 09 2012
NASSAU COUNTY
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------X

JACOB BURBAR

                        Plaintiff,                                   **COMPLAINT**

        - against -                                          RECEIVED

INCORPORATED VILLAGE OF GARDEN CITY,                        OCT 0 9 2012
COUNTY OF NASSAU, POLICE
OFFICERS JOHN DOE #1 AND JOHN DOE #2                        NASSAU COUNTY
                                                           COUNTY CLERK'S OFFICE
                        Defendants.
------------------------------------------------------------------------X

        Plaintiff, by  Robert Klugman, Esq., his attorney for his complaint, respectfully alleges:

                        **STATEMENT OF FACTS**

        FIRST:      Plaintiff is a resident of Nassau County, New York.

        SECOND: At all times hereinafter mentioned, the defendant, Incorporated Village of

Garden City, herein was and still is a domestic municipal corporation, duly organized and

existing under and by virtue of the laws.

        THIRD:      At all times hereinafter mentioned, the defendant, County of Nassau, herein

was and still is a domestic municipal corporation, duly organized and existing under and by

virtue of the laws of the State of New York.

        FOURTH:  That at all times hereinafter mentioned the INCORPORATED VILLAGE OF

GARDEN CITY and COUNTY OF NASSAU employed police officers whose names are

currently unknown to Plaintiff and hereinafter referred to as Police Officers "JOHN DOE" #1 and

"JOHN DOE" #2.

        FIFTH:      That at all times hereinafter mentioned, Police Officer "JOHN DOE" #1 and

Police Officer "JOHN DOE" #2 were working within the scope of their employment and under the

code of authority afforded to them as agents and employees of the INCORPORATED VILLAGE OF GARDEN CITY and COUNTY OF NASSAU.

SIXTH:     The true names and identities of Defendant, JOHN DOE #1 and JOHN DOE #2 are presently unknown to Plaintiff. Plaintiff uses the fictitious name DOE to designate these Defendants. Plaintiff alleges that the DOE Defendants are legally responsible for the incident, injuries and damages set forth here, and that each of the DOE Defendants proximately caused the incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission. Plaintiffs will seek to amend this Complaint as soon as the true names and identities of the DOE Defendants have been ascertained.

SEVENTH:     Each of the Defendants, including JOHN DOE #1 and JOHN DOE #2, caused, and is legally responsible for, the incident, unlawful conduct, injuries and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

EIGHTH:   On the 11th day of January, 2012 a notice of claim together with a notice to sue was duly served upon the defendants.

NINTH:    The notice of claim and notice of intention to sue was duly served upon the defendant within 90 days after the cause of action of the plaintiff accrued.

TENTH:    More than thirty days have elapsed since the service of the notice of claim and notice of intention to sue upon the defendants.

ELEVENTH:    The plaintiff has duly submitted to an inquiry concerning the justness of his claim on the day of September 12, 2012.

TWELFTH:    The defendants have failed, neglected, and refused to pay, settle, compromise, or adjust the claim of the plaintiff herein.

THIRTEENTH:  This action has been commenced within one year and ninety days after the cause of action of plaintiff accrued.

FOURTEENTH: Plaintiff has duly complied with all of the conditions precedent to the commencement of this action.

FIFTEENTH:    Upon information and belief, that at all times hereinafter mentioned, the defendants employed the warrant officers, policemen, jailers, warden, Magistrates, court attendants, clerks, district attorney, assistant district attorneys and others hereinafter mentioned in this complaint.

SIXTEENTH:    Upon information and belief, the defendants owned, maintained, and controlled the various courthouses, jails and their equipment, police stations, and the vans used to transport prisoners, all hereinafter mentioned in this complaint.

### FOR A FIRST CAUSE OF ACTION

Unlawful Arrest, False Imprisonment

SEVENTEENTH:      Plaintiff repeats and realleges each and every allegation contained

in paragraphs "FIRST" through "SIXTEENTH" with the same force and effect as if set forth

here at length.

EIGHTEENTH: On October 13, 2011, plaintiff was involved in an incident with Michael

Laterza ("Laterza").

NINETEENTH: The police officers responding to the incident arrived at plaintiff's

residence located at 164 Mayfair Avenue, West Hempstead, New York.  The officers inquired as

to whether plaintiff had firearms in his residence.  Plaintiff advised the police officers that he

possessed a valid pistol license issued by the Nassau County Police Department and that four

handguns lawfully registered to plaintiff were safely secured in his residence.

TWENTIETH:   Plaintiff voluntarily surrerunded his valid pistol license and his four

handguns to the police officers.  Thereafter, plaintiff accompanied the police officers to the

Garden City Police Department's headquarters, where plaintiff was issued a desk appearance

ticket (the "Ticket") in connection with his incident with Laterza.  After being issued the Ticket,

plaintiff returned to his residence.

TWENTY-FIRST:      Several hours later, police officers reappeared at plaintiff's

residence and arrested him.  In addition to the previous misdeameanor charges set forth in the

Ticket, plaintiff was charged with the following felonies: violation of NY Penal Law §265.03 -

Criminal Possession of a weapon in the second degree,  and five counts of violation of NY Penal

Law §265.02 - Criminal Possession of a weapon in the third degree (the "Charges").

TWENTY-SECOND: Plaintiff was held in custody in the detention cells of the Garden City Police Department, Nassau County Police Headquarters, Nassau County Correctional Center and the District Court of Nassau County, First District.

TWENTY-THIRD: Plaintiff possessed a valid pistol license issued by the Nassau County Police Department and the firearms set forth in the criminal complaint were lawfully registered to plaintiff.

TWENTY-FOURTH: The police lacked probable cause to arrest the plaintiff on the Charges since NY Penal Law §265.20 exempts a person to whom a pistol license has been issued from the Charges.

TWENTY-FIFTH: During a court hearing on January 6, 2012, Assistant District Attorney Olgarina Estevez advised the court that "[t]he People can not prosecute the defendant for the weapons charges as defendant is licensed to possess the firearms in question."

TWENTY-SIXTH: Since plaintiff was issued a pistol license and lawfully possessed the firearms set forth in the criminal complaint and no probable cause existed for the Charges against the plaintiff, the the court dismissed the Charges.

TWENTY-SEVENTH: As a result of the false arrest and illegal imprisonment plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, his reputation and character were injured, his earning power was impaired, substaintial sums of money were expended by plaintiff in his defense, all to the plaintiff's damage in an amount to be determined upon the trial of this action.

## FOR A SECOND CAUSE OF ACTION
Malicious Prosecution

TWENTY-EIGHTH:   Plaintiff repeats and realleges each and every allegation contained in paragraphs "FIRST" through "TWENTY-SEVENTH" with the same force and effect as if set forth here at length.

TWENTY-NINTH: Defendants commenced a criminal proceeding against the plaintiff.

THIRTIETH:    The criminal proceeding was dismissed in plaintiff's favor.

THIRTY-ONE:   The Defendants lacked probable cause for commencing the criminal proceeding.

THIRTY-TWO: As a result of the malicious prosecution plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, his reputation and character were injured, his earning power was impaired, large sums of money were expended by plaintiff in his defense, all to the plaintiff's damage in an amount to be determined upon the trial of this action.

WHEREFORE , Plaintiffs demand judgment against defendants in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated:     October 9, 2012
           Garden City, New York

Yours, etc.

Robert Klugman, Esq.
Attorney for Plaintiff
1305 Franklin Avenue, Suite 270
Garden City, New York 11530
(516) 222-2655

STATE OF NEW YORK COUNTY OF NASSAU
SUPREME COURT
ATTORNEY(S) LAW OFFICE OF ROBERT KLUGMAN PH: (516)222-2655
1305 FRANKLIN AVENUE, SUITE 207 GARDEN CITY, NY 11530

Index Number: 12-12790
Date Filed: 10/9/2012
Court/Return Date:



Jacob Burbar

vs                                                                              *Plaintiff*

Incorporated Village of Garden City et al

*Defendant*

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:                    **AFFIDAVIT OF SERVICE**

 Kevin Miller , being sworn says:
        Deponent is not a party herein is over the age of 18 years and resides in the State of New York.

On October 23, 2012, at 2:45 pm at One West Street c/o Nassau County Atty, Mineola, NY 11501, Deponent served the within
**Summons and Complaint**

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

On: County of Nassau, Defendant therein named.
☐ **#1 INDIVIDUAL**
   By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said
   recipient therein.
☒ **#2 ENTITY/CORPORATION/LLC/LLP**
   By delivering to and leaving with **Gertrude Mayo** said individual to be **Managing Agent** who specifically stated he/she was authorized
   to accept service on behalf of the Corporation/Government Agency/Entity.
☐ **#3 SUITABLE AGE PERSON**
   By delivering thereat a true copy of each to () a person of suitable age and discretion. Said premises is recipient's:☐ actual place of
   business / employment ☐ dwelling house (usual place of abode) within the state.

☐ **#4 AFFIXING TO DOOR**
   By affixing a true copy of each to the door of said premises which is subjects
   [ ] actual place of business / employment  [ ] dwelling house (usual place of abode) within the state. Deponent was unable with due
   diligence to find subject or person of suitable age and discretion thereat having called thereat on

   **Address confirmation:**
☐ **#5 MAILING**
   On  , service was completed by mailing a true copy of above document(s) to the above address in a 1st Class postpaid properly
   addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the
   United States Post Office in the State of New York.

☒ **#6 DESCRIPTION**
   **Sex:** Female    **Color of skin:** White    **Color of hair:** White    **Age:** Over 65 Yrs.
   **Height:** 5' 0" - 5' 3"    **Weight:** 131 - 160 Lbs.  **Other Features:**
☐ **#7 WITNESS FEES**
   The authorized witness fee and / or traveling expenses were paid (tendered) to the recipient in the amount of $
☐ **#8 MILITARY SERVICE**
   Deponent asked person spoken to whether the person to be served is currently active in the military service of the United States or of
   the State of New York, and was informed that said person is not.
☐ **#9 OTHER**

Sworn to before me on October 24, 2012

Patricia Rothfritz
NOTARY PUBLIC STATE OF New York
01R06055503, Qualified in Nassau County
Commission Expires February 26, 2015

RECEIVED

OCT 26 2012

NASSAU COUNTY
COUNTY CLERK'S OFFICE

Process Server, Please Sign
Kevin Miller

Job #: 1213078
Client's File No.:

STATE OF NEW YORK COUNTY OF NASSAU
SUPREME COURT
ATTORNEY(S) LAW OFFICE OF ROBERT KLUGMAN PH: (516)222-2655
1305 FRANKLIN AVENUE, SUITE 207 GARDEN CITY, NY 11530

Index Number: 12-12790
Date Filed: 10/9/2012
Court/Return Date:

Jacob Burbar

*Plaintiff*

vs

Incorporated Village of Garden City et al

*Defendant*

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

# AFFIDAVIT OF SERVICE

Kevin Miller , being sworn says:
Deponent is not a party herein is over the age of 18 years and resides in the State of New York.

On October 23, 2012, at 3:00 pm at 351 Stewart Ave., Garden City, NY 11530, Deponent served the within **Summons and Complaint**

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

On: Incorporated Village of Garden City, Defendant therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 ENTITY/CORPORATION/LLC/LLP**
By delivering to and leaving with **Brian Ridgway** said individual to be **Village Clerk** who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐ **#3 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to () a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment [] dwelling house (usual place of abode) within the state.

☐ **#4 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is subjects
[ ] actual place of business / employment [ ] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find subject or person of suitable age and discretion thereat having called thereat on

**Address confirmation:**

☐ **#5 MAILING**
On , service was completed by mailing a true copy of above document(s) to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

☒ **#6 DESCRIPTION**
Sex: Male    Color of skin: White    Color of hair: Brown    Age: 36 - 50 Yrs.
Height: Over 6'   Weight: Over 200 Lbs. Other Features:

☐ **#7 WITNESS FEES**
The authorized witness fee and / or traveling expenses were paid (tendered) to the recipient in the amount of $

☐ **#8 MILITARY SERVICE**
Deponent asked person spoken to whether the person to be served is currently active in the military service of the United States or of the State of New York, and was informed that said person is not.

☐ **#9 OTHER**

Sworn to before me on October 24, 2012

Patricia Rothfritz
NOTARY PUBLIC STATE OF New York
01R06055503, Qualified in Nassau County
Commission Expires February 26, 2015

RECEIVED
OCT 26 2012
NASSAU COUNTY
COUNTY CLERK'S OFFICE

Process Server, Please Sign
Kevin Miller

Job #: 1213077
Client's File No.:

*INTERCOUNTY JUDICIAL SERVICES, 85 WILLIS AVENUE, SUITE F, MINEOLA, NY 11501, PH. 516-248-8270, FAX 516-294-6225*