SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------x
JACOB BURBAR,

                                  Plaintiff,

        - against -

INCORPORATED VILLAGE OF GARDEN CITY,
COUNTY OF NASSAU, POLICE OFFICERS
JOHN DOE #1 AND JOHN DOE #2,

                                 Defendants.
------------------------------------------------------------------x

**ANSWER**

Index No. 12790/2012

Defendant Incorporated Village of Garden City (the "Village" or "Defendant"), by its attorneys Cullen and Dykman LLP, answers the complaint (the "Complaint") in this action as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the allegations of paragraph "FIRST" of the Complaint.

    2.    Admits that the Village is a municipal corporation and except as so admitted, to the extent the allegations contained in paragraph "SECOND" call for a legal conclusion, no response is required and denies the remaining allegations contained in paragraph "SECOND" of the Complaint.

    3.    To the extent the allegations contained in paragraph "THIRD" of the Complaint call for a legal conclusion, no response is required, and, otherwise, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "THIRD" of the Complaint.

    4.    Admits that the Village employs police officers and, except as so admitted, denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "FOURTH" of the Complaint.

5.      To the extent that the allegations contained in paragraph "FIFTH" call for a legal conclusion, no response is required, otherwise, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "FIFTH" of the Complaint.

6.      Denies the allegation contained in paragraph "SIXTH" of the Complaint.

7.      Denies the allegation contained in paragraph "SEVENTH" of the Complaint.

8.      Admits that on or about January 11, 2012, a notice of claim pursuant to N.Y. Gen. Municipal Law §50 was served upon the Village and, except as so admitted, denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "EIGHTH" of the Complaint.

9.      To the extent the allegations contained in paragraph "NINTH" call for a legal conclusion, no response is required, otherwise, denies the allegation contained in paragraph "NINTH" of the Complaint.

10.     Admits that more than thirty days have passed since January, 2012 and, except as so admitted, denies the allegations contained in paragraph "TENTH" of the Complaint.

11.     Admits that a hearing pursuant to N.Y. Gen. Municipal Law §50 took place on September 12, 2012, and except as so admitted, denies the allegation contained in paragraph "ELEVENTH" of the Complaint.

12.     Denies the allegation contained in paragraph "TWELFTH" of the Complaint.

13.     Denies the allegation contained in paragraph "THIRTEENTH" of the Complaint.

14.     Denies the allegation contained in paragraph "FOURTEENTH" of the Complaint.

15.     Admits that the Village employs police officers and, except as so admitted, denies the allegations contained in paragraph "FIFTEENTH" as they pertain to the Village, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "FIFTEENTH" of the Complaint.

16.     Denies the allegations contained in paragraph "SIXTEENTH" of the Complaint.

**ANSWERING THE FIRST CAUSE OF ACTION**

17.     In response to the allegations contained in Paragraph "SEVENTEENTH" of the Complaint, Defendant repeats and realleges its responses to Paragraphs "FIRST" through "SIXTEENTH" as is fully set forth herein.

18.     Admits that on October 13, 2011, plaintiff was involved in a road rage incident whereby Mr. Laterza alleged that Plaintiff waived a gun at him and, except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "EIGHTEENTH" of the Complaint.

19.     Admits that police officers employed by the Village and by defendant Nassau County arrived at 164 Mayfair Avenue, West Hempstead, New York on October 13, 2011, that officers inquired as to whether plaintiff had firearms on his person or in his residence and, except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "NINETEENTH" of the Complaint.

20.     Admits that plaintiff voluntarily went to the Garden City Police Department and was issued a desk appearance ticket on October 13, 2011 in connection with the road rage incident with Michael Laterza, and except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "TWENTIETH" of the Complaint.

21.     To the extent the allegations contained in paragraph "TWENTY-FIRST" call for a legal conclusion, no response is required, and otherwise denies the allegations contained in paragraph "TWENTY-FIRST" of the Complaint.

22.     To the extent the allegations contained in paragraph "TWENTY-SECOND" call for a legal conclusion, no response is required, and otherwise denies knowledge or information

sufficient to form a belief as to the remainder of the allegations contained in paragraph "TWENTY-SECOND" of the Complaint.

23.     To the extent the allegations contained in paragraph "TWENTY-THIRD" call for a legal conclusion, no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "TWENTY-THIRD" of the Complaint.

24.     To the extent the allegations contained in paragraph "TWENTY-FOURTH" call for a legal conclusion, no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "TWENTY-FOURTH" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "TWENTY-FIFTH" of the Complaint.

26.     To the extent the allegations contained in paragraph "TWENTY-SIXTH" call for a legal conclusion, no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "TWENTY-SIXTH" of the Complaint.

27.     Denies the allegations contained in paragraph "TWENTY-SEVENTH" of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

28.     In response to the allegations contained in Paragraph "TWENTY-EIGHTH" of the Complaint, Defendant repeats and realleges its responses to Paragraphs "FIRST" through "TWENTY-SEVENTH" as is fully set forth herein.

29.     Denies the allegations contained in paragraph "TWENTY-NINTH" of the Complaint as they pertain to the Village and, except as so denied, denies knowledge or

4

information sufficient to form a belief as to the remainder of the allegations contained in paragraph "29" of the Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "THIRTIETH" of the Complaint.

31.    Denies the allegations contained in paragraph "THIRTY-ONE" of the Complaint.

32.    Denies the allegations contained in paragraph "THIRTY-TWO" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33.    The Complaint fails to state a cause of action against the Village.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34.    The Complaint is barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35.    All damages sustained by Plaintiff were caused by the actions of Plaintiff and resulted from Plaintiff's own negligence.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36.    The Village has a complete defense based upon documentary evidence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37.    While denying all allegations in the Complaint regarding liability, the injury and damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any injuries and/or damages, any such damages were not proximately related to any act or omission of the Village.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38.    While denying all allegations in the Complaint regarding liability, the injury and damages allegedly sustained by Plaintiff to the extent Plaintiff may be able to prove any injuries and/or damages, said damages were proximately caused by intervening and/or superseding acts,

and/or fault of Plaintiff and/or third parties over whom the Village had no control or right of control and for whose actions the Village is not liable.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

39.  Plaintiff has not suffered any damages for which relief may be had.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

40.  Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41.  All actions of the Village and its Police Officers were reasonable and justified.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

42.  Plaintiff's claims are barred by the doctrine of probable cause.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

43.  Defendant Village is not subject to liability on the basis of respondent superior.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

44.  Garden City Police Officers did not violate any rights of plaintiff of which a reasonable person would have known and thus, are entitled to qualified immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

45.  Plaintiff's detention was objectively reasonable.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

46.  Plaintiff's claims are barred in whole or in part by the doctrine of qualified immunity.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

47.  Plaintiff is not entitled to a jury trial on all or some of the claims herein.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

48.  All actions of the Village were at the direction of the Nassau County Defendants.

WHEREFORE, Defendants Village of Garden City respectfully requests that judgment be rendered against Plaintiff dismissing this action in its entirety and awarding costs, disbursements, and such other and further relief as the Court deems appropriate.

Dated: Garden City, New York
      November 19, 2012

                                    CULLEN AND DYKMAN LLP

                        By: _____
                               Cynthia A. Augello, Esq.
                               Attorneys for Defendant Incorporated
                               Village of Garden City
                               100 Quentin Roosevelt Boulevard
                               Garden City, New York 11530
                               (516) 357-3700

TO:    Robert Klugman, Esq.
       Attorney for Plaintiff
       1305 Franklin Avenue, Suite 270
       Garden City, New York  11530

7

# EXHIBIT "C"

```
--------------------------------------------------------------------X
```
In the Matter of the Claim of
JACOB BURBAR,

                            Claimant(s),

        -against-                               CONSENT TO CHANGE
                                                  ATTORNEY

INCORPORATED VILLAGE OF GARDEN
CITY and COUNTY OF NASSAU,

                        Respondent(s).
```
--------------------------------------------------------------------X
```

       IT IS HEREBY CONSENTED THAT, FLANZIG and FLANZIG, LLP of 323 Willis

Avenue, Mineola, N.Y. 11501-0151 be substituted as attorney(s) of record for the undersigned

party(ies) in the above-entitled action in place and stead of the undersigned attorney(s) as of the

date hereof.

Dated: Mineola, New York
       December 5, 2012

                                    X  _____
                                          JACOB BURBAR

                                    FLANZIG and FLANZIG, LLP
                                    Incoming Attorneys

                                    ROBERT KLUGMAN, ESQ.
                                    Outgoing Attorney

STATE OF NEW YORK )
                     ) ss:
COUNTY OF NASSAU   )

       On the _____day of _____ 2012, before me personally
came   JACOB BURBAR to me known and known to me to be the same person described in and
who executed the foregoing consent and acknowledged to me that (s)he executed the same.

                                _____
                                     Notary Public

# EXHIBIT "D"

CERTIFICATE OF DISPOSTION
DISTRICT COURT OF NASSAU COUNTY - HEMPSTEAD
===============================================================================
THE PEOPLE OF THE STATE OF NEW YORK          DOCKET NUMBER:        2011NA023087
                    VS.                      DATE OF BIRTH:        08/12/1963

BURBAR,JACOB
164 MAYFAIR AVENUE                           DATE OF ARREST/ISSUE:  10/13/2011
WEST HEMPSTEAD NY 11552

ARRAIGNMENT CHARGES:
PL 265.03 03 CF          CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF          CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF          CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF          CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF          CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 265.02 5A DF          CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 120.14 01 AM          MENACING
PL 120.20 00 AM          RECKLESS ENDANGERMENT
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON

DATE OF DISPOSITION: 06/14/2012   JUDGE: GIANELLI,S   PART: C6


DISPOSITIONS:
PL 265.03 03 CF          DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF          DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF          DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF          DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF          DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 265.02 5A DF          DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 120.14 01 AM          MENACING
                         DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 120.20 00 AM          RECKLESS ENDANGERMENT
                         DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
                         DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
                         DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
                         DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
                         DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
                         DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM          CRIMINAL POSSESSION OF A WEAPON
                         DISMISSED AND SEALED UNDER CPL SECTION 160.50


I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

MICHAEL BEGANSKAS                 06/18/2012        FEE: 5.00
CLERK OF THE COURT                DATE              NUMBER: 213136

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL.)

DISTRICT COURT OF NASSAU COUNTY

FIRST DISTRICT:  PART ARRAIGNMENT A

------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK


                    - against -       Docket No.  2011NA023087

JACOB BURBER,

                              Defendant.

------------------------------------------X

                              99 Main Street
                              Hempstead, New York 11550
                              October 14, 2011


B E F O R E :

          HONORABLE ERIC BJORNEBY, Judge


A P P E A R A N C E S :

FOR THE PEOPLE:

          HONORABLE KATHLEEN M. RICE, ESQ.
          NASSAU COUNTY DISTRICT ATTORNEY
                    262 Old Country Road
                    Mineola, New York 11501
               BY:  ELIZABETH SCHLISSEL, ESQ.
                    Assistant District Attorney

FOR THE DEFENDANT:

          LEGAL AID SOCIETY OF NASSAU COUNTY
                    One Helen Keller Way
                    Hempstead, New York 11550
               BY:  YOLANDA GUERRA, ESQ.


                         MICHELE ROSSI, R.P.R.
                         Official Court Reporter

1          THE CLERK:   Jacob Burber, number 21 on the

2     new page.

3          MS. GUERRA:   Waive a public reading of the

4     felony complaint and request that the case be adjourned

5     for conference.  At this time, I'm serving written

6     notice on the district attorney's office of my client's

7     intent to testify before the Grand Jury pursuant to CPL

8     190.50.

9          As to the issue of custody, my client is 48

10    years old.  He's lived in Nassau County for 44 years

11    here in West Hempstead.  He currently lives with his

12    wife and two children, ages 8 and 11.  He owns the home

13    that he lives in.  He also owns two restaurants in

14    Garden City.  The first one for five years, the second

15    one 2 years.  Prior to that, he was a chef in Nassau

16    County for 25 years.  He's completed up to twelfth

17    grade.

18         In viewing his NYSID, we do acknowledge some

19    prior contact.  There is one bench warrant.  It does

20    show that he vacated it in 1985.  However, after that,

21    there's no bench warrant activity.  My client has

22    recently made all his Court dates in a previous case.

23    As to the allegation, he does deny them in their

24    entirety.  Judge, I ask that you consider ROR'ing him.

25    If you're not inclined to do so, then I ask that you

1   consider $500 bail.

2           THE COURT:   People?

3           MS. AZAR:   People are serving 710.30, 250.20

4   and 240.30 notices.   In this case, the defendant and

5   victim became involved in a road rage incident where

6   the defendant forced the victim to veer his car across

7   the double lines into oncoming traffic.   The defendant

8   then pulled out a semi-automatic weapon and pointed it

9   at the victim.

10           The victim was able to call 911 where the

11   police eventually met up with the defendant at his

12   home.   There were guns recovered from the defendant's

13   home.   They were unregistered.   In looking to the

14   defendant's NYSID, there are prior contacts with the

15   criminal justice system.

16           Based on the seriousness of the allegations

17   here, he is facing a C felony and based on those prior

18   contacts, the People would request $20,000 bail, as

19   well as a stay away order of protection for the victim

20   in this case.

21           THE CLERK:   Stay away from the home, school,

22   business, place of employment of Michael Laterza.

23   Refrain from communication, contact, telephone, e-mail,

24   voicemail or any other electronic means.   Refrain from

25   assault, stalking, harassment, menacing, reckless

1    endangerment.  Sir, also, if you have any firearms, you

2    have to surrender them to your local precinct upon your

3    release.  This order is in effect until the final

4    disposition of this case.

5              Judge, let the record reflect that the

6    defendant has signed and is served a copy, we'll place

7    a copy in the file for defense counsel, copies

8    distributed to police department.

9              THE COURT:  Based on all the factors set

10   forth by counsel for the defendant, as well as for the

11   People, I think appropriate bail in this case is

12   $2,500.

13             THE CLERK:  Cash or bond?

14             THE COURT:  Cash or bond.

15             THE CLERK:  This case is going to part 9L on

16   10/10 for the defendant to retain his own attorney.

17   Bail is $2,500 cash or bond.

18             **            **            **

19             The forgoing is hereby certified to be a true

20   and accurate transcript of the proceedings as

21   transcribed from the stenographic notes.

22

23

24             MICHELE ROSSI, R.P.R.
                Official Court Reporter

25

# EXHIBIT "E"

--------------------------------------------------X

In the matter of the Claim of

JACOB BURBAR

                Claimant,

      - against -

INCORPORATED VILLAGE OF GARDEN CITY
and COUNTY OF NASSAU

              Respondents.

---------------------------------------------

**NOTICE OF CLAIM**

COPY RECEIVED THIS
DAY OF January 10
COUNTY ATTORNEY, NASSAU COUNTY
BY

2012 JAN 11 PM 1 16 NASSAU CO. ATTORNEY

To:    Village Clerk
        Incorporated Village of Garden City
        351 Stewart Avenue
        Garden City, New York 11530

        Office of County Attorney
        County Executive Building
        One West Street
        Mineola, New York 11501

    PLEASE TAKE NOTICE that the claimant, Jacob Burbar, hereby makes claim and demand against the Village of Garden City, New York and the County of Nassau, New York as follows:

    *That the claimant was falsely arrested and maliciously prosecuted.*

1.    The name and post office address of the claimant and of the claimant's attorney is:

    Claimant: Jacob Burbar, 164 Mayfair Avenue, West Hempstead, New York 11552.

    Attorney: Robert Klugman, Esq., 1305 Franklin Avenue, Suite 270, Garden City, New York 11530.

2.    The nature of the claim: Claimant was falsely arrested and illegally imprisoned for one day; maliciously prosecuted and forced to be present in court even though the Incorporated Village of Garden City, New York and the County of Nassau, New York knew that there was no

3.      The time when, the place where and the manner in which the claim arose:  On October 13, 2011, Claimant was involved in an incident with Michael Laterza causing Claimant to be charged with Menacing in the second degree.  Claimant lawfully possessed a pistol license and lawfully owned four handguns.  Claimant surrendered his handguns and pistol license to the arresting police officers.   Several hours after being charged with Menacing in the second degree the Garden City Police returned to Claimant's residence and arrested him with additional charges of Criminal Possession of a weapon in the second and third degree.  The complaint stated that Claimant did not have a Pistol License permitting him to possess the weapons at his residence.  This was untrue.  Claimant lawfully possessed the weapons and the police officers had more than sufficient time to determine that his pistol license was valid and that the weapons were properly registered to him.  Claimant was arrested without probable cause.  Following Claimant's second arrest, Claimant was imprisoned at the Garden City Police Department, Nassau County Police Headquarters, Nassau County Correctional Facility and the First District Court of Nassau County.  Claimant was imprisoned overnight and was released on bail the following day.  Subsequently, all charges relating to the weapons possession were dismissed.  Claimant's Case Report Number is GC-00674-11; his Arrest Number is GC-00250-11 and the Blotter Number is GC-008588-11.

4.      The items of damages or injuries claimed are: False arrest and illegal imprisonment; loss of earnings; cost of defending case; damage to claimant's reputation; the impairment of his earning power; claimant's health was impaired; claimant's civil rights were violated.

        Said claim is hereby presented for adjustment to the respondents within the time limited for compliance with this demand.  In the event of the default of such adjustment, claimants intend to commence an action against the respondents to recover this claim.  The claim is for an amount to be determined upon trial of this action.

Dated: Garden City, New York
        January 10, 2012

                                        Respectfully yours,


                                        _____
                                        Jacob Burbar


Robert Klugman, Esq.
Attorney for Claimant, Jacob Burbar
1305 Franklin Avenue, Suite 270
Garden City, New York 11530
516 222-2655

STATE OF NEW YORK          )
                                ) SS:
COUNTY OF NASSAU           )

# EXHIBIT "F"

Case Report No: GC-00674-11   Police Serial No:   Blotter/CC No.: GC-008588-11

Appearance Ticket No: 11-62901   Return Date: 10/14/2011

Arrest Number....: GC-00250-11   Court Docket No.: _____

Defendant in Custody from: 16:37 October 13, 2011   to

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

**D.O.B.:**
(1)   08/12/1963

JACOB BURBAR (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

STATE OF NEW YORK $^{SS}$
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he
is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and
that on the 13 day of October, 2011, at about 4:30PM at 164 MAYFAIR AVE W
HEMPSTEAD in the County of NASSAU, New York.

JACOB BURBAR

**OFFENSE**
POSS WEAPON 3
CLASS D
FELONY

THE DEFENDANT(S) DID VIOLATE SECTION 265.02 SUBDIVISION 1 OF THE PENAL LAW
OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID
DEFENDANT(S) DID COMMIT THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE
FOURTH DEGREE AS DEFINED IN SUBDIVISION ONE, TWO, THREE OR FIVE OF SECTION
265.01 AND HAS BEEN PREVIOUSLY CONVICTED OF ANY CRIME, TO WIT; At foresaid
date, time and place, upon investigating an incident, in which the
defendant pulled out a semi automatic handgun and pointed it at the victim,
your deponent was granted written permission by the defendant to search his
residence located at 164 Mayfair Ave, West Hempstead, New York. While
inside the defendant's residence, the defendant handed to your deponent a
lock box containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The
defendant unlocked a safe and your deponent took a loaded Ruger, which was
identified by the victim as the gun the defendant previously pointed at
him. The defendant stated to your deponent that all of the firearms were
owned by him. The defendant did not have a pistol license permitting him to
possess any of the four firearms at 164 Mayfair Avenue. The defendant was
previously convicted of Petit Larceny, a Class A misdemeanor on February
27, 1986.

The above is based on personal knowledge and information and belief, the
source for said belief being the complainant, the defendant's NYSID, and
check of the County Pistol License database.

**Prepared By**
PO MARCEDA

D'd

Subscribed and sworn to before me
this 14 day of October, 2011

_____
GERARD K KNEISEL
LIEUTENANT

_____
ROCCO A MARCEDA
POLICE OFFICER

Case Report No: GC-00674-11    Police Serial No:

Blotter/CC No.: GC-008588-11

Appearance Ticket No.: GC-00674-11    Return Date: 10/14/2011

Arrest Number....: GC-00250-11    Court Docket No.: _____

Defendant in Custody from: 16:37 October 13, 2011    to _____

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

**D.O.B.:**
(1)    08/12/1963

JACOB  BURBAR  (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

STATE OF NEW YORK^SS
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he
is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and
that on the 13 day of October, 2011, at about 4:30PM at 164 MAYFAIR AVE W
HEMPSTEAD in the County of NASSAU, New York.

JACOB  BURBAR

**OFFENSE**
POSS WEAPON 3
CLASS D
FELONY

THE DEFENDANT(S) DID VIOLATE SECTION 265.02 SUBDIVISION 1 OF THE PENAL LAW
OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID
DEFENDANT(S) DID COMMIT THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE
FOURTH DEGREE AS DEFINED IN SUBDIVISION ONE, TWO, THREE OR FIVE OF SECTION
265.01 AND HAS BEEN PREVIOUSLY CONVICTED OF ANY CRIME, TO WIT: At foresaid
date, time and place, upon investigating an incident, in which the
defendant pulled out a semi automatic handgun and pointed it at the victim,
your deponent was granted written permission by the defendant to search his
residence located at 164 Mayfair Ave, West Hempstead, New York. While
inside the defendant's residence, the defendant handed to your deponent a
lock box containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The
defendant unlocked a safe and your deponent took a loaded Ruger, which was
identified by the victim as the gun the defendant previously pointed at
him. The defendant stated to your deponent that all of the firearms were
owned by him. The defendant did not have a pistol license permitting him to
possess any of the four firearms at 164 Mayfair Avenue. The defendant was
previously convicted of Petit Larceny, a Class A misdemeanor on February
27, 1986.

The above is based on personal knowledge and information and belief, the
source for said belief being the complainant, the defendant's NYSID, and
check of the County Pistol License database.

**Prepared By**
PO MARCEDA

Subscribed and sworn to before me
this 14  day of October, 2011

_____
ROCCO A MARCEDA
POLICE OFFICER

_____
GERARD K KNEISEL
LIEUTENANT

Case Report No:GC-00674-11   Police Serial No:   Blotter/CC No.:GC-008588-11

Appearance Ticket No.:TT48-JR                    Return Date..:10/14/2011

Arrest Number....:GC-00250-11                    Court Docket No.:_____

Defendant in Custody from: 16:37 October 13, 2011        to

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB  BURBAR  (48)

**D.O.B.:**
(1)   08/12/1963

164 MAYFAIR AVE

W HEMPSTEAD, NY 11552-

STATE OF NEW YORK SS
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and that on the 13 day of October, 2011, at about 4:30PM at 164 MAYFAIR AVE W HEMPSTEAD in the County of NASSAU, New York.

JACOB  BURBAR

**OFFENSE**
POSS WEAPON 3
CLASS D
FELONY

THE DEFENDANT(S) DID VIOLATE SECTION 265.02 SUBDIVISION 5(i) OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID DEFENDANT(S) DID KNOWINGLY POSSESS THREE OR MORE FIREARMS, TO WIT; At foresaid date, time and place, upon investigating an incident, in which the defendant pulled out a semi automatic handgun and pointed it at the victim, your deponent was granted written permission by the defendant to search his residence located at 164 Mayfair Ave, West Hempstead, New York. While inside the defendant's residence, the defendant handed to your deponent a lock box containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The defendant unlocked a safe and your deponent took a loaded Ruger, which was identified by the victim as the gun the defendant previously pointed at him. The defendant stated to your deponent that all of the firearms were owned by him. The defendant did not have a pistol license permitting him to possess any of the four firearms at 164 Mayfair Avenue. The defendant was previously convicted of Petit Larceny, a Class A misdemeanor on February 27, 1986.

The above is based on personal knowledge and information and belief, the source for said belief being the complainant, the defendant's NYSID, and check of the County Pistol License database.

**Prepared By**
PO R MARCEDA

D'd

Subscribed and sworn to before me
this 14  day of October, 2011

_____          _____
GERARD K KNEISEL                     ROCCO A MARCEDA
LIEUTENANT                            POLICE OFFICER

Case Report No: GC-00674-11    Police Serial No:                    Blotter/CC No.: GC-008588-11
Appearance Ticket No.: 1113VG                                        Return Date: 10/14/2011

Arrest Number....: GC-00250-11                                       Court Docket No.:

Defendant in Custody from: 16:37 October 13, 2011    to             #23097

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB  BURBAR  (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

**D.O.B.:**
(1)    08/12/1963

STATE OF NEW YORK SS
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he
is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and
that on the 13 day of October, 2011, at about 4:11PM at 164 MAYFAIR AVE W
HEMPSTEAD in the County of NASSAU, New York.

JACOB  BURBAR

**OFFENSE**
POSS WEAPON 2
CLASS C
FELONY

THE DEFENDANT(S) DID VIOLATE SECTION 265.03 SUBDIVISION 3 OF THE PENAL LAW
OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID
DEFENDANT(S) DID POSSESS ANY LOADED FIREARM, TO WIT; At foresaid date, time
and place, upon investigating an incident, in which the defendant pulled
out a semi automatic handgun and pointed it at the victim, your deponent
was granted written permission by the defendant to search his residence
located at 164 Mayfair Ave, West Hempstead, New York. While inside the
defendant's residence, the defendant handed to your deponent a lock box
containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The defendant
unlocked a safe and your deponent took a loaded Ruger, which was identified
by the victim as the gun the defendant previously pointed at him. The
defendant stated to your deponent that all of the firearms were owned by
him. The defendant did not have a pistol license permitting him to possess
any of the four firearms at 164 Mayfair Avenue. The defendant was
previously convicted of Petit Larceny, a Class A misdemeanor on February
27, 1986.

The above is based on personal knowledge and information and belief, the
source for said belief being the complainant, the defendant's NYSID, and
check of the County Pistol License database.

**Prepared By**
PO R MARCEDA

D'd

Subscribed and sworn to before me
this 14  day of October, 2011

                                          ROCCO A MARCEDA
                                          POLICE OFFICER

GERARD K KNEISEL
LIEUTENANT

FELONY COMPLAINT

Case Report No: GC-00674-11     Police Serial No: _____     Blotter/CC No: GC-008588-11

_____     Return Date...: 10/14/2011

Arrest Number....: GC-00250-11     Court Docket No.: _____

Defendant in Custody from: 16:37 October 13, 2011     to

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB BURBAR (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

**D.O.B.:**
(1)   08/12/1963

STATE OF NEW YORK $^{SS}$
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and that on the 13 day of October, 2011, at about 4:30PM at 164 MAYFAIR AVE W HEMPSTEAD in the County of NASSAU, New York.

JACOB BURBAR

**OFFENSE**
POSS WEAPON 3
CLASS D
FELONY

THE DEFENDANT(S) DID VIOLATE SECTION 265.02 SUBDIVISION 1 OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID DEFENDANT(S) DID COMMIT THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE AS DEFINED IN SUBDIVISION ONE, TWO, THREE OR FIVE OF SECTION 265.01 AND HAS BEEN PREVIOUSLY CONVICTED OF ANY CRIME, TO WIT; At foresaid date, time and place, upon investigating an incident, in which the defendant pulled out a semi automatic handgun and pointed it at the victim, your deponent was granted written permission by the defendant to search his residence located at 164 Mayfair Ave, West Hempstead, New York. While inside the defendant's residence, the defendant handed to your deponent a lock box containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The defendant unlocked a safe and your deponent took a loaded Ruger, which was identified by the victim as the gun the defendant previously pointed at him. The defendant stated to your deponent that all of the firearms were owned by him. The defendant did not have a pistol license permitting him to possess any of the four firearms at 164 Mayfair Avenue. The defendant was previously convicted of Petit Larceny, a Class A misdemeanor on February 27, 1986.

The above is based on personal knowledge and information and belief, the source for said belief being the complainant, the defendant's NYSID, and check of the County Pistol License database.

**Prepared By**
PO MARCEDA

D'd

Subscribed and sworn to before me
this 14 day of October, 2011

_____
GERARD K KNEISEL
LIEUTENANT

ROCCO A MARCEDA
POLICE OFFICER

Case Report No.:GC-00674-11    Police Serial No.:                     Blotter/CC No.:GC-008588-11

Arrest Number....:GC-00250-11

Defendant in Custody from: 16:37 October 13, 2011        to _____    Court Docket No.:_____

Return Date...:10/14/2011

                    DISTRICT COURT OF NASSAU COUNTY
                    FIRST DISTRICT ARRAIGNMENT PART
                 THE PEOPLE OF THE STATE OF NEW YORK
                              against

            JACOB BURBAR  (48)
            164 MAYFAIR AVE
            W HEMPSTEAD, NY 11552-

**D.O.B.:**
(1)    08/12/1963

            STATE OF NEW YORK$^{SS}$
            COUNTY OF NASSAU

            PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he
            is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and
            that on the 13 day of October, 2011, at about 4:30PM at    GARDEN CITY in
            the County of NASSAU, New York.

                              JACOB   BURBAR

**OFFENSE**
POSS WEAPON 3
CLASS D
FELONY

            THE DEFENDANT(S) DID VIOLATE SECTION 265.02 SUBDIVISION 1 OF THE PENAL LAW
            OF THE STATE OF NEW YORK,IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID
            DEFENDANT(S) DID COMMIT THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE
            FOURTH DEGREE AS DEFINED IN SUBDIVISION ONE, TWO, THREE OR FIVE OF SECTION
            265.01 AND HAS BEEN PREVIOUSLY CONVICTED OF ANY CRIME, TO WIT; At foresaid
            date, time and place, upon investigating an incident, in which the
            defendant pulled out a semi automatic handgun and pointed it at the victim,
            your deponent was granted written permission by the defendant to search his
            residence located at 164 Mayfair Ave, West Hempstead, New York. While
            inside the defendant's residence, the defendant handed to your deponent a
            lock box containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The
            defendant unlocked a safe and your deponent took a loaded Ruger, which was
            identified by the victim as the gun the defendant previously pointed at
            him. The defendant stated to your deponent that all of the firearms were
            owned by him. The defendant did not have a pistol license permitting him to
            possess any of the four firearms at 164 Mayfair Avenue. The defendant was
            previously convicted of Petit Larceny, a Class A misdemeanor on February
            27, 1986.

            The above is based on personal knowledge and information and belief, the
            source for said belief being the complainant, the defendant's NYSID, and
            check of the County Pistol License database.

**Prepared By**
PO MARCEDA

                              D'd

            Subscribed and sworn to before me
            this 14  day of October, 2011

                                        ROCCO A MARCEDA
                                        POLICE OFFICER

                GERARD K KNEISEL
                LIEUTENANT

Case Report No: GC-00674-11

Police Serial No:

Appearance Ticket: _____

Return Date...: 10/14/2011

Arrest Number....: GC-00250-11

Court Docket No.: _____

Defendant in Custody from: 16:37 October 13, 2011      to _____

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB BURBAR  (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

**D.O.B.:**
(1)   08/12/1963

STATE OF NEW YORK $^{SS}$
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and that on the 13 day of October, 2011, at about 4:11PM at   ROCKAWAY AVE @ 4 ST GARDEN CITY in the County of NASSAU, New York.

JACOB BURBAR

**OFFENSE**
MENACING 2ND
CLASS A
MISDEMEANOR

THE DEFENDANT(S) DID VIOLATE SECTION 120.14 SUBDIVISION 1 OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID THE SAID DEFENDANT(S), DID INTENTIONALLY PLACE OR ATTEMPT TO PLACE ANOTHER PERSON IN REASONABLE FEAR OF PHYSICAL INJURY, SERIOUS PHYSICAL INJURY, OR DEATH BY DISPLAYING A DEADLY WEAPON, DANGEROUS INSTRUMENT OR WHAT APPEARS TO BE A PISTOL, REVOLVER, RIFLE, SHOTGUN, MACHINE GUN OR OTHER FIREARM, TO WIT; At the aforesaid time and place of occurrence, the defendant became involved in a road rage incident with the victim and subsequently the defendant did pull out a black semi automatic handgun and pointed it at victim.

Supporting Deposition of NICHAEL LATERZA annexed hereto and made a part hereof.
This complaint is based on personal knowledge and information and belief, the source being, COMPLAINANT

**Prepared By**
PO MARCEDA

Subscribed and sworn to before me
this 14  day of October, 2011

_____
ROCCO A MARCEDA
POLICE OFFICER

_____
GERARD K KNEISEL
LIEUTENANT

D.D. No.......: 3-5297-11

MISDEMEANOR COMPLAINT

Case Report No.:GC-00074-11   Police Serial No:_____   Court Dock No.: GC-008586-11

Appearance Ticket:11167

Return Date...:10/14/2011

Arrest Number....:GC-00250-11

Court Docket No.:_____

Defendant in Custody from: 16:37 October 13, 2011        to

---

DISTRICT COURT OF NASSAU COUNTY

FIRST DISTRICT ARRAIGNMENT PART

THE PEOPLE OF THE STATE OF NEW YORK

against

JACOB BURBAR (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

**D.O.B.:**
(1) 08/12/1963

STATE OF NEW YORK $^{ss}$
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he
is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and
that on the 13 day of October, 2011, at about 4:11PM at  ROCKAWAYAVE @ 4 ST
GARDEN CITY in the County of NASSAU, New York.

**JACOB BURBAR**

**OFFENSE**

RECK ENDANGER 2ND
CLASS A
MISDEMEANOR

THE DEFENDANT(S) DID VIOLATE SECTION 120.20 OF THE PENAL LAW OF THE STATE
OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE DEFENDANT(S) DID
RECKLESSLY ENGAGE IN CONDUCT WHICH CREATED A SUBSTANTIAL RISK OF SERIOUS
PHYSICAL INJURY TO ANOTHER PERSON, TO WIT; At the aforementioned time and
place the defendant was operating a 2010 Toyota SUV Land Cruiser bearing NY
Reg # EBZ-4020 s/b Rockaway Ave in Garden City. Complainant Laterza stated
that defendant Burbar did intentionally come to an abrupt stop with his SUV
almost causing the complainant to collide into the rear of the defendant's
vehicle thereby risking serious physical injury to the complainant.
Complainant further states that the defendant then continued s/b Rockaway
Ave and when the complainant attempted to pass the defendant that the
defendant did veer his SUV into the left lane and pointed a semi automatic
pistol at the complainant causing the complainants vehicle to cross over
the double yellow pavement lines into on coming traffic.

Supporting Deposition of MICHAEL LATERZA annexed hereto and made a part
hereof.

This complaint is based on personal knowledge and information and belief.

**Prepared By**
PO MARCEDA

Subscribed and sworn to before me
this 14  day of October, 2011

_____
ROCCO A MARCEDA
POLICE OFFICER

_____
GERARD K KNEISEL
LIEUTENANT

**EXHIBIT "G"**

Defendant's Name: _Jacob Burbor_          Appearance Date: _10/14_

ECAB # _8162/11_                                      _710.30_

# ECAB

# WORK-UP

# DC ECAB

| | |
|---|---|
| **From:** | Robert Formichelli |
| **Sent:** | Friday, October 14, 2011 3:30 AM |
| **To:** | DC ECAB |
| **Cc:** | Notification Group-Gun Cases |
| **Subject:** | ECAB 9162/11 (Burbar, Jacob) 10/14/11 (F) |

**Attachments:** Burbar, Jacob 9162 710.30.pdf

(*) Defendant charged with CPW 2nd for possessing a loaded firearm.
(*) Defendant used said firearm (pistol) to menace the victim during a road rage incident (Menacing 2nd also charged).
(*) Defendant also charged with four counts of CPW 3 (based on additional firearms recovered from def's home + def has prior conviction) and with reckless endangerment.

# Defendant Information

| | | |
|---|---|---|
| **Def Name / Address** | **ECAB #** | **Enter Date**  **Offense Date**  **Arraign Date**    **DOB** |

**Def Name / Address**

Burbar, Jacob

164 Mayfair Avenue

West Hempstead, NY  11552-

**ECAB #**  9162/11

**Enter Date** 10/13/2011  **Offense Date** 10/13/2011  **Arraign Date** 10/14/2011  **DOB** 8/12/1963

**Entered By:** Lipinsky      **Alias:**      **Gang Aff:**      ☐ **ICE**   ☐ **IMPACT**

**Charges:**

| Charge | Charge Description | Top Count |
|---|---|---|
| 265.03(3) | Crim Poss Weap 2nd Degree (C Fel) | ☑ |
| 265.02(5) | Crim Poss Weap 3rd Degree (D Fel) | ☐ |
| 265.02(1) | Crim Poss Weap 3rd Degree (D Fel) x4cts | ☐ |
| 120.14 | Menacing 2nd (A Mis) | ☐ |
| 120.20 | Reckless Endang 2nd (A Mis) | ☐ |

## DWI

**BAC:** 0        ☐ **Refusal**

☐ **Video**        ☐ **Crash**

☐ **Injuries**        ☐ **Warrant**

☐ **Urine**        ☐ **Blood**

☐ **Death**        ☐ **Krimstock**

**Co-Defendants**

## Drugs

☐ **FEB Ordered**   ☐ **In File**

☐ **Audio**        ☐ **Video**

**Bail Factors:**

Per SNAG, please request moderate bail.

**Follow Up:**

Speak with the cw.

☑ **TOP Request at Arraignment**

**Notifications:**

Gun Group

**Oral Statement:**  ☑ **710:30 Prepared**  ☑ **Oral**   ☐ **Written**   ☐ **Video**

I didn't pull a gun on anyone.  I had my cellphone in my hand.
I'm a restaurant owner.  I do have guns, I have a gun permit.  One is in my kitchen in a safe, the other guns are in the box locked in my bedroom.  And I also have a rifle in my bedroom.  They're mine.

**Identification:**   **ID Type:**  Showup       ☑ **710.30 Prepared**

**Case Facts / Relationship Between Parties:**

No relationship between defendant and victim:
On 10/13/11 at 16:34, the defendant became involved in a road rage incident with the victim, forcing the victim to veer his vehicle across the double yellow lines into the opposing lanes of traffic.  The defendant then pulled out a black semi automatic handgun and pointed it at the victim.  The victim followed the defendant and called 911.  The defendant drove to his residence and went inside his house.  The police arrived and the defendant came out of his house.  Police officers were granted written permission by the defendant to search his residence located at 164 Mayfair Avenue, West Hempstead, New York.  While inside the residence, the defendant handed to the police a lock box containing 3 handguns, and a safe containing the loaded gun that was pointed at the victim.  The defendant stated to the police that the firearms were owned by him.  The defendant did not have a pistol license permitting him to possess any of the four firearms at 164 Mayfair Avenue.  The defendant was previously convicted of Petit Larceny.

**Assessment / Likely Defense:**

By ADA Lipinsky:
Charges are sufficient.
Case was discussed with SNAG.  Per SNAG's request, no ECAB analysis.
Victim indicated to the police that he wants an order of protection.

**Evidence Seized / By Who and Where:**

4 handguns, 1 rifle seized from the defendant's residence

Friday, October 14, 2011          Defendant Information          Page 1 of 2

# Defendant Information

| Def Name / Address | ECAB # | Enter Date | Offense Date | Arraign Date | DOB |
|---|---|---|---|---|---|
| Burbar, Jacob | 9162/11 | 10/13/2011 | 10/13/2011 | 10/14/2011 | 8/12/1963 |

164 Mayfair Avenue

West Hempstead, NY  11552-

Case handed off from ADA Lipinsky to ADA Formichelli (who approved final paperwork).

**Other Evidence:**  ☑ 911   ☐ **Photos**   ☐ **Video**   ☐ **Meds**   **Provider:**

**Meds Ordered Date:**                    **911 Date:**

# Complainant / Witness Information

**Defendant:** **Burbar, Jacob**                    ECAB #   9162/11

**Complainant Name / Address**

Michael Laterza
22 Edward Avenue
Woodmere, NY  11598-

**Alternative
Contact:**

| Phone Numbers | Personal Information | Photo Information |
|---|---|---|
| **Home Phone:**  (516) 837-9446 | **DOB:** | **Were Photos Taken:** ☐ |
| **Work Phone:** | **SS #:** | **Date Photos Taken:** |
| **Cell Phone:** | **Interpreter Needed:** ☐ | **Photos Taken By Who:** |
| | **Language Needed:** | |

**Restitution**

**Restitution:** ☐     **Restitution Amount:**

**Complainant Injuries:**

**Grand Jury Witnesses:**

# Miscellaneous Report

**Defendant:** **Burbar, Jacob**                    **ECAB #:** **9162/11**

---

## DWI

**DWI Time of Arrest:**

☐ Routine          ☐ Non Routine

**DWI Paperwork Received:**

☑ **Police Paperwork Corrections:**

☑ **Rosario**

**Changes Requested By ECAB:**
Added felony charges.
Unattached supporting deps

**Additional Notes:**
Forward Rosario.

## Penal Law

| | |
|---|---|
| **Case Approved:** | 2:45 AM |
| **Fax Received:** | 8:23 PM |
| **Time of Arrest:** | 4:37 PM |
| **Name of P.O.:** | PO Marceda |
| **P.O. Contact With ECAB at Assessment:** | Yes |
| **Command:** | Garden City |
| **Arrest Number:** | GC-00250-11 |

☐ **Follow Up Complete**