Wherefore, Plaintiff claims damages in the first cause of action in an amount of money that exceeds the monetary jurisdiction of all lower Courts, damages allowed pursuant to 42 USC 1983, 1988, and punitive damages where allowed together with such other and further relief this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION

### 42 USC § 1981, 1983 FOR DEPRIVATION OF PLAINTIFF'S FOURTH, FIFTH and FOURTEENTH AMENDMENT RIGHTS AND N.Y. STATE CONSTITUTIONAL RIGHTS.

TWENTIETH: Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

TWENTY-FIRST: That at all times herein after mentioned the Defendants, were employees, agents and/or servants of the INCORPORATED VILLAGE OF GARDEN CITY AND THE GARDEN CITY POLICE DEPARTMENT, THE COUNTY OF NASSAU and THE NASSAU COUNTY DISTRICT ATTORNEYS OFFICE.

TWENTY-SECOND: The true names and identities of Defendant, JOHN DOE #1 and JOHN DOE #2 are presently unknown to Plaintiff. Plaintiff uses the fictitious name DOE to designate these Defendants. Plaintiff alleges that the DOE Defendants are legally responsible for the incident, injuries and damages set forth here, and that each of the DOE Defendants proximately caused the incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act

ANZIG AND FLANZIG, LLP

or omission. Plaintiffs will seek to amend this Complaint as soon as the true names and identities of the DOE Defendants have been ascertained.

TWENTY-THIRD: Each of the Defendants, including Officer MARCEDA, JOHN DOE #1 and JOHN DOE #2, caused, and is legally responsible for, the incident, unlawful conduct, injuries and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

TWENTY-FOURTH: That as a result of the acts and omissions of its employee's, agents and servants, including its police officers and supervisors the Defendants THE COUNTY OF NASSAU and THE INCORPORATED VILLAGE OF GARDEN CITY are liable.

TWENTY-FIFTH: Upon information and belief, that at all times hereinafter mentioned, the Defendants employed Police officers, jailers, district attorney, assistant district attorneys and others hereinafter mentioned in this complaint.

TWENTY-SIXTH: Upon information and belief, the defendants owned, maintained, and controlled the various courthouses, jails and their equipment, police stations, and the vans used to transport prisoners, all hereinafter mentioned in this complaint.

TWENTY-SEVENTH: That POLICE OFFICERS ROCCO A. MARCEDA and JOHN DOE # 1 & 2, arrested Plaintiff JACOB BURBAR, with the express intent of preventing him from further expressing his First, Fourth and Fourteenth Amendment rights under the United

States Constitution and Article I § 6, 8, 12 rights to free speech and liberty under the New York State Constitution and with a deliberate indifference to same, and took him into custody against his will by placing Plaintiff, in handcuffs, under arrest, in the police precinct, in jail and holding him against his will and subjecting him to criminal prosecution.

TWENTY-EIGHTH: That it was the procedure of the INCORPORATED VILLATE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT, COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE as well as its Prosecutors and Police Officers to take an arrestee in custody to the precinct, log in the arrestee and speak with the shift's Desk Lieutenant or other supervisors or prosecutors, the District Attorney, Assistant District Attorneys, and their agents servants and employees regarding the events surrounding the arrest and the charges made or to be made.

TWENTY-NINTH     That all times herein after mentioned, it was the procedure of POLICE OFFERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2 and THE GARDEN CITY POLICE DEPARTMENT AND COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE as well as its agents, servants and employees, that the Police Officers or supervisors propose that the arrestee should be formally charged with the alleged crime committed and has the ultimate authority to decide if an arrest should be voided and/or terminated or if charges should be formally prepared and what those charges will be.

THIRTIETH:     That POLICE OFFERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2, arrested and chose and initiated the prosecution of the Plaintiff, JACOB BURBAR, despite the fact that they knew there was no probable cause of justification for arresting and detaining, charging him with any crime.

ANZIG AND FLANZIG, LLP

THIRTY-FIRST: That POLICE OFFICERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2, THE GARDEN CITY POLICE DEPARTMENT AND COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE failed to release Plaintiff, JACOB BURBAR and failed to perform a proper search to ascertain that Plaintiff was lawfully licensed to possess and or carry a firearm in the County of Nassau, that pursuant to demand, the Plaintiff lawfully produced a valid firearm license, and that at the time of the arrest the plaintiff was not in actual possession of a firearm. That all charges were ultimately dismissed, on the merits, and in favor of Plaintiff.

THIRTY-SECOND: That POLICE OFFICERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2 and THE GARDEN CITY POLICE DEPARTMENT AND COUNTY OF NASSAU and the NASSAU COUNTY DISTRICT ATTORNEYS OFFICE acted within the scope of their employment and under the authority of color of State Law.

Wherefore, Plaintiff claims damages in an amount of money that exceeds the monetary jurisdiction of all lower Courts, damages allowed pursuant to 42 USC 1983, 1988 and punitive damages where allowed together with such other and further relief this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
### 42 USC 1981, 1983 MUNICIPAL LIABILITY

THIRTY-THIRD: Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

THIRTY-FOURTH: That at all times prior to and including October 13, 2011 the Defendants, INCORPORATED VILLATE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT and THE COUNTY OF NASSAU, and THE NASSAU COUNTY DISTRICT

ANZIG AND FLANZIG, LLP

ATTORNEYS OFFICE, tolerated and permitted a pattern and practice of unjustified, unreasonable, and illegal abuse of arrests of persons by police officers.

THIRTY-FIFTH:     That at all times herein mentioned their employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures, and firearm and background checks; failed to control and supervise their employees, agents and/or servants; and failed to prevent the aforesaid arrest, detention, prosecution, defamation, pain and suffering, detainment and imprisonment and permanent psychological injuries to the Plaintiff; that the employees supervisors and individuals were not reprimanded or disciplined or subject to restraint for such incidents and behavior, and such incidents were in fact cover up or made to portrayed that such unlawful conduct was justified, and that the COUNTY, VILLAGE and their agents servants and employees were permitted to engage in this practice and the these actors were otherwise reckless, and acted with a deliberate indifference towards the rights of the plaintiff.

THIRTY-SIXTH:     That at all times hereinafter mentioned the above named police officers, District Attorneys and others were acting in the scope and within furtherance of their duties with the municipal Defendants.

THIRTY-SEVENTH: That as a result of the above referenced negligence; Plaintiff was caused to sustain pain and suffering, defamation, arrest, detainment, attorney's fees and permanent psychological injuries.

Wherefore, Plaintiff demands judgment in the third cause of action against these defendants and was damaged in a sum of money in excess of the jurisdictional limits of all lower Courts, together with whatever damages allowed by law and under 42 USC 1988.

## AS AND FOR A FOURTH CAUSE OF ACTION

### AGAINST POLICE OFFICERS , ROCCO A. MARCEDA, JOHN DOE 1 & 2 INDIVIDUALLY, FOR DEPRIVATION OF PLAINTIFF'S LIBERTY

THIRTY-EIGHTH:  Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

THIRTY-NINTH:   Although the Defendants, POLICE OFFICERS ROCCO A. MARCEDA and JOHN DOE # 1 and 2 know or should have known that returning to the plaintiffs home on October 11, 2011 and knowing that they had no probable cause to place plaintiff under arrest for the charges,  knew their conduct of detaining, prosecuting  and arresting Plaintiff JACOB BURBAR when they knew they had no cause or right, in violation of Plaintiff's constitutional rights, the Defendants, detained the Plaintiff JACOB BURBAR, causing Plaintiff to be imprisoned, prosecuted, jailed, and suffer loss of liberty and incurred extensive legal fees, even though they knew or had reason to know that they were making an unlawful arrest.

FORTIETH:   That as a result of the above, the Plaintiff demands judgment against the Defendants in the fourth cause of action and was damaged in a sum of money in excess of the jurisdictional limits of all lower Courts, together with punitive damages,  together with all damages allowed by law.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR NEGLIGENCE

FORTY-FIRST:     Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

FORTY-SECOND:    That on October 13, 2011, at approximately 4:37 p.m. and the hours thereafter, the aforesaid Defendants, without cause or provocation, carelessly, negligently

and recklessly and maliciously, detained, arrested and imprisoned the Plaintiff, JACOB BURBAR, despite knowing that there were no cause or grounds therefore, in fact, still effectuated an arrest and prosecution and acted with a deliberate indifference to Plaintiff's Constitutional and State rights.

FORTY-THIRD:    Defendants POLICE OFFICERS ROCCO A. MARCEDA, JOHN DOE #1 and 2 thereafter returned to Plaintiff's home for a second time knowing that they lacked probable cause, that plaintiff no longer physically posed a firearm but returned to affect an arrest with knowledge that Plaintiff JACOB BURBAR did not commit a crime and that the arrest and force used to effectuate the arrest was excessive, unnecessary and without cause or grounds therefore.

FORTY-FOURTH:    Defendants GARDEN CITY POLICE DEPARTMENT POLICE OFFICER, ROCCO A. MARCEDA and JOHN DOE #1 & 2   returned to Plaintiff's home a and did place plaintiff under arrest with knowledge that Plaintiff JACOB BURBAR did not commit a crime and that the arrest and force used to effectuate the arrest was excessive, unnecessary and without cause or grounds therefore.

FORTY-FIFTH: That despite knowledge that Plaintiff was licensed to possess a firearm, and that at the time the arrest was made all of the plaintiff's firearms were in the possession and custody of the of the Defendants, the Defendants and each of them negligently placed Plaintiff under arrest, negligently detained Plaintiff, jailed Plaintiff, subjected Plaintiff to criminal prosecution, at all times known or failing to properly learn Plaintiff was so authorized.  As a result of the negligence of the Defendants and each and every one of them Plaintiff has been injured and damaged.

Wherefore, by reason of the foregoing, Plaintiff seeks damages in the Fifth Cause of Action and demands judgment against these Defendants in the amount that exceeds the monetary jurisdiction of all lower Courts together with damages and remedies allowed by law.

## AS AND FOR A SIXTH CAUSE OF ACTION

### FOR MALICIOUS AND WILFUL DISREGARD OF PLAINTIFF'S RIGHTS AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

FORTY-SIXTH:    Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

FORTY-SEVENTH:  That on October 13, 2011, at approximately 4:37 p.m. and the hours thereafter, the aforesaid Defendants, without cause or provocation, carelessly, negligently and recklessly and maliciously, detained, arrested and imprisoned the Plaintiff, JACOB BURBAR, despite knowing that there were no cause or grounds therefore, in fact, still effectuated an arrest and prosecution and acted with a deliberate indifference to Plaintiff's Constitutional and State rights.

FORTY-EIGHTH:    That Plaintiff JACOB BURBAR did not move or attempt to use any force in response, did not resist the force being used upon him, nor did he have an opportunity to, as POLICE OFFICERS ROCCO A. MARCEDA, JOHN DOE #1 and 2 used excessive force in effectuating an unauthorized arrest without probable cause or reasonable grounds therefore to believe that Plaintiff JACOB BURBAR committed a crime.

FORTY-NINTH:    That despite knowledge that Plaintiff was licensed to possess a firearm, the Defendants and each of the placed Plaintiff under arrest, and did so publically in front of plaintiff's home, and in front of plaintiff's neighbors detaining Plaintiff, jailed Plaintiff, subjected Plaintiff to criminal prosecution, jail, court appearance and legal fees when at all times

ANZIG AND FLANZIG, LLP

the defendants know or should have known Plaintiff was so authorized to poses a fireman. As a result of the willful and malicious acts of the Defendants and each and every one of them Plaintiff has been injured and damaged.

FIFTIETH: Wherefore, by reason of the foregoing, Plaintiff seeks damages and demands judgment against these Defendants in the amount that exceeds the monetary jurisdiction of all lower Courts, and for Punitive Damages, together with damages and remedies allowed by law.

WHEREFORE , Plaintiff demands judgment in each and every cause of action pursuant to 42 United States Code, Section 1980, 1981, 1983 and for attorneys' fees under section 1988, and for his State Common Law claims, for monetary compensation, for pain and suffering, unlawful imprisonment, malicious prosecution, attorneys fees, and loss of reputation and punitive damages; and on all Claims, in an amount of money that exceeds the monetary jurisdiction of all lower Courts and for punitive damages where allowed by law together with whatever further and other relief this Court deems just and proper, together with the costs and disbursements of this action.

Dated:     Mineola, NY
           January 8,  2013

Yours, etc:

_____
DANIEL FLANZIG
FLANZIG and FLANZIG, LLP
323 Willis Avenue, P.O. Box 669
Mineola, NY  11501
(516) 741-8222

ANZIG AND FLANZIG, LLP

# VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK

COUNTY OF NASSAU
ss:

JACOB BURBAR, being duly sworn, says:

I am a Plaintiff in the action herein:  I have read the annexed **AMENDED SUPPLEMENTAL COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

_____
JACOB BURBAR

Sworn to before me this
8 day of JAN , 2013

_____
Notary Public

PATRICIA DITOMASSO
Notary Public, State of New York
No. 01DI6123240
Qualified in Nassau County
Commission Expires March 7, 2013

ANZIG AND PLANZIG, LLP

**EXHIBIT "B"**

```
              R E C E I P T
     Printed:10-09-2012 @ 14:48:33
              NASSAU COUNTY
           MAUREEN O'CONNELL
              COUNTY CLERK

   Trans#: 359051        Oper:AF001
   KLUGMAN

   Ref#: IN 12--012790
   Ctl#: 2502  Rec:10-09-2012 @  2:46:46p
   ------------------------------------
   DOC   DESCRIPTION        TRANS AMT
   ------------------------------------

      1 BURBAR, JACOB
      2 GARDEN CITY                INCOR
   INDEX # W/ SUMMONS & COMPLAINT
   Dept of Education           5.00
   CULTURAL EDUCATION         14.25
   CULTURAL ED COUNTY           .75
   County Fee                 25.00
   State Fee-Index           165.00
                             --------
       Total fees:           210.00

   xxx Total charges:        210.00

   CHECK PM 1975             210.00
```

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

INDEX NO. 12 - 12790
10-9-12

-----------------------------------------------------X

JACOB BURBAR

Plaintiff,

**SUMMONS**

Plaintiff designates
Nassau County as the place of
trial.

- against -

The basis of venue is:
Plaintiff's residence
Plaintiff resides at:

INCORPORATED VILLAGE OF GARDEN CITY,
COUNTY OF NASSAU, POLICE OFFICERS
JOHN DOE #1 AND JOHN DOE #2

164 Mayfair Avenue
West Hempstead, New
York

Defendants.

-----------------------------------------------------X

**To the above named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Garden City, New York
         October 9, 2011

ROBERT KLUGMAN, ESQ.
Attorneys for Plaintiff(s)
1305 Franklin Avenue, Suite 270
Garden City, N.Y. 11539
(516) 222-2655

TO:

Village Clerk
Incorporated Village of Garden City
351 Stewart Avenue
Garden City, New York 11530

Office of County Attorney
County of Nassau
County Executive Building
One West Street
Mineola, New York 11501

RECEIVED

OCT 09 2012

NASSAU COUNTY
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------------X

JACOB BURBAR

                        Plaintiff,

                - against -

INCORPORATED VILLAGE OF GARDEN CITY,
COUNTY OF NASSAU, POLICE
OFFICERS JOHN DOE #1 AND JOHN DOE #2

                        Defendants.
---------------------------------------------------------------------X

**COMPLAINT**

RECEIVED

OCT 0 9 2012

NASSAU COUNTY
COUNTY CLERK'S OFFICE

Plaintiff, by  Robert Klugman, Esq., his attorney for his complaint, respectfully alleges:

### STATEMENT OF FACTS

FIRST:     Plaintiff is a resident of Nassau County, New York.

SECOND: At all times hereinafter mentioned, the defendant, Incorporated Village of

Garden City, herein was and still is a domestic municipal corporation, duly organized and

existing under and by virtue of the laws.

THIRD:     At all times hereinafter mentioned, the defendant, County of Nassau, herein

was and still is a domestic municipal corporation, duly organized and existing under and by

virtue of the laws of the State of New York.

FOURTH: That at all times hereinafter mentioned the INCORPORATED VILLAGE OF

GARDEN CITY and COUNTY OF NASSAU employed police officers whose names are

currently unknown to Plaintiff and hereinafter referred to as Police Officers "JOHN DOE" #1 and

"JOHN DOE" #2.

FIFTH:     That at all times hereinafter mentioned, Police Officer "JOHN DOE" #1 and

Police Officer "JOHN DOE" #2 were working within the scope of their employment and under the

code of authority afforded to them as agents and employees of the INCORPORATED VILLAGE OF GARDEN CITY and COUNTY OF NASSAU.

SIXTH: The true names and identities of Defendant, JOHN DOE #1 and JOHN DOE #2 are presently unknown to Plaintiff. Plaintiff uses the fictitious name DOE to designate these Defendants. Plaintiff alleges that the DOE Defendants are legally responsible for the incident, injuries and damages set forth here, and that each of the DOE Defendants proximately caused the incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission. Plaintiffs will seek to amend this Complaint as soon as the true names and identities of the DOE Defendants have been ascertained.

SEVENTH: Each of the Defendants, including JOHN DOE #1 and JOHN DOE #2, caused, and is legally responsible for, the incident, unlawful conduct, injuries and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

EIGHTH: On the 11th day of January, 2012 a notice of claim together with a notice to sue was duly served upon the defendants.

NINTH: The notice of claim and notice of intention to sue was duly served upon the defendant within 90 days after the cause of action of the plaintiff accrued.

TENTH: More than thirty days have elapsed since the service of the notice of claim and notice of intention to sue upon the defendants.

ELEVENTH: The plaintiff has duly submitted to an inquiry concerning the justness of his claim on the day of September 12, 2012.

TWELFTH: The defendants have failed, neglected, and refused to pay, settle, compromise, or adjust the claim of the plaintiff herein.

THIRTEENTH: This action has been commenced within one year and ninety days after the cause of action of plaintiff accrued.

FOURTEENTH: Plaintiff has duly complied with all of the conditions precedent to the commencement of this action.

FIFTEENTH: Upon information and belief, that at all times hereinafter mentioned, the defendants employed the warrant officers, policemen, jailers, warden, Magistrates, court attendants, clerks, district attorney, assistant district attorneys and others hereinafter mentioned in this complaint.

SIXTEENTH: Upon information and belief, the defendants owned, maintained, and controlled the various courthouses, jails and their equipment, police stations, and the vans used to transport prisoners, all hereinafter mentioned in this complaint.

## FOR A FIRST CAUSE OF ACTION

## Unlawful Arrest, False Imprisonment

SEVENTEENTH:     Plaintiff repeats and realleges each and every allegation contained

in paragraphs "FIRST" through "SIXTEENTH" with the same force and effect as if set forth

here at length.

EIGHTEENTH:  On October 13, 2011, plaintiff was involved in an incident with Michael

Laterza ("Laterza").

NINETEENTH:  The police officers responding to the incident arrived at plaintiff's

residence located at 164 Mayfair Avenue, West Hempstead, New York.  The officers inquired as

to whether plaintiff had firearms in his residence.  Plaintiff advised the police officers that he

possessed a valid pistol license issued by the Nassau County Police Department and that four

handguns lawfully registered to plaintiff were safely secured in his residence.

TWENTIETH:    Plaintiff voluntarily surrendered his valid pistol license and his four

handguns to the police officers.  Thereafter, plaintiff accompanied the police officers to the

Garden City Police Department's headquarters, where plaintiff was issued a desk appearance

ticket (the "Ticket") in connection with his incident with Laterza.  After being issued the Ticket,

plaintiff returned to his residence.

TWENTY-FIRST:     Several hours later, police officers reappeared at plaintiff's

residence and arrested him.  In addition to the previous misdeameanor charges set forth in the

Ticket, plaintiff was charged with the following felonies: violation of NY Penal Law §265.03 -

Criminal Possession of a weapon in the second degree,  and five counts of violation of NY Penal

Law §265.02 - Criminal Possession of a weapon in the third degree (the "Charges").

TWENTY-SECOND: Plaintiff was held in custody in the detention cells of the Garden City Police Department, Nassau County Police Headquarters, Nassau County Correctional Center and the District Court of Nassau County, First District.

TWENTY-THIRD: Plaintiff possessed a valid pistol license issued by the Nassau County Police Department and the firearms set forth in the criminal complaint were lawfully registered to plaintiff.

TWENTY-FOURTH: The police lacked probable cause to arrest the plaintiff on the Charges since NY Penal Law §265.20 exempts a person to whom a pistol license has been issued from the Charges.

TWENTY-FIFTH: During a court hearing on January 6, 2012, Assistant District Attorney Olgarina Estevez advised the court that "[t]he People can not prosecute the defendant for the weapons charges as defendant is licensed to possess the firearms in question."

TWENTY-SIXTH: Since plaintiff was issued a pistol license and lawfully possessed the firearms set forth in the criminal complaint and no probable cause existed for the Charges against the plaintiff, the the court dismissed the Charges.

TWENTY-SEVENTH: As a result of the false arrest and illegal imprisonment plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, his reputation and character were injured, his earning power was impaired, substaintial sums of money were expended by plaintiff in his defense, all to the plaintiff's damage in an amount to be determined upon the trial of this action.

## FOR A SECOND CAUSE OF ACTION
Malicious Prosecution

TWENTY-EIGHTH:  Plaintiff repeats and realleges each and every allegation contained in paragraphs "FIRST" through "TWENTY-SEVENTH" with the same force and effect as if set forth here at length.

TWENTY-NINTH: Defendants commenced a criminal proceeding against the plaintiff.

THIRTIETH:    The criminal proceeding was dismissed in plaintiff's favor.

THIRTY-ONE:   The Defendants lacked probable cause for commencing the criminal proceeding.

THIRTY-TWO:  As a result of the malicious prosecution plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, his reputation and character were injured, his earning power was impaired, large sums of money were expended by plaintiff in his defense, all to the plaintiff's damage in an amount to be determined upon the trial of this action.

WHEREFORE , Plaintiffs demand judgment against defendants in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated:       October 9, 2012
             Garden City, New York

Yours &c.,

Robert Klugman, Esq.
Attorney for Plaintiff
1305 Franklin Avenue, Suite 270
Garden City, New York 11530
(516) 222-2655

STATE OF NEW YORK COUNTY OF NASSAU
**SUPREME COURT**
ATTORNEY(S) LAW OFFICE OF ROBERT KLUGMAN PH: (516)222-2655
1305 FRANKLIN AVENUE, SUITE 207 GARDEN CITY, NY 11530

Index Number: 12-12790
Date Filed: 10/9/2012
Court/Return Date:



Jacob Burbar

*vs*                                                                                    *Plaintiff*

Incorporated Village of Garden City et al

*Defendant*

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

# AFFIDAVIT OF SERVICE

 Kevin Miller , being sworn says:
Deponent is not a party herein is over the age of 18 years and resides in the State of New York.

On October 23, 2012, at 2:45 pm at One West Street c/o Nassau County Atty, Mineola, NY 11501, Deponent served the within
**Summons and Complaint**

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

On: County of Nassau, Defendant therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 ENTITY/CORPORATION/LLC/LLP**
By delivering to and leaving with **Gertrude Mayo** said individual to be **Managing Agent** who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐ **#3 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to () a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment [] dwelling house (usual place of abode) within the state.

☐ **#4 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is subjects
[ ] actual place of business / employment [ ] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find subject or person of suitable age and discretion thereat having called thereat on

Address confirmation:

☐ **#5 MAILING**
On , service was completed by mailing a true copy of above document(s) to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

☒ **#6 DESCRIPTION**
Sex: Female        Color of skin: White        Color of hair: White    Age: Over 65 Yrs.
Height: 5' 0" - 5' 3"        Weight: 131 - 160 Lbs. Other Features:

☐ **#7 WITNESS FEES**
The authorized witness fee and / or traveling expenses were paid (tendered) to the recipient in the amount of $

☐ **#8 MILITARY SERVICE**
Deponent asked person spoken to whether the person to be served is currently active in the military service of the United States or of the State of New York, and was informed that said person is not.

☐ **#9 OTHER**

RECEIVED

OCT 26 2012

NASSAU COUNTY
COUNTY CLERK'S OFFICE

Sworn to before me on October 24, 2012

Patricia Rothfritz
NOTARY PUBLIC STATE OF New York
01R06055503, Qualified in Nassau County
Commission Expires February 26, 2015

Process Server, Please Sign
Kevin Miller

Job #: 1213078
Client's File No.:

INTERCOUNTY JUDICIAL SERVICES, 85 WILLIS AVENUE, SUITE F, MINEOLA, NY 11501. PH. 516-248-8270, FAX 516-294-6225

ATTORNEY(S) LAW OFFICE OF ROBERT KLUGMAN PH: (516)222-2655
1305 FRANKLIN AVENUE, SUITE 207 GARDEN CITY, NY 11530

Jacob Burbar



*Plaintiff*

vs

Incorporated Village of Garden City et al

*Defendant*

---

STATE OF NEW YORK, COUNTY OF NASSAU, SS.:

# AFFIDAVIT OF SERVICE

Kevin Miller , being sworn says:
Deponent is not a party herein is over the age of 18 years and resides in the State of New York.

On October 23, 2012, at 3:00 pm at 351 Stewart Ave., Garden City, NY 11530, Deponent served the within Summons and Complaint

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

On: Incorporated Village of Garden City, Defendant therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 ENTITY/CORPORATION/LLC/LLP**
By delivering to and leaving with **Brian Ridgway** said individual to be **Village Clerk** who specifically stated he/she was authorized to accept service on behalf of the Corporation/Government Agency/Entity.

☐ **#3 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to () a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment [] dwelling house (usual place of abode) within the state.

☐ **#4 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is subjects
[ ] actual place of business / employment [ ] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find subject or person of suitable age and discretion thereat having called thereat on

**Address confirmation:**

☐ **#5 MAILING**
On , service was completed by mailing a true copy of above document(s) to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

☒ **#6 DESCRIPTION**
Sex: Male     Color of skin: White     Color of hair: Brown     Age: 36 - 50 Yrs.
Height: Over 6'   Weight: Over 200 Lbs.  Other Features:

☐ **#7 WITNESS FEES**
The authorized witness fee and / or traveling expenses were paid (tendered) to the recipient in the amount of $

☐ **#8 MILITARY SERVICE**
Deponent asked person spoken to whether the person to be served is currently active in the military service of the United States or of the State of New York, and was informed that said person is not.

☐ **#9 OTHER**

Sworn to before me on October 24, 2012

Patricia Rohrbritz
NOTARY PUBLIC STATE OF New York
01R06055503, Qualified in Nassau County
Commission Expires February 26, 2015

RECEIVED
OCT 26 2012
NASSAU COUNTY
COUNTY CLERK'S OFFIC

Process Server, Please Sign
Kevin Miller

Job #: 1213077
Client's File No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------x
JACOB BURBAR,

                            Plaintiff,

       - against -

INCORPORATED VILLAGE OF GARDEN CITY,
COUNTY OF NASSAU, POLICE OFFICERS
JOHN DOE #1 AND JOHN DOE #2,

                       Defendants.
-------------------------------------------------------------------x

**ANSWER**

Index No. 12790/2012

Defendant Incorporated Village of Garden City (the "Village" or "Defendant"), by its attorneys Cullen and Dykman LLP, answers the complaint (the "Complaint") in this action as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph "FIRST" of the Complaint.

2. Admits that the Village is a municipal corporation and except as so admitted, to the extent the allegations contained in paragraph "SECOND" call for a legal conclusion, no response is required and denies the remaining allegations contained in paragraph "SECOND" of the Complaint.

3. To the extent the allegations contained in paragraph "THIRD" of the Complaint call for a legal conclusion, no response is required, and, otherwise, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "THIRD" of the Complaint.

4. Admits that the Village employs police officers and, except as so admitted, denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "FOURTH" of the Complaint.

5.     To the extent that the allegations contained in paragraph "FIFTH" call for a legal conclusion, no response is required, otherwise, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "FIFTH" of the Complaint.

6.     Denies the allegation contained in paragraph "SIXTH" of the Complaint.

7.     Denies the allegation contained in paragraph "SEVENTH" of the Complaint.

8.     Admits that on or about January 11, 2012, a notice of claim pursuant to N.Y. Gen. Municipal Law §50 was served upon the Village and, except as so admitted, denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "EIGHTH" of the Complaint.

9.     To the extent the allegations contained in paragraph "NINTH" call for a legal conclusion, no response is required, otherwise, denies the allegation contained in paragraph "NINTH" of the Complaint.

10.     Admits that more than thirty days have passed since January, 2012 and, except as so admitted, denies the allegations contained in paragraph "TENTH" of the Complaint.

11.     Admits that a hearing pursuant to N.Y. Gen. Municipal Law §50 took place on September 12, 2012, and except as so admitted, denies the allegation contained in paragraph "ELEVENTH" of the Complaint.

12.     Denies the allegation contained in paragraph "TWELFTH" of the Complaint.

13.     Denies the allegation contained in paragraph "THIRTEENTH" of the Complaint.

14.     Denies the allegation contained in paragraph "FOURTEENTH" of the Complaint.

15.     Admits that the Village employs police officers and, except as so admitted, denies the allegations contained in paragraph "FIFTEENTH" as they pertain to the Village, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "FIFTEENTH" of the Complaint.

16.     Denies the allegations contained in paragraph "SIXTEENTH" of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

17.     In response to the allegations contained in Paragraph "SEVENTEENTH" of the Complaint, Defendant repeats and realleges its responses to Paragraphs "FIRST" through "SIXTEENTH" as is fully set forth herein.

18.     Admits that on October 13, 2011, plaintiff was involved in a road rage incident whereby Mr. Laterza alleged that Plaintiff waived a gun at him and, except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "EIGHTEENTH" of the Complaint.

19.     Admits that police officers employed by the Village and by defendant Nassau County arrived at 164 Mayfair Avenue, West Hempstead, New York on October 13, 2011, that officers inquired as to whether plaintiff had firearms on his person or in his residence and, except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "NINETEENTH" of the Complaint.

20.     Admits that plaintiff voluntarily went to the Garden City Police Department and was issued a desk appearance ticket on October 13, 2011 in connection with the road rage incident with Michael Laterza, and except as so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "TWENTIETH" of the Complaint.

21.     To the extent the allegations contained in paragraph "TWENTY-FIRST" call for a legal conclusion, no response is required, and otherwise denies the allegations contained in paragraph "TWENTY-FIRST" of the Complaint.

22.     To the extent the allegations contained in paragraph "TWENTY-SECOND" call for a legal conclusion, no response is required, and otherwise denies knowledge or information

sufficient to form a belief as to the remainder of the allegations contained in paragraph "TWENTY-SECOND" of the Complaint.

23.     To the extent the allegations contained in paragraph "TWENTY-THIRD" call for a legal conclusion, no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "TWENTY-THIRD" of the Complaint.

24.     To the extent the allegations contained in paragraph "TWENTY-FOURTH" call for a legal conclusion, no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "TWENTY-FOURTH" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "TWENTY-FIFTH" of the Complaint.

26.     To the extent the allegations contained in paragraph "TWENTY-SIXTH" call for a legal conclusion, no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph "TWENTY-SIXTH" of the Complaint.

27.     Denies the allegations contained in paragraph "TWENTY-SEVENTH" of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

28.     In response to the allegations contained in Paragraph "TWENTY-EIGHTH" of the Complaint, Defendant repeats and realleges its responses to Paragraphs "FIRST" through "TWENTY-SEVENTH" as is fully set forth herein.

29.     Denies the allegations contained in paragraph "TWENTY-NINTH" of the Complaint as they pertain to the Village and, except as so denied, denies knowledge or

4

information sufficient to form a belief as to the remainder of the allegations contained in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "THIRTIETH" of the Complaint.

31. Denies the allegations contained in paragraph "THIRTY-ONE" of the Complaint.

32. Denies the allegations contained in paragraph "THIRTY-TWO" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. The Complaint fails to state a cause of action against the Village.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. The Complaint is barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. All damages sustained by Plaintiff were caused by the actions of Plaintiff and resulted from Plaintiff's own negligence.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. The Village has a complete defense based upon documentary evidence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. While denying all allegations in the Complaint regarding liability, the injury and damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any injuries and/or damages, any such damages were not proximately related to any act or omission of the Village.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. While denying all allegations in the Complaint regarding liability, the injury and damages allegedly sustained by Plaintiff to the extent Plaintiff may be able to prove any injuries and/or damages, said damages were proximately caused by intervening and/or superseding acts,

5

and/or fault of Plaintiff and/or third parties over whom the Village had no control or right of control and for whose actions the Village is not liable.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

39.     Plaintiff has not suffered any damages for which relief may be had.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

40.     Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41.     All actions of the Village and its Police Officers were reasonable and justified.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

42.     Plaintiff's claims are barred by the doctrine of probable cause.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

43.     Defendant Village is not subject to liability on the basis of respondent superior.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

44.     Garden City Police Officers did not violate any rights of plaintiff of which a reasonable person would have known and thus, are entitled to qualified immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

45.     Plaintiff's detention was objectively reasonable.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

46.     Plaintiff's claims are barred in whole or in part by the doctrine of qualified immunity.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiff is not entitled to a jury trial on all or some of the claims herein.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

48.     All actions of the Village were at the direction of the Nassau County Defendants.

WHEREFORE, Defendants Village of Garden City respectfully requests that judgment be rendered against Plaintiff dismissing this action in its entirety and awarding costs, disbursements, and such other and further relief as the Court deems appropriate.

Dated: Garden City, New York
      November 19, 2012

CULLEN AND DYKMAN LLP

By: _____

Cynthia A. Augello, Esq.
Attorneys for Defendant Incorporated
Village of Garden City
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700

TO:    Robert Klugman, Esq.
       Attorney for Plaintiff
       1305 Franklin Avenue, Suite 270
       Garden City, New York 11530

EXHIBIT "C"

```
----------------------------------------------------------------X
```

In the Matter of the Claim of
JACOB BURBAR,

Claimant(s),

-against-

INCORPORATED VILLAGE OF GARDEN
CITY and COUNTY OF NASSAU,

Respondent(s).

**CONSENT TO CHANGE
ATTORNEY**

```
----------------------------------------------------------------X
```

IT IS HEREBY CONSENTED THAT, FLANZIG and FLANZIG, LLP of 323 Willis

Avenue, Mineola, N.Y. 11501-0151 be substituted as attorney(s) of record for the undersigned

party(ies) in the above-entitled action in place and stead of the undersigned attorney(s) as of the

date hereof.

Dated: Mineola, New York
      December 5, 2012

X _____
               JACOB BURBAR

_____
FLANZIG and FLANZIG, LLP
      Incoming Attorneys

_____
      ROBERT KLUGMAN, ESQ.
         Outgoing Attorney

STATE OF NEW YORK )
                   ) ss:
COUNTY OF NASSAU )

     On the _____ day of _____ 2012, before me personally
came JACOB BURBAR to me known and known to me to be the same person described in and
who executed the foregoing consent and acknowledged to me that (s)he executed the same.

_____
         Notary Public

**EXHIBIT "D"**

CERTIFICATE OF DISPOSTION
DISTRICT COURT OF NASSAU COUNTY - HEMPSTEAD
================================================================================
THE PEOPLE OF THE STATE OF NEW YORK          DOCKET NUMBER:         2011NA023087
                        VS.                   DATE OF BIRTH:         08/12/1963

BURBAR,JACOB
164 MAYFAIR AVENUE                            DATE OF ARREST/ISSUE:  10/13/2011
WEST HEMPSTEAD NY 11552

ARRAIGNMENT CHARGES:
PL 265.03 03 CF      CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF      CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF      CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF      CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF      CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 265.02 5A DF      CRIMINAL POSSESSION OF A WEAPON(WEAPON TYPE NOT SPECIFIED)
PL 120.14 01 AM      MENACING
PL 120.20 00 AM      RECKLESS ENDANGERMENT
PL 265.01 01 AM      CRIMINAL POSSESSION OF A WEAPON
PL 265.01 01 AM      CRIMINAL POSSESSION OF A WEAPON
PL 265.01 01 AM      CRIMINAL POSSESSION OF A WEAPON
PL 265.01 01 AM      CRIMINAL POSSESSION OF A WEAPON
PL 265.01 01 AM      CRIMINAL POSSESSION OF A WEAPON
PL 265.01 01 AM      CRIMINAL POSSESSION OF A WEAPON


DATE OF DISPOSITION: 06/14/2012    JUDGE: GIANELLI,S    PART: C6


DISPOSITIONS:
PL 265.03 03 CF         DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF         DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF         DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF         DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 265.02 01 DF         DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 265.02 5A DF         DISMISSED(WEAPON TYPE NOT SPECIFIED)
PL 120.14 01 AM         MENACING
                        DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 120.20 00 AM         RECKLESS ENDANGERMENT
                        DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM         CRIMINAL POSSESSION OF A WEAPON
                        DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM         CRIMINAL POSSESSION OF A WEAPON
                        DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM         CRIMINAL POSSESSION OF A WEAPON
                        DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM         CRIMINAL POSSESSION OF A WEAPON
                        DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM         CRIMINAL POSSESSION OF A WEAPON
                        DISMISSED AND SEALED UNDER CPL SECTION 160.50
PL 265.01 01 AM         CRIMINAL POSSESSION OF A WEAPON
                        DISMISSED AND SEALED UNDER CPL SECTION 160.50


I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

MICHAEL BEGANSKAS                  06/18/2012        FEE: 5.00
CLERK OF THE COURT                 DATE             NUMBER: 213136

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL.)

DISTRICT COURT OF NASSAU COUNTY

FIRST DISTRICT: PART ARRAIGNMENT A

-------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

              - against -      Docket No. 2011NA023087

JACOB BURBER,

                   Defendant.

-------------------------------------------X

                99 Main Street
                Hempstead, New York 11550
                October 14, 2011

B E F O R E :

       HONORABLE ERIC BJORNEBY, Judge

A P P E A R A N C E S :

FOR THE PEOPLE:

       HONORABLE KATHLEEN M. RICE, ESQ.
       NASSAU COUNTY DISTRICT ATTORNEY
            262 Old Country Road
            Mineola, New York 11501
       BY:  ELIZABETH SCHLISSEL, ESQ.
           Assistant District Attorney

FOR THE DEFENDANT:

       LEGAL AID SOCIETY OF NASSAU COUNTY
            One Helen Keller Way
            Hempstead, New York 11550
       BY:  YOLANDA GUERRA, ESQ.

              MICHELE ROSSI, R.P.R.
              Official Court Reporter

THE CLERK: Jacob Burber, number 21 on the new page.

MS. GUERRA: Waive a public reading of the felony complaint and request that the case be adjourned for conference. At this time, I'm serving written notice on the district attorney's office of my client's intent to testify before the Grand Jury pursuant to CPL 190.50.

As to the issue of custody, my client is 48 years old. He's lived in Nassau County for 44 years here in West Hempstead. He currently lives with his wife and two children, ages 8 and 11. He owns the home that he lives in. He also owns two restaurants in Garden City. The first one for five years, the second one 2 years. Prior to that, he was a chef in Nassau County for 25 years. He's completed up to twelfth grade.

In viewing his NYSID, we do acknowledge some prior contact. There is one bench warrant. It does show that he vacated it in 1985. However, after that, there's no bench warrant activity. My client has recently made all his Court dates in a previous case. As to the allegation, he does deny them in their entirety. Judge, I ask that you consider ROR'ing him. If you're not inclined to do so, then I ask that you

1   consider $500 bail.

2        THE COURT:  People?

3        MS. AZAR:  People are serving 710.30, 250.20

4   and 240.30 notices.  In this case, the defendant and

5   victim became involved in a road rage incident where

6   the defendant forced the victim to veer his car across

7   the double lines into oncoming traffic.  The defendant

8   then pulled out a semi-automatic weapon and pointed it

9   at the victim.

10       The victim was able to call 911 where the

11  police eventually met up with the defendant at his

12  home.  There were guns recovered from the defendant's

13  home.  They were unregistered.  In looking to the

14  defendant's NYSID, there are prior contacts with the

15  criminal justice system.

16       Based on the seriousness of the allegations

17  here, he is facing a C felony and based on those prior

18  contacts, the People would request $20,000 bail, as

19  well as a stay away order of protection for the victim

20  in this case.

21       THE CLERK:  Stay away from the home, school,

22  business, place of employment of Michael Laterza.

23  Refrain from communication, contact, telephone, e-mail,

24  voicemail or any other electronic means.  Refrain from

25  assault, stalking, harassment, menacing, reckless