endangerment.  Sir, also, if you have any firearms, you

have to surrender them to your local precinct upon your

release.  This order is in effect until the final

disposition of this case.

Judge, let the record reflect that the

defendant has signed and is served a copy, we'll place

a copy in the file for defense counsel, copies

distributed to police department.

THE COURT:  Based on all the factors set

forth by counsel for the defendant, as well as for the

People, I think appropriate bail in this case is

$2,500.

THE CLERK:  Cash or bond?

THE COURT:  Cash or bond.

THE CLERK:  This case is going to part 9L on

10/10 for the defendant to retain his own attorney.

Bail is $2,500 cash or bond.

**          **          **

The forgoing is hereby certified to be a true

and accurate transcript of the proceedings as

transcribed from the stenographic notes.

MICHELE ROSSI, R.P.R.
Official Court Reporter

EXHIBIT "E"

COPY RECEIVED THIS 11
DAY OF January 2012
COUNTY ATTORNEY, NASSAU COUNTY.
BY _____

-------------------------------------------------X

In the matter of the Claim of

JACOB BURBAR

              Claimant,

      - against -

**NOTICE OF CLAIM**

INCORPORATED VILLAGE OF GARDEN CITY
and COUNTY OF NASSAU

            Respondents.

-------------------------------------------------

2012 JAN 11 PM 1 16
NASSAU CO. ATTORNEY

To:    Village Clerk
       Incorporated Village of Garden City
       351 Stewart Avenue
       Garden City, New York 11530

       Office of County Attorney
       County Executive Building
       One West Street
       Mineola, New York 11501

     PLEASE TAKE NOTICE that the claimant, Jacob Burbar, hereby makes claim and demand against the Village of Garden City, New York and the County of Nassau, New York as follows:

     *That the claimant was falsely arrested and maliciously prosecuted.*

1.    The name and post office address of the claimant and of the claimant's attorney is:

     Claimant: Jacob Burbar, 164 Mayfair Avenue, West Hempstead, New York 11552.

     Attorney: Robert Klugman, Esq., 1305 Franklin Avenue, Suite 270, Garden City, New York 11530.

2.    The nature of the claim: Claimant was falsely arrested and illegally imprisoned for one day; maliciously prosecuted and forced to be present in court even though the Incorporated Village of Garden City, New York and the County of Nassau, New York knew that there was no

3.    The time when, the place where and the manner in which the claim arose: On October 13, 2011, Claimant was involved in an incident with Michael Laterza causing Claimant to be charged with Menacing in the second degree. Claimant lawfully possessed a pistol license and lawfully owned four handguns. Claimant surrendered his handguns and pistol license to the arresting police officers.  Several hours after being charged with Menacing in the second degree the Garden City Police returned to Claimant's residence and arrested him with additional charges of Criminal Possession of a weapon in the second and third degree. The complaint stated that Claimant did not have a Pistol License permitting him to possess the weapons at his residence. This was untrue. Claimant lawfully possessed the weapons and the police officers had more than sufficient time to determine that his pistol license was valid and that the weapons were properly registered to him. Claimant was arrested without probable cause. Following Claimant's second arrest, Claimant was imprisoned at the Garden City Police Department, Nassau County Police Headquarters, Nassau County Correctional Facility and the First District Court of Nassau County. Claimant was imprisoned overnight and was released on bail the following day. Subsequently, all charges relating to the weapons possession were dismissed.  Claimant's Case Report Number is GC-00674-11; his Arrest Number is GC-00250-11 and the Blotter Number is GC-008588-11.

4.    The items of damages or injuries claimed are: False arrest and illegal imprisonment; loss of earnings; cost of defending case; damage to claimant's reputation; the impairment of his earning power; claimant's health was impaired; claimant's civil rights were violated.

        Said claim is hereby presented for adjustment to the respondents within the time limited for compliance with this demand.  In the event of the default of such adjustment, claimants intend to commence an action against the respondents to recover this claim.  The claim is for an amount to be determined upon trial of this action.

Dated: Garden City, New York
        January 10, 2012

                                        Respectfully yours,


                                        _____
                                        Jacob Burbar


Robert Klugman, Esq.
Attorney for Claimant, Jacob Burbar
1305 Franklin Avenue, Suite 270
Garden City, New York 11530
516 222-2655


STATE OF NEW YORK          )
                            ) SS:
COUNTY OF NASSAU           )

EXHIBIT "F"

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB BURBAR  (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

**D.O.B.:**
(1)    08/12/1963

STATE OF NEW YORK SS
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he
is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and
that on the 13 day of October, 2011, at about 4:30PM at 164 MAYFAIR AVE W
HEMPSTEAD in the County of NASSAU, New York.

JACOB BURBAR

**OFFENSE**
POSS WEAPON 3
CLASS D
FELONY

THE DEFENDANT(S) DID VIOLATE SECTION 265.02 SUBDIVISION 1 OF THE PENAL LAW
OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID
DEFENDANT(S) DID COMMIT THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE
FOURTH DEGREE AS DEFINED IN SUBDIVISION ONE, TWO, THREE OR FIVE OF SECTION
265.01 AND HAS BEEN PREVIOUSLY CONVICTED OF ANY CRIME, TO WIT; At foresaid
date, time and place, upon investigating an incident, in which the
defendant pulled out a semi automatic handgun and pointed it at the victim,
your deponent was granted written permission by the defendant to search his
residence located at 164 Mayfair Ave, West Hempstead, New York. While
inside the defendant's residence, the defendant handed to your deponent a
lock box containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The
defendant unlocked a safe and your deponent took a loaded Ruger, which was
identified by the victim as the gun the defendant previously pointed at
him. The defendant stated to your deponent that all of the firearms were
owned by him. The defendant did not have a pistol license permitting him to
possess any of the four firearms at 164 Mayfair Avenue. The defendant was
previously convicted of Petit Larceny, a Class A misdemeanor on February
27, 1986.

The above is based on personal knowledge and information and belief, the
source for said belief being the complainant, the defendant's NYSID, and
check of the County Pistol License database.

**Prepared By**
PO MARCEDA

D'd

Subscribed and sworn to before me
this 14 day of October, 2011

                                                    ROCCO A MARCEDA
                                                    POLICE OFFICER

                    GERARD K KNEISEL
                    LIEUTENANT

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB BURBAR (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

**D.O.B.:**
(1)    08/12/1963

STATE OF NEW YORK<sup>SS</sup>
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and that on the 13 day of October, 2011, at about 4:30PM at 164 MAYFAIR AVE W HEMPSTEAD in the County of NASSAU, New York.

JACOB BURBAR

**OFFENSE**
POSS WEAPON 3
CLASS D
FELONY

THE DEFENDANT(S) DID VIOLATE SECTION 265.02 SUBDIVISION 1 OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID DEFENDANT(S) DID COMMIT THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE AS DEFINED IN SUBDIVISION ONE, TWO, THREE OR FIVE OF SECTION 265.01 AND HAS BEEN PREVIOUSLY CONVICTED OF ANY CRIME, TO WIT; At foresaid date, time and place, upon investigating an incident, in which the defendant pulled out a semi automatic handgun and pointed it at the victim, your deponent was granted written permission by the defendant to search his residence located at 164 Mayfair Ave, West Hempstead, New York. While inside the defendant's residence, the defendant handed to your deponent a lock box containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The defendant unlocked a safe and your deponent took a loaded Ruger, which was identified by the victim as the gun the defendant previously pointed at him. The defendant stated to your deponent that all of the firearms were owned by him. The defendant did not have a pistol license permitting him to possess any of the four firearms at 164 Mayfair Avenue. The defendant was previously convicted of Petit Larceny, a Class A misdemeanor on February 27, 1986.

The above is based on personal knowledge and information and belief, the source for said belief being the complainant, the defendant's NYSID, and check of the County Pistol License database.

**Prepared By**
PO MARCEDA

D'd

Subscribed and sworn to before me
this 14 day of October, 2011

ROCCO A MARCEDA
POLICE OFFICER

GERARD K KNEISEL
LIEUTENANT

DISTRICT COURT OF NASSAU COUNTY

FIRST DISTRICT ARRAIGNMENT PART

THE PEOPLE OF THE STATE OF NEW YORK

against

JACOB BURBAR (48)

**D.O.B.:**
(1)  08/12/1963

164 MAYFAIR AVE

W HEMPSTEAD, NY 11552-

STATE OF NEW YORK$^{SS}$

COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and that on the 13 day of October, 2011, at about 4:30PM at 164 MAYFAIR AVE W HEMPSTEAD in the County of NASSAU, New York.

JACOB  BURBAR

**OFFENSE**
POSS WEAPON 3
CLASS D
FELONY .

THE DEFENDANT(S) DID VIOLATE SECTION 265.02 SUBDIVISION 5(i) OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID DEFENDANT(S) DID KNOWINGLY POSSESS THREE OR MORE FIREARMS, TO WIT; At foresaid date, time and place, upon investigating an incident, in which the defendant pulled out a semi automatic handgun and pointed it at the victim, your deponent was granted written permission by the defendant to search his residence located at 164 Mayfair Ave, West Hempstead, New York. While inside the defendant's residence, the defendant handed to your deponent a lock box containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The defendant unlocked a safe and your deponent took a loaded Ruger, which was identified by the victim as the gun the defendant previously pointed at him. The defendant stated to your deponent that all of the firearms were owned by him. The defendant did not have a pistol license permitting him to possess any of the four firearms at 164 Mayfair Avenue. The defendant was previously convicted of Petit Larceny, a Class A misdemeanor on February 27, 1986.

The above is based on personal knowledge and information and belief, the source for said belief being the complainant, the defendant's NYSID, and check of the County Pistol License database.

**Prepared By**
PO R MARCEDA

D'd

Subscribed and sworn to before me
this 14 day of October, 2011

_____

GERARD K KNEISEL
LIEUTENANT

        ROCCO A MARCEDA
        POLICE OFFICER

#23087

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB BURBAR (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

**D.O.B.:**
(1)   08/12/1963

STATE OF NEW YORK $^{SS}$
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he
is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and
that on the 13 day of October, 2011, at about 4:11PM at 164 MAYFAIR AVE W
HEMPSTEAD in the County of NASSAU, New York.

JACOB BURBAR

**OFFENSE**
POSS WEAPON 2
CLASS C
FELONY

THE DEFENDANT(S) DID VIOLATE SECTION 265.03 SUBDIVISION 3 OF THE PENAL LAW
OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID
DEFENDANT(S) DID POSSESS ANY LOADED FIREARM, TO WIT; At foresaid date, time
and place, upon investigating an incident, in which the defendant pulled
out a semi automatic handgun and pointed it at the victim, your deponent
was granted written permission by the defendant to search his residence
located at 164 Mayfair Ave, West Hempstead, New York. While inside the
defendant's residence, the defendant handed to your deponent a lock box
containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The defendant
unlocked a safe and your deponent took a loaded Ruger, which was identified
by the victim as the gun the defendant previously pointed at him. The
defendant stated to your deponent that all of the firearms were owned by
him. The defendant did not have a pistol license permitting him to possess
any of the four firearms at 164 Mayfair Avenue. The defendant was
previously convicted of Petit Larceny, a Class A misdemeanor on February
27, 1986.

The above is based on personal knowledge and information and belief, the
source for said belief being the complainant, the defendant's NYSID, and
check of the County Pistol License database.

**Prepared By**
PO R MARCEDA

D 1 d

Subscribed and sworn to before me
this 14 day of October, 2011

_____
GERARD K KNEISEL
LIEUTENANT

_____
ROCCO A MARCEDA
POLICE OFFICER

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB BURBAR   (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552~

D.O.B.:
(1)   08/12/1963

STATE OF NEW YORK $^{ss}$
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he
is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and
that on the 13 day of October, 2011, at about 4:30PM at 164 MAYFAIR AVE W
HEMPSTEAD in the County of NASSAU, New York.

JACOB BURBAR

OFFENSE
POSS WEAPON 3
CLASS D
FELONY

THE DEFENDANT(S) DID VIOLATE SECTION 265.02 SUBDIVISION 1 OF THE PENAL LAW
OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID
DEFENDANT(S) DID COMMIT THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE
FOURTH DEGREE AS DEFINED IN SUBDIVISION ONE, TWO, THREE OR FIVE OF SECTION
265.01 AND HAS BEEN PREVIOUSLY CONVICTED OF ANY CRIME, TO WIT; At foresaid
date, time and place, upon investigating an incident, in which the
defendant pulled out a semi automatic handgun and pointed it at the victim,
your deponent was granted written permission by the defendant to search his
residence located at 164 Mayfair Ave, West Hempstead, New York. While
inside the defendant's residence, the defendant handed to your deponent a
lock box containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The
defendant unlocked a safe and your deponent took a loaded Ruger, which was
identified by the victim as the gun the defendant previously pointed at
him. The defendant stated to your deponent that all of the firearms were
owned by him. The defendant did not have a pistol license permitting him to
possess any of the four firearms at 164 Mayfair Avenue. The defendant was
previously convicted of Petit Larceny, a Class A misdemeanor on February
27, 1986.

The above is based on personal knowledge and information and belief, the
source for said belief being the complainant, the defendant's NYSID, and
check of the County Pistol License database.

Prepared By
PO MARCEDA

D'd

Subscribed and sworn to before me
this 14 day of October, 2011

                                        ROCCO A MARCEDA
                                        POLICE OFFICER

        GERARD K KNEISEL
        LIEUTENANT

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB BURBAR (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

D.O.B.:
(1)   08/12/1963

STATE OF NEW YORK SS
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and that on the 13 day of October, 2011, at about 4:30PM at   GARDEN CITY in the County of NASSAU, New York.

JACOB BURBAR

OFFENSE
POSS WEAPON 3
CLASS D
FELONY

THE DEFENDANT(S) DID VIOLATE SECTION 265.02 SUBDIVISION 1 OF THE PENAL LAW OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE SAID DEFENDANT(S) DID COMMIT THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE FOURTH DEGREE AS DEFINED IN SUBDIVISION ONE, TWO, THREE OR FIVE OF SECTION 265.01 AND HAS BEEN PREVIOUSLY CONVICTED OF ANY CRIME, TO WIT; At foresaid date, time and place, upon investigating an incident, in which the defendant pulled out a semi automatic handgun and pointed it at the victim, your deponent was granted written permission by the defendant to search his residence located at 164 Mayfair Ave, West Hempstead, New York. While inside the defendant's residence, the defendant handed to your deponent a lock box containing 3 handguns: 2 Smith & Wesson's, and a Ruger. The defendant unlocked a safe and your deponent took a loaded Ruger, which was identified by the victim as the gun the defendant previously pointed at him. The defendant stated to your deponent that all of the firearms were owned by him. The defendant did not have a pistol license permitting him to possess any of the four firearms at 164 Mayfair Avenue. The defendant was previously convicted of Petit Larceny, a Class A misdemeanor on February 27, 1986.

The above is based on personal knowledge and information and belief, the source for said belief being the complainant, the defendant's NYSID, and check of the County Pistol License database.

Prepared By
PO MARCEDA

D'd

Subscribed and sworn to before me
this 14 day of October, 2011

                                        ROCCO A MARCEDA
                                        POLICE OFFICER

        GERARD K KNEISEL
        LIEUTENANT

D.D. No.......: 3-5292-11

Case Report No: GC-00674-11     Police Serial No: _____

Appearance Ticket: _____

Arrest Number....: GC-00250-11

Defendant in Custody from: 16:37 October 13, 2011     to _____

## MISDEMEANOR COMPLAINT

Blotter/CC No.: GC-008588-11

Return Date...: 10/14/2011

Court Docket No.: _____

---

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB BURBAR   (48)
164 MAYFAIR AVE
W HEMPSTEAD, NY 11552-

D.O.B.:
(1)   08/12/1963

STATE OF NEW YORK<sup>SS</sup>
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he
is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and
that on the 13 day of October, 2011, at about 4:11PM at ROCKAWAY AVE @ 4
ST GARDEN CITY in the County of NASSAU, New York.

JACOB BURBAR

OFFENSE
MENACING 2ND
CLASS A
MISDEMEANOR

THE DEFENDANT(S) DID VIOLATE SECTION 120.14 SUBDIVISION 1 OF THE PENAL LAW
OF THE STATE OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID THE SAID
DEFENDANT(S), DID INTENTIONALLY PLACE OR ATTEMPT TO PLACE ANOTHER PERSON IN
REASONABLE FEAR OF PHYSICAL INJURY, SERIOUS PHYSICAL INJURY, OR DEATH BY
DISPLAYING A DEADLY WEAPON, DANGEROUS INSTRUMENT OR WHAT APPEARS TO BE A
PISTOL, REVOLVER, RIFLE, SHOTGUN, MACHINE GUN OR OTHER FIREARM, TO WIT; At
the aforesaid time and place of occurrence, the defendant became involved
in a road rage incident with the victim and subsequently the defendant did
pull out a black semi automatic handgun and pointed it at victim.

Supporting Deposition of NICHAEL LATERZA annexed hereto and made a part
hereof.

This complaint is based on personal knowledge and information and belief,
the source being, COMPLAINANT

Prepared By
PO MARCEDA

Subscribed and sworn to before me
this 14  day of October, 2011

ROCCO A MARCEDA
POLICE OFFICER

GERARD K KNEISEL
LIEUTENANT

D.D. No.......: 3-5297-11
Case Report No:GC-00674-11     **MISDEMEANOR COMPLAINT**     Blotter/CC No.:GC-008588-11
Appearance Ticket:11167          Police Serial No: _____
                                                              Return Date...:10/14/2011
Arrest Number....:GC-00250-11                                 Court Docket No.:_____
Defendant in Custody from: 16:37 October 13, 2011      to

---

DISTRICT COURT OF NASSAU COUNTY
FIRST DISTRICT ARRAIGNMENT PART
THE PEOPLE OF THE STATE OF NEW YORK
against

JACOB BURBAR  (48)
164 MAYFAIR AVE

**D.O.B.:**
(1)  08/12/1963
W HEMPSTEAD, NY 11552-

STATE OF NEW YORK<sup>SS</sup>
COUNTY OF NASSAU

PO ROCCO A MARCEDA, Shield 117, being duly sworn, deposes and says that he
is a member of the GARDEN CITY POLICE DEPT, County of NASSAU, New York and
that on the 13 day of October, 2011, at about 4:11PM at  ROCKAWAYAVE @ 4 ST
GARDEN CITY in the County of NASSAU, New York.

JACOB BURBAR

**OFFENSE**
RECK ENDANGER 2ND
CLASS A
MISDEMEANOR

THE DEFENDANT(S) DID VIOLATE SECTION 120.20 OF THE PENAL LAW OF THE STATE
OF NEW YORK, IN THAT AT THE TIME AND PLACE AFORESAID, THE DEFENDANT(S) DID
RECKLESSLY ENGAGE IN CONDUCT WHICH CREATED A SUBSTANTIAL RISK OF SERIOUS
PHYSICAL INJURY TO ANOTHER PERSON, TO WIT; At the aforementioned time and
place the defendant was operating a 2010 Toyota SUV Land Cruiser bearing NY
Reg # EBZ-4020 s/b Rockaway Ave in Garden City. Complainant Laterza stated
that defendant Burbar did intentionally come to an abrupt stop with his SUV
almost causing the complainant to collide into the rear of the defendant's
vehicle thereby risking serious physical injury to the complainant.
Complainant further states that the defendant then continued s/b Rockaway
Ave and when the complainant attempted to pass the defendant that the
defendant did veer his SUV into the left lane and pointed a semi automatic
pistol at the complainant causing the complainants vehicle to cross over
the double yellow pavement lines into on coming traffic.

Supporting Deposition of MICHAEL LATERZA annexed hereto and made a part
hereof.

This complaint is based on personal knowledge and information and belief.

**Prepared By**
PO MARCEDA

Subscribed and sworn to before me
this 14  day of October, 2011

_____          _____
                                        ROCCO A MARCEDA
                                        POLICE OFFICER

_____
        GERARD K KNEISEL
        LIEUTENANT

EXHIBIT "G"

Defendant's Name: _Jacob Burbor_          Appearance Date: _10/14_

ECAB # _8162/11_                                        _710.30_

===================================================

# ECAB

# WORK-UP

===================================================

# DC ECAB

| | |
|---|---|
| **From:** | Robert Formichelli |
| **Sent:** | Friday, October 14, 2011 3:30 AM |
| **To:** | DC ECAB |
| **Cc:** | Notification Group-Gun Cases |
| **Subject:** | ECAB 9162/11 (Burbar, Jacob) 10/14/11 (F) |

**Attachments:** Burbar, Jacob 9162 710.30.pdf

(*) Defendant charged with CPW 2nd for possessing a loaded firearm.
(*) Defendant used said firearm (pistol) to menace the victim during a road rage incident (Menacing 2nd also charged).
(*) Defendant also charged with four counts of CPW 3 (based on additional firearms recovered from def's home + def has prior conviction) and with reckless endangerment.

# Defendant Information

| Def Name / Address | ECAB # | Enter Date | Offense Date | Arraign Date | DOB |
|---|---|---|---|---|---|
| Burbar, Jacob | 9162/11 | 10/13/2011 | 10/13/2011 | 10/14/2011 | 8/12/1963 |

164 Mayfair Avenue
West Hempstead, NY  11552-

**Entered By:** Lipinsky     **Alias:**          **Gang Aff:**          ☐ ICE   ☐ IMPACT

## Charges:

| Charge | Charge Description | Top Count |
|---|---|---|
| 265.03(3) | Crim Poss Weap 2nd Degree (C Fel) | ☑ |
| 265.02(5) | Crim Poss Weap 3rd Degree (D Fel) | ☐ |
| 265.02(1) | Crim Poss Weap 3rd Degree (D Fel) x4cts | ☐ |
| 120.14 | Menacing 2nd (A Mis) | ☐ |
| 120.20 | Reckless Endang 2nd (A Mis) | ☐ |

**Co-Defendants**

## DWI

**BAC:** 0          ☐ Refusal

☐ Video          ☐ Crash

☐ Injuries          ☐ Warrant

☐ Urine          ☐ Blood

☐ Death          ☐ Krimstock

## Drugs

☐ FEB Ordered   ☐ In File

☐ Audio          ☐ Video

**Bail Factors:**
Per SNAG, please request moderate bail.

**Follow Up:**
Speak with the cw.

☑ **TOP Request at Arraignment**

**Notifications:**
Gun Group

**Oral Statement:**   ☑ 710:30 Prepared   ☑ Oral   ☐ Written   ☐ Video
I didn't pull a gun on anyone.  I had my cellphone in my hand.
I'm a restaurant owner.  I do have guns, I have a gun permit.  One is in my kitchen in a safe, the other guns are in the box locked in my bedroom.  And I also have a rifle in my bedroom.  They're mine.

**Identification:**   **ID Type:** Showup .   ☑ 710.30 Prepared

## Case Facts / Relationship Between Parties:
No relationship between defendant and victim:
On 10/13/11 at 16:34, the defendant became involved in a road rage incident with the victim, forcing the victim to veer his vehicle across the double yellow lines into the opposing lanes of traffic.  The defendant then pulled out a black semi automatic handgun and pointed it at the victim.  The victim followed the defendant and called 911.  The defendant drove to his residence and went inside his house.  The police arrived and the defendant came out of his house.  Police officers were granted written permission by the defendant to search his residence located at 164 Mayfair Avenue, West Hempstead, New York.  While inside the residence, the defendant handed to the police a lock box containing 3 handguns, and a safe containing the loaded gun that was pointed at the victim.  The defendant stated to the police that the firearms were owned by him.  The defendant did not have a pistol license permitting him to possess any of the four firearms at 164 Mayfair Avenue.  The defendant was previously convicted of Petit Larceny.

## Assessment / Likely Defense:
By ADA Lipinsky:
Charges are sufficient.
Case was discussed with SNAG.  Per SNAG's request, no ECAB analysis.
Victim indicated to the police that he wants an order of protection.

## Evidence Seized / By Who and Where:
4 handguns, 1 rifle seized from the defendant's residence

# Defendant Information

| Def Name / Address | ECAB # | Enter Date | Offense Date | Arraign Date | DOB |
|---|---|---|---|---|---|
| Burbar, Jacob | 9162/11 | 10/13/2011 | 10/13/2011 | 10/14/2011 | 8/12/1963 |

164 Mayfair Avenue

West Hempstead, NY 11552-

Case handed off from ADA Lipinsky to ADA Formichelli (who approved final paperwork).

**Other Evidence:** ☑ 911   ☐ Photos   ☐ Video   ☐ Meds   **Provider:**

**Meds Ordered Date:**                    **911 Date:**

# Complainant / Witness Information

**Defendant:** **Burbar, Jacob**          ECAB # 9162/11

## Complainant Name / Address

Michael Laterza                    Alternative
22 Edward Avenue                   Contact:
Woodmere, NY 11598-

### Phone Numbers           ### Personal Information        ### Photo Information
**Home Phone:** (516) 837-9446    **DOB:**                **Were Photos Taken:** ☐

**Work Phone:**                  **SS #:**                **Date Photos Taken:**

**Cell Phone:**                  **Interpreter Needed:** ☐   **Photos Taken By Who:**

                                 **Language Needed:**

                                                        ### Restitution
                                 **Restitution:** ☐      **Restitution Amount:**

**Complainant Injuries:**

**Grand Jury Witnesses:**

# Miscellaneous Report

**Defendant:** Burbar, Jacob        **ECAB #:** 9162/11

## DWI

**DWI Time of Arrest:**

☐ Routine      ☐ Non Routine

**DWI Paperwork Received:**

☑ **Police Paperwork Corrections:**

☑ **Rosario**

**Changes Requested By ECAB:**
Added felony charges.
Unattached supporting deps

**Additional Notes:**
Forward Rosario.

## Penal Law

| | |
|---|---|
| **Case Approved:** | 2:45 AM |
| **Fax Received:** | 8:23 PM |
| **Time of Arrest:** | 4:37 PM |
| **Name of P.O.:** | PO Marceda |
| **P.O. Contact With ECAB at Assessment:** | Yes |
| **Command:** | Garden City |
| **Arrest Number:** | GC-00250-11 |

☐ **Follow Up Complete**

EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
JACOB BURBAR

                     Plaintiff(s),

               -against-

INCORPORATED VILLAGE OF GARDEN CITY,THE
COUNTY OF NASSAU, POLICE OFFICERS
JOHN DOE #1 AND JOHN DOE #2

                    Defendant(s)

-------------------------------------------------------------------X

<u>AFFIRMATION</u>

Index No.: 12790/12

      DANIEL FLANZIG, an attorney duly admitted to practice law in the State of New York, hereby affirms the following under the penalties of perjury:

      1.     That I am an attorney and member of the law firm of FLANZIG and FLANZIG, attorneys of record for the Plaintiff herein, and as such am fully familiar with all of the facts and circumstances heretofore had herein, based upon a review of the file maintained by this law firm.

      2.     That I submit this Affirmation in support of the within Motion which seeks an Order pursuant to CPLR Rule 3025(b), 1003 and CPLR §2001 seeking leave to amend and supplement the Summons and Verified Complaint in the form annexed hereto as Plaintiff's **Exhibit "A"** together with such other and further relief as the Court deem just and proper.

<u>**PROCEDURAL HISTORY**</u>

      3.     The within action was originally commenced by Plaintiff's previous counsel Robert Klugman, Esq. The action was commenced by the purchase of an index number on October 9, 2012 and service being made upon the COUNTY OF NASSAU on or about the 23rd day of October, 2012 and upon the VILLAGE OF GARDEN CITY on or about 23rd day of October, 2012. A copy of the original Summons and Complaint, affidavits of service and the Answer from the INCORPORATED VILLAGE OF GARDEN CITY are annexed hereto as

Plaintiff's **Exhibit "B"**. As of the date of this motion the COUNTY OF NASSAU has yet to interpose an Answer to the Complaint.

4. · That on or before the 5th day of December, 2012 your deponent was substituted as attorney of record for the Plaintiff in lieu of his previous counsel, Robert Klugman, Esq. A copy of the executed Consent to Change Attorney is annexed hereto as Plaintiff's **Exhibit "C"**. Upon a review of the Summons and Complaint and Defendant's Answers your deponent seeks leave to amend the Summons and Complaint to add as direct Defendants Police Officer ROCCO A. MARCEDA, a name unknown to the Plaintiff and his attorney at the time of the commencement of the action together with a claim against the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE. In addition Plaintiff seeks leave to supplement the Summons and Complaint to add a Cause of Action under 42 USC 1983 and 1988, claims that are not new, just require better amplification to State plaintiff's causes of action.

### STATEMENT OF FACTS

5. The within action arises out of an arrest that occurred to Plaintiff on October 13, 2011. At that time Plaintiff was arrested and charged with multiple counts, five of them relating to Plaintiff's alleged unlawful possession of multiple firearms and 2 relating to harassment. Although Plaintiff produced a valid Nassau County pistol and carry license he was still arrested and charged with unlawful possession of firearms. As a result Plaintiff spent over 40 hour in confinement, was publically arrested and handcuffed in front of his home, before his neighbors, and has had expenses in excess of $17,000.00 in attorney's fees defending the unlawful charges. All of the charges resulted in a complete dismissal against the Plaintiff. A copy of the Certificate of Disposition is annexed hereto as Plaintiff's **Exhibit "D"**, together with a copy of the transcript of the proceedings before the Nassau County, County Court indicating that all charges were dismissed on the merits and in favor of the Plaintiff on June 14, 2012.

6.      Plaintiff timely served a Notice of Claim upon THE COUNTY OF NASSAU and INCORPORATED VILLAGE OF GARDEN CITY, on or about the 10th day of January, 2012. A copy of the Notice of Claim is annexed hereto as Plaintiff's **Exhibit "E"**. Said Notice of Claim gives notice of Plaintiff's claims to the COUNTY, THE INCORPORATED VILLAGE OF GARDEN CITY and THE GARDEN CITY POLICE DEPARTMENT of false arrest malicious prosecution, and violation of  plaintiff's civil rights. Together with the original Summons and Complaint and the Notice of Claim Plaintiff is making no new substantive changes to the allegations against these Defendants, Plaintiff merely seeks to leave to amend the Complaint to add more specific and better plead causes of action based upon violation of his Constitutional rights to wit, 42 USC 1983 and 42 USC 1988, as well as to add as an individual Defendant the Police Officer whose name in now known to your affirmant and the NASSAU COUNTY DISTRICT ATTORNEYS OFFICE, an agent and division of the County of Nassau with regard to any prosecutorial misconduct conducted on behalf of its agents, servants and employees with regard to the initial investigation and approval of arrest.

7.      Annexed hereto as Plaintiff's **Exhibit "F"** is a copy of the felony complaint prepared by Officer ROCCO A. MARCEDA. Annexed hereto as Plaintiff's **Exhibit "G"** is a copy of the ECAB Work Up. As per the ECAB Work Up there is an email from Nassau County District Attorney A.D.A. Robert Formichelli together with ADA Lipinsky (whom prepared the ECAB) that the weapons charges were sufficient and the arrests as well as the prosecution were approved by the District Attorney's Office.

### RIGHT TO AMEND

8.      Plaintiff seeks leave against the Village of Garden City Defendants only as leave against the COUNTY Defendants is not required as at the time of this motion they have failed to interpose an Answer to the complaint.

ANZIG AND FLANZIG, LLP

9.     The joinder of a new party Defendant is governed by CPLR 1003 and CPLR 305, both of which were amended in 1996. Where leave of Court is not a condition precedent to the service of a Supplemental Summons and Amended Complaint because the amendment is made within the as of right time limitation set forth in CPLR 1003, the party is then joined to the action and the proposed new defendants consent is not required. Minucci v. Franklin General Hospital, 136 A.D.2d 528, 523, N.Y.S.2d 148 (2nd Dept. 1988) Where leave accord is a condition precedent to the joinder of a proposed new defendant it has been held that the proposed new defendant need not be served with notice of the plaintiff's motion. Levykh v. Laura, 274 A.D.2d 418, 711 N.Y.S.2d 449 (2nd Dept 2000) However, in this instance action in an abundance of caution the within motion is being served upon all parties.

10.    The consideration of whether a proposed new claim is time barred under an applicable statute of limitations should not be part of the calculus in determining the application for leave to amend unless the time bar defense is properly raised by one possessing it. If the person possessing the statute of limitations defense is not before the court because joinder as a proposed new party defendant is part of the relief demanded by the plaintiff on its motion to amend, the Court should not consider whether the plaintiff's new claims are exempt from statute of limitations due to the applicability of the relation backed doctrine. Horst v. Brown, 72 AD3d 434, 900 N.Y.S.2d 13 (1 Dept 2010). The standard for determining a party's right to leave of Court to amend its pleading is simply whether the amendment is palpably improper or patently insufficient as a matter of law. Koenig v Action Target, Inc., 76 A.D.3d 997, 907 N.Y.S.2d 692 (2 Dept. 2010). If it is neither, leave to amend should be freely granted unless an adverse party can demonstrate surprise or real prejudice by the amendment.

11.    The only true new defendant in the Nassau County District Attorney's Office, however the County Attorney's office failed to appear in this action and is in default. As the

ANZIG AND FLANZIG, LLP

Second Department held in <u>Johnson v. Kings County DA's Office</u>, 308 A.D.2d 278 763 N.Y.S.2d 635 (2nd Dept 2003) a District Attorney's Office which is immune from liability under 42 USC 1983 may none the less subject the City to liability pursuant therefore for failure to train and supervise its municipal employees. If failure by the District Attorney's office to train the Assistant District Attorneys and other personnel with regard to proper procedures for determining whether persons detained by them are in fact the persons sought out by authorities makes out an adequately alleged and threshold showing that the Plaintiff's Constitutional harm was caused by its actions. Moreover, the failure by the District Attorney's Office who trained for this situation constitutes "deliberate indifference" sufficient to give rise to municipal liability. Given that the original Notice of Claim and Summons and Complaint were timely served on the County of Nassau whom is liable for the acts of its District Attorneys, ample notice of Plaintiff's constitutional claims were given to the County Defendant. Defendants cannot show any prejudice or harm given the within amendment. This especially in light that the COUNTY has failed to interpose an Answer to Plaintiff's Complaint and that leave would be freely given pursuant to CPLR 3025. The Plaintiff has verified the Amended Supplemental Complaint in support of this motion.

WHEREFORE, your deponent respectfully requests that this Honorable Court grant the within Plaintiff's within Motion and allow serve the amended Summons and Supplemental Complaint in the form annexed hereto as Plaintiff's **Exhibit "A"** , and that service of this motion together with a copy of the on the Attorneys who have appeared in this action be

deemed good and sufficient together with a copy of Amended Summons and Complaint and Supplemental Summons the shall be deemed good and sufficient service upon these Defendants, together with such other and further relief as this Honorable Court deems just and proper.

Dated: Mineola, New York
      January 8, 2013

_____
DANIEL FLANZIG

STATE OF NEW YORK          )
                          )ss.:
COUNTY OF NASSAU          )

Elizabeth A. Liotta, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside at: Levittown, New

York.

On January 23, 2013, I served the within Affidavit upon the following:

> Robert Klugman, Esq.
> Attorney for Plaintiff
> 1305 Franklin Avenue, Suite 270
> Garden City, New York 11530
>
> Daniel Flanzig, Esq.
> Flanzig and Flanzig, LLP
> 323 Willis Avenue
> PO Box 669
> Mineola, New York 11501

by depositing a true copy thereof enclosed in a post-paid wrapper, by certified mail, return

receipt requested, in an official depository under the exclusive care and custody of the U.S.

Postal Service within New York State, addressed to each of the above persons at the last

known address set forth after each name.

_____
Elizabeth A. Liotta

Sworn to before me
January 23, 2013

_____
Notary Public

GERALDINE LEBECK
NOTARY PUBLIC, State of New York
No. 30-4804779
Qualified in Nassau County
Term Expires December 31, 201 4