SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.: 12790/12

------------------------------------------------------------------X

JACOB BURBAR,

Plaintiff,

- against -

INCORPORATED VILLAGE OF GARDEN CITY,
GARDEN CITY POLICE DEPARTMENT, GARDEN
CITY POLICE OFFICER ROCCO A. MARCEDA and
GARDEN CITY POLICE OFFICERS JOHN DOE #1
and JOHN DOE #2, and THE COUNTY OF NASSAU,
THE NASSAU COUNTY DISTRICT ATTORNEYS
OFFICE,

Defendants.

------------------------------------------------------------------X

**AMENDED
SUMMONS**
Plaintiff designates
Nassau County as the place
of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
164 Mayfair Avenue
Hempstead, NY

**To the above named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's attorneys within twenty days after the service of this summons,
exclusive of the day of service, where service is made by delivery upon you personally within
the state, or, within 30 days after completion of service where service is made in any other
manner. In case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the complaint.

Dated: Garden City, New York
January 8, 2013

DANIEL FLANZIG
FLANZIG and FLANZIG, LLP
Attorneys for Plaintiff(s)
323 Willis Avenue, P.O. Box 669
Mineola, N.Y. 11501
(516) 741-8222

TO:

Village Clerk
Incorporated Village of Garden City
351 Stewart Avenue
Garden City, New York 11530

Garden City Police Department
349 Stewart Avenue
Garden City, NY 11530

Office of County Attorney, County of Nassau
County Executive Building
One West Street
Mineola, New York 11501

Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY 11501

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.: 12790/12

---------------------------------------------------------------X

JACOB BURBAR,

               Plaintiff,

- against -

INCORPORATED VILLAGE OF GARDEN CITY,
GARDEN CITY POLICE DEPARTMENT, GARDEN
CITY POLICE OFFICER ROCCO A. MARCEDA and
GARDEN CITY POLICE OFFICERS JOHN DOE #1
and JOHN DOE #2, THE COUNTY OF NASSAU,
THE NASSAU COUNTY DISTRICT ATTORNEYS
OFFICE,

               Defendants.

**SUPPLEMENTAL
AMENDED
COMPLAINT**

---------------------------------------------------------------X

       Plaintiff, by his attorneys Flanzig and Flanzig, LLP his attorney as and for his amended complaint, respectfully alleges:

       FIRST:      That at all times hereinafter mentioned, the Plaintiff, JACOB BURBAR, was and is a resident of the County of Nassau, State of New York.

       SECOND:     That at all times hereinafter mentioned, the Defendant, COUNTY OF NASSAU, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

       THIRD:      That at all times hereinafter mentioned, the Defendant, VILLAGE OF GARDEN CITY, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

       FOURTH:     That all times hereinafter mentioned the GARDEN CITY POLICE DEPARTMENT was a municipal corporation, entity, agency or department of the INCORPORATED VILLAGE OF GARDEN CITY, duly organized an existing under the laws of the State of New York.

Answer to Plaintiff's Complaint. THE COUNTY OF NASSAU has yet to answer the complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

### FALSE ARREST, MALICIOUS PROSECUTION, UNLAWFUL IMPRISONMENT, FALSE IMPRISONMENT and ABUSE OF PROCESS.

TWELFTH: Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

THIRTEENTH: That on October 13, 2011 plaintiff was placed under arrest at his home by OFFICER ROCCO A. MARCEDA, OFFICER JOHN DOE #1 and #2.

FOURTEENTH: That plaintiff was charged with various crimes including Penal law 265.03 and 265.02, and was arrested, handcuffed, jailed, and prosecuted for these alleged violations.

FIFTEENTH: That all charges that were bought against plaintiff were dismissed, on the merits and in favor of the plaintiff and the DISTRICT ATTORNEY refused to prosecute and admitted that at the time of his arrest plaintiff was lawfully licensed to possess the firearms in question and as such they could not proceed with the prosecution.

SIXTEENTH: That as a result of the unlawful arrest and prosecution plaintiff was unlawfully detained, jailed, defamed, suffered substantial legal fees and was subject to public humiliation and his reputation in the community was damaged.

SEVENTEENTH: The nature of Plaintiff's claims are to recover monetary damages from all Defendants, including, but not limited to punitive damages against POLICE OFFICERS, ROCCO A. MARCEDA, JOHN DOE 1 & 2, individually, for violation of constitutional rights, pursuant to 42 USC§ 1983, 1988 for false arrest, physical abuse, excessive force, deprivation of

.NZIG AND FLANZIG, LLP

liberty pursuant to the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and/or Article I, §§ 5, 6, 8, 9,12 of the New York Constitution, and the negligence, carelessness, recklessness, maliciousness, and the deliberate indifference of the COUNTY OF NASSAU, INCORPORATED VILLAGE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT, and the NASSAU COUNTY DISTRICT ATTORNEYS OFFICE as well as its agents, servants and/or employees, including but not limited to its police officers, prosecutors and District Attorney, including its Police Officers, ROCCO A. MARCEDA, Police Officers JOHN DOE 1 & 2, for false arrest, false imprisonment, abuse of process, defamation of character and mental anguish/psychological and punitive damages.

EIGHTEENTH: The aforesaid Defendants, at all relevant times were acting under the color of state law in holding, arresting and prosecuting Plaintiff JACOB BURBAR, against his will, with knowledge and/or reason to know that JACOB BURBAR did not commit a crime and with express purpose of denying his Constitutional rights by placing him under arrest, commencing a criminal prosecution and unlawfully confining Plaintiff and placing Plaintiff in jail.

NINETEENTH: That at all times hereinafter mentioned, the Defendants, POLICE OFFICERS, ROCCO A. MARCEDA and GARDEN CITY POLICE OFFICERS JOHN DOE 1 & 2, were acting within the scope of their employment or on behalf of the COUNTY OF NASSAU, INCORPORATED VILLAGE OF GARDEN CITY, the NASSAU COUNTY POLICE DEPARTMENT, GARDEN CITY POLICE DEPARTMENT and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE.

Wherefore, Plaintiff claims damages in the first cause of action in an amount of money that exceeds the monetary jurisdiction of all lower Courts, damages allowed pursuant to 42 USC 1983, 1988, and punitive damages where allowed together with such other and further relief this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION

### 42 USC § 1981, 1983 FOR DEPRIVATION OF PLAINTIFF'S FOURTH, FIFTH and FOURTEENTH AMENDMENT RIGHTS AND N.Y. STATE CONSTITUTIONAL RIGHTS.

TWENTIETH: Plaintiff repeats , reiterates and realleges all of the allegations set forth above.

TWENTY-FIRST: That at all times herein after mentioned the Defendants, were employees, agents and/or servants of the INCORPORATED VILLAGE OF GARDEN CITY AND THE GARDEN CITY POLICE DEPARTMENT, THE COUNTY OF NASSAU and THE NASSAU COUNTY DISTRICT ATTORNEYS OFFICE.

TWENTY-SECOND: The true names and identities of Defendant, JOHN DOE #1 and JOHN DOE #2 are presently unknown to Plaintiff. Plaintiff uses the fictitious name DOE to designate these Defendants. Plaintiff alleges that the DOE Defendants are legally responsible for the incident, injuries and damages set forth here, and that each of the DOE Defendants proximately caused the incident, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act

ANZIG AND FLANZIG, LLP

or omission. Plaintiffs will seek to amend this Complaint as soon as the true names and identities of the DOE Defendants have been ascertained.

TWENTY-THIRD: Each of the Defendants, including Officer MARCEDA, JOHN DOE #1 and JOHN DOE #2, caused, and is legally responsible for, the incident, unlawful conduct, injuries and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

TWENTY-FOURTH: That as a result of the acts and omissions of its employee's, agents and servants, including its police officers and supervisors the Defendants THE COUNTY OF NASSAU and THE INCORPORATED VILLAGE OF GARDEN CITY are liable.

TWENTY-FIFTH: Upon information and belief, that at all times hereinafter mentioned, the Defendants employed Police officers, jailers, district attorney, assistant district attorneys and others hereinafter mentioned in this complaint.

TWENTY-SIXTH : Upon information and belief, the defendants owned, maintained, and controlled the various courthouses, jails and their equipment, police stations, and the vans used to transport prisoners, all hereinafter mentioned in this complaint.

TWENTY-SEVENTH: That POLICE OFFICERS ROCCO A. MARCEDA and JOHN DOE # 1 & 2, arrested Plaintiff JACOB BURBAR, with the express intent of preventing him from further expressing his First, Fourth and Fourteenth Amendment rights under the United

States Constitution and Article I § 6, 8, 12 rights to free speech and liberty under the New York State Constitution and with a deliberate indifference to same, and took him into custody against his will by placing Plaintiff, in handcuffs, under arrest, in the police precinct, in jail and holding him against his will and subjecting him to criminal prosecution.

TWENTY-EIGHTH: That it was the procedure of the INCORPORATED VILLATE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT, COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE as well as its Prosecutors and Police Officers to take an arrestee in custody to the precinct, log in the arrestee and speak with the shift's Desk Lieutenant or other supervisors or prosecutors, the District Attorney, Assistant District Attorneys, and their agents servants and employees regarding the events surrounding the arrest and the charges made or to be made.

TWENTY-NINTH    That all times herein after mentioned, it was the procedure of POLICE OFFERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2 and THE GARDEN CITY POLICE DEPARTMENT AND COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE as well as its agents, servants and employees, that the Police Officers or supervisors propose that the arrestee should be formally charged with the alleged crime committed and has the ultimate authority to decide if an arrest should be voided and/or terminated or if charges should be formally prepared and what those charges will be.

THIRTIETH:    That POLICE OFFERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2, arrested and chose and initiated the prosecution of the Plaintiff, JACOB BURBAR, despite the fact that they knew there was no probable cause of justification for arresting and detaining, charging him with any crime.

THIRTY-FIRST: That POLICE OFFICERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2, THE GARDEN CITY POLICE DEPARTMENT AND COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEYS OFFICE failed to release Plaintiff, JACOB BURBAR and failed to perform a proper search to ascertain that Plaintiff was lawfully licensed to possess and or carry a firearm in the County of Nassau, that pursuant to demand, the Plaintiff lawfully produced a valid firearm license, and that at the time of the arrest the plaintiff was not in actual possession of a firearm. That all charges were ultimately dismissed, on the merits, and in favor of Plaintiff.

THIRTY-SECOND: That POLICE OFFICERS, ROCCO A. MARCEDA and JOHN DOE # 1 & 2 and THE GARDEN CITY POLICE DEPARTMENT AND COUNTY OF NASSAU and the NASSAU COUNTY DISTRICT ATTORNEYS OFFICE acted within the scope of their employment and under the authority of color of State Law.

Wherefore, Plaintiff claims damages in an amount of money that exceeds the monetary jurisdiction of all lower Courts, damages allowed pursuant to 42 USC 1983, 1988 and punitive damages where allowed together with such other and further relief this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION

### 42 USC 1981, 1983 MUNICIPAL LIABILITY

THIRTY-THIRD: Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

THIRTY-FOURTH: That at all times prior to and including October 13, 2011 the Defendants, INCORPORATED VILLATE OF GARDEN CITY, GARDEN CITY POLICE DEPARTMENT and THE COUNTY OF NASSAU, and THE NASSAU COUNTY DISTRICT

NZIG AND FLANZIG, LLP

ATTORNEYS OFFICE, tolerated and permitted a pattern and practice of unjustified, unreasonable, and illegal abuse of arrests of persons by police officers.

THIRTY-FIFTH: That at all times herein mentioned their employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures, and firearm and background checks; failed to control and supervise their employees, agents and/or servants; and failed to prevent the aforesaid arrest, detention, prosecution, defamation, pain and suffering, detainment and imprisonment and permanent psychological injuries to the Plaintiff; that the employees supervisors and individuals were not reprimanded or disciplined or subject to restraint for such incidents and behavior, and such incidents were in fact cover up or made to portrayed that such unlawful conduct was justified, and that the COUNTY, VILLAGE and their agents servants and employees were permitted to engage in this practice and the these actors were otherwise reckless, and acted with a deliberate indifference towards the rights of the plaintiff.

THIRTY-SIXTH: That at all times hereinafter mentioned the above named police officers, District Attorneys and others were acting in the scope and within furtherance of their duties with the municipal Defendants.

THIRTY-SEVENTH: That as a result of the above referenced negligence; Plaintiff was caused to sustain pain and suffering, defamation, arrest, detainment, attorney's fees and permanent psychological injuries.

Wherefore, Plaintiff demands judgment in the third cause of action against these defendants and was damaged in a sum of money in excess of the jurisdictional limits of all lower Courts, together with whatever damages allowed by law and under 42 USC 1988.

## AS AND FOR A FOURTH CAUSE OF ACTION

## AGAINST POLICE OFFICERS , ROCCO A. MARCEDA,
## JOHN DOE 1 & 2 INDIVIDUALLY, FOR DEPRIVATION
## OF PLAINTIFF'S LIBERTY

THIRTY-EIGHTH: Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

THIRTY-NINTH: Although the Defendants, POLICE OFFICERS ROCCO A. MARCEDA and JOHN DOE # 1 and 2 know or should have known that returning to the plaintiffs home on October 11, 2011 and knowing that they had no probable cause to place plaintiff under arrest for the charges, knew their conduct of detaining, prosecuting and arresting Plaintiff JACOB BURBAR when they knew they had no cause or right, in violation of Plaintiff's constitutional rights, the Defendants, detained the Plaintiff JACOB BURBAR, causing Plaintiff to be imprisoned, prosecuted, jailed, and suffer loss of liberty and incurred extensive legal fees, even though they knew or had reason to know that they were making an unlawful arrest.

FORTIETH: That as a result of the above, the Plaintiff demands judgment against the Defendants in the fourth cause of action and was damaged in a sum of money in excess of the jurisdictional limits of all lower Courts, together with punitive damages, together with all damages allowed by law.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR NEGLIGENCE

FORTY-FIRST: Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

FORTY-SECOND: That on October 13, 2011, at approximately 4:37 p.m. and the hours thereafter, the aforesaid Defendants, without cause or provocation, carelessly, negligently

Wherefore, by reason of the foregoing, Plaintiff seeks damages in the Fifth Cause of Action and demands judgment against these Defendants in the amount that exceeds the monetary jurisdiction of all lower Courts together with damages and remedies allowed by law.

## AS AND FOR A SIXTH CAUSE OF ACTION

### FOR MALICIOUS AND WILFUL DISREGARD
### OF PLAINTIFF'S RIGHTS AND INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

FORTY-SIXTH:     Plaintiff repeats, reiterates and realleges all of the allegations set forth above:

FORTY-SEVENTH:   That on October 13, 2011, at approximately 4:37 p.m. and the hours thereafter, the aforesaid Defendants, without cause or provocation, carelessly, negligently and recklessly and maliciously, detained, arrested and imprisoned the Plaintiff, JACOB BURBAR, despite knowing that there were no cause or grounds therefore, in fact, still effectuated an arrest and prosecution and acted with a deliberate indifference to Plaintiff's Constitutional and State rights.

FORTY-EIGHTH:     That Plaintiff JACOB BURBAR did not move or attempt to use any force in response, did not resist the force being used upon him, nor did he have an opportunity to, as POLICE OFFICERS ROCCO A. MARCEDA, JOHN DOE #1 and 2 used excessive force in effectuating an unauthorized arrest without probable cause or reasonable grounds therefore to believe that Plaintiff JACOB BURBAR committed a crime.

FORTY-NINTH:   That despite knowledge that Plaintiff was licensed to possess a firearm, the Defendants and each of the placed Plaintiff under arrest, and did so publically in front of plaintiff's home, and in front of plaintiff's neighbors detaining Plaintiff, jailed Plaintiff, subjected Plaintiff to criminal prosecution, jail, court appearance and legal fees when at all times

NZIG AND FLANZIG, LLP

the defendants know or should have known Plaintiff was so authorized to poses a fireman. As a result of the willful and malicious acts of the Defendants and each and every one of them Plaintiff has been injured and damaged.

FIFTIETH: Wherefore, by reason of the foregoing, Plaintiff seeks damages and demands judgment against these Defendants in the amount that exceeds the monetary jurisdiction of all lower Courts, and for Punitive Damages, together with damages and remedies allowed by law.

WHEREFORE , Plaintiff demands judgment in each and every cause of action pursuant to 42 United States Code, Section 1980, 1981, 1983 and for attorneys' fees under section 1988, and for his State Common Law claims, for monetary compensation, for pain and suffering, unlawful imprisonment, malicious prosecution, attorneys fees, and loss of reputation and punitive damages; and on all Claims, in an amount of money that exceeds the monetary jurisdiction of all lower Courts and for punitive damages where allowed by law together with whatever further and other relief this Court deems just and proper, together with the costs and disbursements of this action.

Dated:     Mineola, NY
           January 8, 2013

Yours, etc:

DANIEL FLANZIG
FLANZIG and FLANZIG, LLP
323 Willis Avenue, P.O. Box 669
Mineola, NY 11501
(516) 741-8222

**VERIFICATION BY AFFIDAVIT**

STATE OF NEW YORK

ss:

COUNTY OF NASSAU

JACOB BURBAR, being duly sworn, says:

I am a Plaintiff in the action herein: I have read the annexed **AMENDED SUPPLEMENTAL COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

_____
JACOB BURBAR

Sworn to before me this
_8_ day of _JAN_, 2013

_____
Notary Public

PATRICIA DITOMASSO
Notary Public, State of New York
No. 01DI6123240
Qualified in Nassau County
Commission Expires March 7, 20/3

NZIG AND FLANZIG, LLP