FILED
CLERK

8/19/2013 11:46 am

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

-------------------------------------------------------X

JACOB BURBAR,

                Plaintiff,

MEMORANDUM OF DECISION
AND ORDER
2:13-CV-01350 (ADS)(ETB)

    -against-

INCORPORATED VILLAGE OF GARDEN
CITY, GARDEN CITY POLICE
DEPARTMENT, GARDEN CITY POLICE
OFFICER ROCCO A. MARCEDA,
GARDEN CITY POLICE OFFICERS JOHN
DOE #1 AND JOHN DOE #2, THE
COUNTY OF NASSAU, and THE NASSAU
COUNTY DISTRICT ATTORNEYS OFFICE

                Defendants,

-------------------------------------------------------X

**APPEARANCES:**

**Law Offices of Robert Klugman**
*Attorneys for the Plaintiff*
1305 Franklin Avenue
Suite 270
Garden City, NY 11539
    By: Robert Klugman, Esq., of counsel

**Flanzig and Flanzig, LLP**
*Attorneys for the Plaintiff*
323 Willis Avenue, P.O. Box 669
Mineola, NY 11501
    By: Daniel Flanzig, Esq., of counsel

**Cullen and Dykman, LLP**
*Attorneys for the Defendants Incorporated Village of Garden City, Garden City Police Department and Garden City Police Officer Rocco A. Marceda*
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
    By: Cynthia A. Augelo, Esq., of counsel

**Office of the Nassau County Attorney**
*Attorneys for Nassau County*
1 West Street
Mineola, NY 11501
    By: Andrew Kenneth Preston
        **Deputy County Attorney**

**Spatt, District Judge,**

On October 9, 2012, Jacob Burbar (the "Plaintiff") filed this action in Supreme Court of the State of New York, Nassau County. On March 14, 2013, the state action was removed by the Defendant Incorporated Village of Garden City on the basis of federal question jurisdiction.

Presently before the Court is a motion to dismiss the amended complaint as against the Defendants Village of Garden City ("the Village"), the Garden City Police Department, and Garden City Police Officer Rocco A. Marceda. For the following reasons, the motion is denied in part and granted in part.

## I. BACKGROUND

### A. Factual Background and Procedural History

Unless otherwise stated, the following facts are drawn from the amended complaint and construed in a light most favorable to the Plaintiff.

On October 13, 2011, the Garden City Police Department received a call arising out of a "road rage" incident involving the Plaintiff, who allegedly waved and pointed a gun at a civilian. In a sworn statement, the civilian later stated that he was in "fear for [his] life." The Garden City Police Department was subsequently summoned to the Plaintiff's home. The Plaintiff did not resist and allowed the officers to enter his home. Upon the demand of the Police, the Plaintiff produced handguns from locked safes in his home. The Plaintiff also produced a valid Nassau County carry pistol license, which states: "premise license valid only on specified premises."

2

(Brian Ridgway Affid, at Exh C.)  The responding Garden City Police Officers, including Police Officer Marceda, confiscated the weapons and issued an appearance ticket to the Plaintiff, charging him with menacing relating to the road rage incident.  At that time, the officers did not discuss charges regarding the handguns.  Further, no criminal complaints, violations, or charges were issued regarding the possession of the weapons.

Later that day, it was discovered that the Plaintiff had a previous criminal history. (Ridgway Affid, at Exh. D.)  It was also discovered that the Plaintiff allegedly improperly stored the aforementioned weapons at his home, as he only possessed a business pistol license. (Id., at Exh C.)  The officers then returned to the Plaintiff's home.  The officers directed the Plaintiff to get dressed; they handcuffed him; and they brought him back to the Police Department.  The officers advised the Plaintiff that he was being charged with five felonies relating to the unlawful possession of a firearm.  The Plaintiff told the officers that he had a valid permit and, because they previously took the guns from him, he no longer possessed the guns.

At about 3:00 in the morning, the Plaintiff was taken to the Nassau County Police Headquarters, where he was fingerprinted and placed in a cell.  The next morning, the Plaintiff was taken to the Hempstead Courthouse and arraigned for the five felonies relating to unlawful possession of a firearm.  The Nassau County District Attorney's Office represented at the arraignment that there were unregistered guns recovered from the Defendant's home.  After the arraignment, the Plaintiff was detained at the East Meadow Jail, where he was held until the next day when his bail was posted.

At the first pre-trial conference held on January 6, 2012, the People asked the Court to reduce each charge and then asked the Court to dismiss all the reduced charges, stating "The people cannot prosecute the Defendant for the weapons charges as Defendant is licensed to

3

possess the firearm in question." Thereafter, the court dismissed all the charges and the record was sealed.

The remaining two counts as to the alleged menacing charges were referred to the District Court, Nassau County. There, the People consented to the Defendant's motion to dismiss the charges and the record was sealed.

On or about October 9, 2012, the Plaintiff filed this complaint in Supreme Court of the New York, Nassau County against the Village, the County of Nassau, and Police Officers John Doe # 1 and John Doe # 2. On January 8, 2013, the Plaintiff moved to amend the complaint to add new causes of action based on alleged violations of 42 U.S.C. §§1981, 1983 and the Fourth, Fifth, and Fourteenth Amendments. The Plaintiff also sought to add as Defendants Police Officer Marceda and the Nassau County District Attorney's Office. On February 1, 2013, the state court granted the motion to amend.

In the amended complaint, the Plaintiff alleges that he has established a *prima facie* case of wrongful arrest because, at the time of his arrest he no longer "possessed" the handguns in question and he was at all times "lawfully licensed" to possess the fire arms. The Plaintiff further alleges that he has established a *prima facie* case of wrongful arrest because the Defendants lacked probable cause to make the arrest.

Although not precisely delineated by the amended complaint, the causes of action against the Village Defendants and the Individual Defendants appear to be premised on false arrest, false imprisonment, abuse of process, malicious prosecution, all under both §1983 and state law; §1981; the 5th Amendment; common law negligence; and intentional infliction of emotional distress.

4

As stated above, on March 14, 2013, the Defendants removed this action to this Court on the basis of federal question jurisdiction. Presently before the Court is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by the Village, the Garden City Police Department (collectively the "Village Defendants"), Police Officer Marceda, and Police Officers John Doe #1 and #2 (collectively the "Individual Defendants").

## II. DISCUSSION

### A. Legal Standards

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard, except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.

As to the 12(b)(6) standard, under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id.

(quoting Iqbal, 56 U.S. at 663). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 56 U.S. at 664). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 56 U.S. at 664.

Finally, "in adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. West Point–Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)).

**B. As to the Plaintiff's Alleged Failure to Comply with New York's Notice of Claim of Statute**

"Under New York law a notice of claim is a condition precedent to bringing personal injury actions against municipal corporations." Hardy v. New York City Health & Hospitals Corp., 164 F.3d 789 (2d Cir. 1999). "The notice of claim must set forth . . . the nature of the claim, and must be filled within ninety days of when the claim arises." Id.; see N.Y. Gen. Mun. Law § 50-e. "Under New York Law, if §50-e has not been satisfied (and the defendant has not waived its right to a notice of claim), no damages are available." Hardy 164 F.3d at 794. "The purpose of a notice of claim is to allow the municipality to investigate complaints adequately." Marino v. Chester Union Free Sch. Dist., 859 F. Supp. 2d 566, 570 (S.D.N.Y. 2012).

6

In this case, the Notice of Claim asserted the following claims: (1) false arrest; (2) illegal imprisonment; (3) malicious prosecution; (4) illegal prosecution; (5) arrest without probable cause; (6) negligence; (7) damage to the Plaintiff's reputation; (8) impairment of health; and (9) civil rights violations. The Defendants contend that four additional state law claims not previously included in the Notice of Claim – namely, claims of abuse of processes, physical abuse and excessive force, negligence, and intentional infliction of emotional distress – should be dismissed. In this regard, the Defendants contend that the additional causes of action would materially change the nature of the Plaintiff's claim and constitute new theories of liability.

In Gonzalez v. Bratton, 147 F. Supp. 2d 180 (S.D.N.Y. 2001), the court observed that even though the Plaintiff failed to specify an intentional infliction of emotional distress claim in the plaintiff's notice of claim, the City Defendants learned about the events underlying that claim through the prior-asserted previous retaliation and discrimination charges. Id. at 193. The court explained that "not every claim needs to be set forth . . . as long as the details pertaining to such a claim are described sufficiently with respect to time, place and manner." Id.

Likewise, here, the Defendants were aware of the ten claims listed in the original Notice of Claim. All of the claims in the Notice of Claim arose from the same underlying arrest, which the Plaintiff alleges were carried out without probable cause. The "Plaintiff['s] notice of claim certainly g[ave] the [Defendants] enough information to investigate the incident at issue here." Cunninham v. New York City, 04 CIV. 10232 (LBS), 2008 WL 1944696, at *2 (S.D.N.Y. May 1, 2008). Therefore, the Defendants had sufficient notice of the claims asserted and the Court denies the motion to dismiss on the ground of the alleged failure to comply with the Notice of Claim statute.

**C. As to the Plaintiff's Federal Claims Against the Individual Defendants**

On the merits, it appears that the Plaintiff's claims under 42 U.S.C. §1981 and §1983 against the Garden City Defendants and the individual defendants are based upon the underlying claims for false arrest, false imprisonment, abuse of process, and malicious prosecution and are brought to vindicate the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. As to the Individual Defendants, it is not clear if the claims are brought against them in their individual or official capacities. To the extent these claims are brought against these agents of the Village of Garden City in their official capacities, the claims amount to claims against the Village. As the Plaintiff has already named the Village as a Defendant, the Plaintiff's claims against the individual defendants are redundant and unnecessary.

With respect to the Plaintiff's claims under §1983 against the Individual Defendants in their individual capacities, the Defendants assert that the claims for false arrest and false imprisonment must be dismissed as a matter of law because probable cause existed for the Plaintiff's arrest.

"In New York, the claim colloquially known as "false arrest" is a variant of the tort of false imprisonment, and that tort is used to analyze an alleged Fourth Amendment violation in the §1983 context." Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 334 (E.D.N.Y. 2006) To prevail, a plaintiff must prove four elements: "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not contest the confinement, and (4) the confinement was not otherwise privileged." Broughton v. State, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 335 N.E.2d 310 (1975), cert. denied, 423 U.S. 929, 96 S. Ct. 277, 46 L. Ed.2d 257 (1975) (internal citations omitted). The only element in dispute in the instant case is the last

8

element – that is, the Defendants contend that the arrest was privileged as a matter of law because it was supported by probable cause. Even if probable cause to arrest is ultimately found not to have existed, an arresting officer will still be entitled to qualified immunity from a suit for damages if he or she can establish that an 'arguable probable cause' to arrest." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" Id.

"[O]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 128 (2d Cir. 1991). This is because, "[i]t is up to the fact finder to determine whether a defendant's story holds water, not the arresting officer." Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989). Thus, "probable cause exists even where it is based upon mistaken information, so long as the arresting officer was reasonable in relying on that information." Bernard v. United States, 25 F.3d 98, 103 (2d Cir. 1994).

Here, the Plaintiff insists that the arrest was unsupported by probable cause. As noted above, when the Plaintiff was arrested, he was charged with violations of New York Penal Law §§265.01, 265.02, and 265.03.

Under New York law, a person is guilty of criminal possession of a weapon in the fourth degree when he possesses a firearm, criminal possession of a weapon in the third degree when he possesses a loaded firearm, and criminal possession of a weapon in the second degree when he possesses a loaded firearm with intent to use it unlawfully against another. See New York Penal Law §§265.01, 265.02, 265.03. Here, at the time of the Plaintiff's arrest, it is undisputed that the

9

Plaintiff possessed five firearms. (Plf's Mem, at 1.) The Plaintiff had previously been convicted of a crime. (Def's Exh 7.) Also, a sworn statement alleged that the Plaintiff had previously waved and pointed a gun at a civilian. Under these circumstances, "arguable probable cause" existed for the arrest. Accordingly, the Plaintiff's §1983 claims based on false arrest and false imprisonment against the Individual Defendants are dismissed.

Similarly, the Plaintiff fails to state a claim with respect to the abuse of process claim under §1983. An abuse of process claim under §1983 is governed by state law. See Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994). Under New York law, "a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." See Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) (quotation and citation omitted). "The crux of a malicious abuse of process claim is the collateral objective element. To meet this element, a plaintiff must prove not that defendant acted with an improper motive, but rather an improper purpose – that is, he must claim that [the defendant] aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." Douglas v. City of New York, 595 F. Supp. 2d 333, 344 (S.D.N.Y. 2009) (quotation and citation omitted).

In his opposition to the motion to dismiss, the Plaintiff contends, for the first time, that the police officers arrested him, not to enforce a criminal possession charge, but to improperly regulate the way in which the plaintiff possessed the weapons. (See Pls's Mem, at 12.) These allegations are nowhere to be found in the complaint and the "Plaintiff may not amend his complaint through motion papers and the Court will not consider this newly raised claim." Willner ex rel. Willner v. Doar, 12-CV-1955 (RRM)(RER), 2013 WL 4010205, at *5 (E.D.N.Y.

10

Aug. 5, 2013); see also Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting a new claim raised for the first time in plaintiff's opposition to a motion to dismiss); Jacobson v. Peat, Marwick, Mitchell & Co., 445 F. Supp. 518, 526 (S.D.N.Y. 1977) (party may not amend pleading through statements in briefs).

However, the Court finds that the Plaintiff sufficiently states a claim for malicious prosecution under section 1983 against the Individual Defendants. For such a claim, a plaintiff must allege all the elements of malicious prosecution under state law. See Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002); see also Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989) ("A claim of malicious prosecution brought pursuant to section[ ] 1983 . . . is governed by state law in the absence of federal common law."). "To state a claim under New York law for the tort of malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). To demonstrate malice in a malicious prosecution claim, a plaintiff need not "prove that the defendant was motivated by spite or hatred." Nardelli v. Stamberg, 44 N.Y.2d 500, 502–03, 375 N.E.2d 29, 404 N.Y.S.2d 73 (1978). Rather, a plaintiff must show that the defendant "commence[d] a criminal proceeding 'due to a wrong or improper motive, something other than a desire to see the ends of justice served.'" Maskantz v. Hayes, 39 A.D.3d 211, 215, 832 N.Y.S.2d 566, 570 (1st Dept. 2007) (quoting Nardelli, 44 N.Y.2d at 502–03).

Here, the Individual Defendants do not dispute that the first two elements are satisfied – that a criminal proceeding was commenced against the Plaintiff and that it terminated in the Plaintiff's favor. Rather, they contend that probable cause existed and that the proceeding was

11

not instituted with malice. Here, while probable cause supported the arrest, probable cause did not extend to support the commencement of the criminal proceeding because the Plaintiff was licensed to possess the firearms in question. Moreover, because "[a] lack of probable cause generally creates an inference of malice," Boyd v. City of New York, 336 F.3d 72, 78 (2d Cir. 2003) (internal citation omitted), the Court finds that the Plaintiff has stated a claim for malicious prosecution under §1983 against the Individual Defendants.

The Court now addresses the Plaintiff's claim against the Individual Defendants under 42 U.S.C. §1981. To state a claim under §1981, a plaintiff must allege facts demonstrating: 1) his or her racial minority status; 2) that defendants intentionally engaged in racial discrimination; and 3) that defendants' racial discrimination interfered with plaintiff's ability to "make and enforce contracts, sue, be party to a suit, [or] give evidence." McNeill v. City and State of New York, 242 Fed. Appx. 777, 778, 2007 WL 27819100, at * 1 (2d Cir. Sept.25, 2007); Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir.1993). This statute was not "meant to provide an omnibus remedy for all racial injustice." Domino's Pizza v. McDonald, 546 U.S. 470, 478, 126 S. Ct. 1246, 1252, 163 L. Ed. 2d 1069 (2006). Rather, "[a]ny claim brought under §1981 . . . must initially identify an impaired contractual relationship" or the abridgement of some other right specifically enumerated in the statute. Id. at 476, 126 S. Ct. at 1249.

In this case, the Plaintiff does not identify his racial status, much less indicate whether he qualifies as a racial minority. Furthermore, the Plaintiff "fail[s] to identify any contract they were prevented from executing, or any contractual right which [he was] unable to enforce due to defendants' conduct. The complaint is also devoid of any [nonconclusory] claim that plaintiffs were deprived of their respective rights to participate in judicial proceedings." Leung v. New

York Univ., 08-CV-5150 (GBD), 2010 WL 1372541, at *6 (S.D.N.Y. Mar. 29, 2010). Accordingly, the Plaintiff's claim under §1981 against the Individual Defendants is dismissed.

Finally, the Plaintiff fails to state a claim under the Fifth Amendment to the United States Constitution against the Individual Defendants. The "Plaintiff's reliance upon the Fifth Amendment as the basis for his due process claim is misplaced because the Fifth Amendment regulates due process violations by federal actors only." Dellate v. Great Neck Union Free Sch. Dist., CV 09-2567 AKT, 2010 WL 3924863, at *5 (E.D.N.Y. Sept. 30, 2010) aff'd sub nom. Dellatte v. Great Neck Union Free Sch. Dist., 448 F. App'x 164 (2d Cir. 2012) ; see Burgess v. County of Rensselaer, 1:03–CV–652, 2006 WL 3729750, at * 5 (N.D.N.Y. Dec.18, 2006); citing Sylla v. City of New York, 04–cv–5692, 2005 WL 3336460, at * 2 (E.D.N.Y. Dec.8, 2005) ("The Fifth Amendment is applicable only to the federal government.");

**D. As to the Plaintiff's Federal Claims Against the Village and the Police Department**

As an initial matter, the Village of Garden City is a municipal government in New York State. Carbajal v. Cnty. of Nassau, 271 F. Supp. 2d 415, 418 (E.D.N.Y. 2003) ("Hempstead Village is a municipality in New York State."). "Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." Hall v. City of White Plains, 185 F.Supp.2d 293, 303 (S.D.N.Y.2002) (citations omitted). For example, "[a] police department is an administrative arm of the municipal corporation." Id. (citing Loria v. Town of Irondequoit, 775 F. Supp. 599, 606 (W.D.N.Y. 1990)) (other citation omitted). Therefore, "[a] police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." Id. (citations omitted). The Court will now address the Plaintiff's claims against the Village of Garden City only.

13

In order to hold a municipality liable under 42 U.S.C. §1983, a plaintiff "must show that the violation of constitutional rights resulted from a municipal custom or policy." Ricciuti., 941 F.2d at 122 (citing cases); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018 (1978) ("[T]he language of 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). *Respondeat superior* may not serve as the basis for imposing municipal liability. See Bd. of the County Comm' rs v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior."); Ricciuti, 941 F.2d at 122 ("A municipality and its supervisory officials may not be held liable in a §1983 action for the conduct of a lower-echelon employee on the basis of respondeat superior."); Allen v. City of Yonkers, 803 F. Supp. 679, 683 (S.D.N.Y. 1992) ("Respondeat superior does not apply to the liability of municipal entities...."). The plaintiff in an action brought pursuant to 42 U.S.C. §1983 bears the burden of establishing municipal liability. See Rubio v. County of Suffolk, No. 01–CV–1806, 2007 U.S. Dist. LEXIS 75344, at *6–7 (E.D.N.Y. Oct. 9, 2007) (citing Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985)).

The Plaintiff is correct to assert that, without discovery, he is unable to establish a pattern, policy, or custom of unlawful arrests of licensed hand gun owners. However, at this stage of the litigation, the Plaintiff need only plausibly allege such a pattern, policy, or custom. In this regard, "[t]he mere assertion that there exists such a policy or custom, absent specific allegations of fact tending to support such an inference, is insufficient." Batista v. City of New York, No. 05–CV–8444, 2007 U.S. Dist. LEXIS 71905, at *14 (S.D.N.Y. Sept. 24, 2007) (citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)). Moreover, as here, "allegations

of a single, isolated, incident of [municipal] misconduct will not suffice" for purposes of demonstrating the existence of a municipal policy. Aguilera v. County of Nassau, 425 F. Supp. 2d 320, 324 (E.D.N.Y.2006); see also Dwares, 985 F.2d at 100 ("A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy.") (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–24, 105 S. Ct. 2427 (1985)) (additional citations omitted). For this reason, the Plaintiff's claims under §1983 against the Village are dismissed.

Similarly, the Plaintiff does not state a claim under §1981 against the Village because, as stated above, the Plaintiff fails to identify his racial status or point to any contractual right which they were unable to enforce due to the Defendants' conduct. Moreover, for the reasons explained above, the Plaintiff's Fifth Amendment claim against the Village also fails as a matter of law.

**E.  As to the Plaintiff's State Law Claims Against the Individual Defendants**

In addition to the state law claims for false arrest, false imprisonment, abuse of process, and malicious prosecution, the Plaintiff pleads common law negligence and intentional infliction of emotional distress. Here, the Plaintiff concedes that Police Officers Marceda and John Doe # 1 and # 2 "acted within the scope of their employment and under authority of color of State Law." (Amended Compl., at ¶32.)   Under New York law, where, as here, allegations against individuals relate to actions taken within the scope of their official duties, individual capacity claims cannot stand. Cardiff v. Carrier, 79 A.D.3d 1626, 1627, 913 N.Y.S.2d 618 (4th Dept. 2010)("[T]he court properly granted that part of defendants' motion with respect to the Code Enforcement Officer in his individual capacity, 'inasmuch as all of the allegations against him relate to actions taken within the scope of his official duties'")(citation omitted); see generally Tango v. Tulevech, 61 N.Y.2d 34, 41-42,  459 N.E.2d 182, 471 N.Y.S.2d 73 (1983); Teddy's Dr.

15

In v. Cohen, 47 N.Y.2d 79, 82, 390 N.E.2d 290, 416 N.Y.S.2d 782 (1979)). Accordingly, the Plaintiff's state law claims against the Individual Defendants in their individual capacities are dismissed.

**F. As to the Plaintiff's State Law Claims against the Village**

The elements for Plaintiff's state law claims for false arrest, false imprisonment, abuse of process, and malicious prosecution under §1983 are substantially identical to their state law equivalents. In New York, "i[t] is well settled that a plaintiff cannot prevail on causes of action based upon false arrest, false imprisonment [ . . . ] against police officers if the police officers had probable cause to believe that the plaintiff committed the underlying crime." Wasilewicz v. Vill. of Monroe Police Dep't, 3 A.D.3d 561, 562, 771 N.Y.S.2d 170, 171 (2d Dept. 2004). Here, as noted above, probable cause supported the arrest of the Plaintiff and therefore the Plaintiff's claims for false arrest and false imprisonment against the Village are dismissed.

However, again, probable cause did not support the commencement of a criminal proceeding against the Plaintiff. Putnam v. County of Steuben, 61 A.D.3d 1369, 1370, 876 N.Y.S.2d 819 (4th Dept. 2009) ("'[t]he continuation of a criminal proceeding without probable cause may support a cause of action for malicious prosecution'"), lv. denied 13 N.Y.3d 705, 887 N.Y.S.2d 2, 915 N.E.2d 1180 (2009)(citation omitted). As with the claim for malicious prosecution under §1983, for a similar claim under New York law, "an inference of malice may be drawn from a showing that the plaintiff lacked probable cause to maintain the action." 35-45 May Associates v. Mayloc Associates, 162 A.D.2d 389, 390, 557 N.Y.S.2d 41, 43 (1st Dept. 1990). Thus, the state law malicious prosecution claim can proceed against the Village.

As to the Plaintiff's state law claim for abuse of process, this claim in its "broadest sense" is the misuse or perversion of regularly issued legal process for a purpose not justified by the

16

nature of the process. Board of Educ. of Farmingdale Union Free School Dist. v. Farmingdale Classroom Teachers Assn., Inc., Local 1998 AFT AFL–CIO, 38 N.Y.2d 397, 400, 343 N.E.2d 278, 380 N.Y.S.2d 635 (1975). As stated above, the Plaintiff must allege and ultimately prove (1) regularly issued legal process, compelling performance or forbearance of some act; (2) the person activating the process intended to do harm without excuse or justification, (3) and the person activating the process sought to use the process in a manner to obtain a collateral objective outside the legitimate ends of the process. See id. at 403. In this case, the Court finds that the Plaintiff has not adequately plead that the Village "intended" to do harm to the Plaintiff without excuse or justification or that Village sought to further a collateral, illegitimate objective. Accordingly, the Plaintiff's state law claim for abuse of process against the Village is dismissed.

Turning to the Plaintiff's state law claim for intentional infliction of emotional distress, such a claim "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 121, 612 N.E.2d 699, 596 N.Y.S.2d 350 (1993). "Though the experience was undoubtedly unpleasant for plaintiff, the standard for intentional infliction of emotional distress in New York is extremely high. [The] Plaintiff has simply failed to provide evidence of the extreme and outrageous behavior required to satisfy that standard, and h[is] claim of intentional infliction of emotional distress is therefore dismissed." Zaniewska v. City of New York, 11-CV-2446 RRM VVP, 2013 WL 3990751, at *11 (E.D.N.Y. Aug. 5, 2013).

In any event, the Plaintiff's emotional distress claim may be "encompassed entirely within other available tort remedies and . . . thus precluded under New York law." Brewton v. City of New York, 550 F. Supp. 2d 355, 370 (E.D.N.Y. 2008) (relying on Fischer v. Maloney, 43

17

N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215) (1978) (holding that "the tort of intentional infliction of emotional distress may not be used as a substitute for an available traditional tort theory."). Furthermore, "'[p]ublic policy bars claims for intentional infliction of emotional distress against a governmental entity.'" Rodgers v. City of New York, 106 A.D.3d 1068, 1070, 966 N.Y.S.2d 466, 469 (2d Dept. 2013)(citation omitted).

Similarly, as to the Plaintiff's state law claim for negligence against the Village, "[u]nder New York law, a plaintiff may not recover under general negligence principles for a claim that law enforcement officers failed to exercise the appropriate degree of care in effecting an arrest or initiating a prosecution." Bernard v. U.S., 25 F.3d 98, 102 (2d Cir. 1994) (relying on Boose v. City of Rochester, 71 A.D.2d 59, 421 N.Y.S.2d 740, 744 (4th Dept. 1979) (holding that a plaintiff challenging the preparation of her case by police "may not recover under broad general principles of negligence . . . but must proceed by way of the traditional remedies of false arrest and . . . malicious prosecution"); see also McSween v. Edwards, 91 F. Supp. 2d 513, 525 (E.D.N.Y. 2000) ("New York law prohibits recovery under a general theory of negligence when the traditional remedies of false arrest and imprisonment are available."). The Plaintiff's negligence claim against the Village is therefore barred. See Bernard, 25 F.3d at 98 (finding that Boose "bars all negligence claims arising out of allegedly improper . . . procedures during an arrest").

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the motion to dismiss by the Village Defendants and the Individual Defendants is granted and the amended complaint is dismissed with prejudice except as to the Plaintiff's malicious prosecution claim under 42 U.S.C. §1983 against the

18

Individual Defendants and the Plaintiff's state law malicious prosecution claim against the Village Defendants.

SO ORDERED.
Dated: Central Islip, New York
August 19, 2013

                                         *Arthur D. Spatt*_____
                                              ARTHUR D. SPATT
                                              United States District Judge