**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JACOB BURBAR,

                     Plaintiff,

         - against -

INCORPORATED VILLAGE OF GARDEN
CITY, GARDEN CITY POLICE
DEPARTMENT, GARDEN CITY POLICE
OFFICER ROCCO A. MARCEDA,
GARDEN CITY POLICE OFFICERS JOHN
DOE #1 AND JOHN DOE #2, THE
COUNTY OF NASSAU, and THE NASSAU
COUNTY DISTRICT ATTORNEYS OFFICE,

                   Defendants.
----------------------------------------------------------X

**ORDER**

CV 13-1350 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

This case arises out of the alleged wrongful arrest of plaintiff Jacob Burbar ("Plaintiff") by the Garden City Police. Presently before the Court is Plaintiff's motion to compel the County of Nassau and the Nassau County District Attorney's office (the "County Defendants") to produce certain documents requested in Plaintiff's Second Request to Produce Documents. DE 16-17. The County Defendants maintain that these documents are protected by the deliberative process privilege and the work product privilege. DE 19. In response to the parties' letters, the Court directed the County Defendants to submit the documents at issue for an *in camera* review. Having reviewed the arguments advanced by both parties in their written submissions, as well as the documents submitted for *in camera* review, Plaintiff's motion to compel is GRANTED, in part, and DENIED, in part.

## II. BACKGROUND

Plaintiff was arrested by the Garden City Police on October 13, 2011 and charged with five felonies relating to the unlawful possession of a firearm. DE 14 at 2-3. Plaintiff was taken to the Nassau County Police Headquarters where he was fingerprinted and placed in a cell. *Id.* at 3. The next morning, Plaintiff was taken to the First District Court in Hempstead and arraigned on five felonies relating to unlawful possession of a firearm. *Id.* The Nassau County District Attorney's Office represented at the arraignment that there were unregistered guns recovered from the Defendant's home. *Id.* After the arraignment, the Plaintiff was detained at the Nassau County Correctional Center where he was held until the next day when his bail was posted. *Id.*

At the first pre-trial conference in the criminal proceeding held on January 6, 2012, the People asked the County Court judge to reduce each charge and then asked the court to dismiss all the reduced charges, acknowledging that Plaintiff was licensed to possess the firearms in question. *Id.* at 3-4. Thereafter, the court dismissed all the charges and the record was sealed. *Id.* at 4. The two remaining counts of alleged menacing were referred to the District Court, Nassau County. *Id.* There, the People consented to the Defendant's motion to dismiss the charges and the record was sealed. *Id.*

On October 9, 2012, Plaintiff filed this Complaint in New York Supreme Court, Nassau County against the Incorporated Village of Garden City, the County of Nassau, and Police Officers John Doe # 1 and John Doe # 2. *Id.* On January 8, 2013, Plaintiff moved to amend the Complaint to add new causes of action based on alleged violations of 42 U.S.C. §§ 1981 and 1983 as well as the Fourth, Fifth, and Fourteenth Amendments. *Id.* The Plaintiff also sought to

add as defendants Garden City Police Officer Marceda and the Nassau County District Attorney's Office. *Id.* On February 1, 2013, the state court granted the motion to amend. *Id.*

On March 14, 2013, the Defendants removed this action to this Court on the basis of federal question jurisdiction. *Id.* Thereafter, the Incorporate Village of Garden City, the Garden City Police Department, Garden City Police Officer Marceda, and Police Officers John Doe #1 and #2 (collectively the "Village Defendants") moved to dismiss the Amended Complaint. *Id.* By Memorandum of Decision and Order, Judge Spatt granted the motion in part and denied the motion in part. *Id.* at 2. The motion was granted except as to Plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 against the Individual Village Defendants and Plaintiff's state law malicious prosecution claim against the remaining Village Defendants. *Id.* at 18-19. All claims against the County Defendants remain.

### III. THE PRESENT MOTION

Plaintiff's Second Request to Produce Documents requested the following documents:

> a complete and full copy of THE NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE file in connection with the investigation, arrest, arraignment, conferences and ultimate dismissal of charges against the Plaintiff, as well as records relating to the arrest and prosecution of the Plaintiff, as well as any other records created by, maintained by, generated by, reviewed by, relied upon, or utilized by or in connection with the investigation, arrest and prosecution of the Plaintiff.

DE 16-1 at 1. The County Defendants responded by producing 81 pages of material. DE 19. Of these documents, redactions were made to pages 2-3, 10, 14 and 15. *Id.* These redactions were memorialized in a privilege log, which was served upon Plaintiff's counsel together with the document production. *Id.*; *see also* DE 16-2. Pages 2, 3, 10 and 14 are almost wholly redacted

and are comprised of the following: (1) page 2 contains an Early Case Assessment Bureau ("ECAB") Sheet authored by Assistant District Attorney Ajamo; (2) page 3 contains a District Attorney's Conference and Evaluation Sheet also authored by ADA Ajamo; (3) page 10 is an ECAB Case Assessment Form authored by ADA Lipinsky; and (4) page 14 contains a File Evaluation, Supervisor Review, Conference and Evaluation Notes Sheet, author unknown. DE 19 at 1-2; *see also* DE 16-2. Page 15 is one page of an accusatory instrument filed against Plaintiff and the only redactions are the name of the complaining witness and a date of birth, presumably of the Plaintiff. DE 19 at 2. The County Defendants asserted both the deliberative process and work product privileges in their privilege log as justification for not providing complete copies of these five documents.

Plaintiff thereafter filed the instant motion to compel seeking an Order directing the County Defendants to produce unredacted versions of these five documents. DE 16. Plaintiff also seeks an extension of the discovery deadline pending resolution of his motion. *Id.* The Court initially denied Plaintiff's motion since it failed to contain a certification that the parties had complied with Local Rule 37.3 and an explanation of how they had done so. Electronic Order, Dec. 30, 2013. By letter dated January 7, 2014, Plaintiff renewed his letter motion, setting forth the details regarding his compliance with Local Rule 37.3. DE 17. The County Defendants filed a letter in opposition to Plaintiff's motion on January 9, 2014. DE 19. The Village Defendants filed a letter taking no position with regard to Plaintiff's motion to compel but opposing Plaintiff's request to extend the discovery deadline. DE 20.

By Order dated January 24, 2014, the Court adjourned the pre-trial conference in this matter without date in light of the pending motion to compel. Electronic Order, Jan. 24, 2014.

Thereafter, the Court directed the County Defendants to submit the documents at issue for an *in camera* review. Electronic Order, Feb. 12, 2014. The specific documents were thereafter submitted.

## IV.    DISCUSSION

### A.    The Parties' Arguments

Plaintiff argues that the deliberative process privilege does not apply to the documents requested because (1) "there is no indication that the deliberative process claim is being made by the head of an agency"; and (2) "a final agency determination" is not protected by the privilege. DE 16 at 2. Plaintiff also argues that the work product privilege does not apply because the documents requested cannot be obtained by any other source and they directly bear on the County Defendants' affirmative defenses. *Id.* In response, the County Defendants submit a letter containing a three-sentence argument about the deliberative process privilege generally. DE 19 at 2. Defendants proffer no argument whatsoever as to how the deliberative process privilege specifically applies to each document in dispute. Likewise, Defendants fail to address the applicability of the work product privilege entirely.

### B.    The Deliberative Process Privilege

The deliberative process privilege "covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which Government decisions and policies are formulated." *Dep't of the Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The privilege is designed to protect the "decision making processes of the executive branch in order to safeguard the quality and integrity of governmental decisions." *A. Michael's Piano, Inc. v. FTC*, 18 F.3d 138, 147 (2d Cir. 1994)

5

(quoting *Hopkins v. HUD*, 929 F.2d 81, 84 (2d Cir. 1991)). In *Hopkins*, the Second Circuit explained that:

> There are two requirements for invocation of the deliberative process privilege. First, the document must be "predecisional," that is, "prepared in order to assist an agency decisionmaker in arriving at his decision." *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975). Second, the document must be "deliberative," that is, "actually . . . related to the process by which policies are formulated." *Jordan v. United States Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir.1978) (en banc). Thus, the privilege "focuses on documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" [NLRB v.] *Sears Roebuck & Co.*, 421 U.S. [132,] 150 [(1975)] (quoting *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C. 1966)). The privilege does not, as a general matter, extend to purely factual material. [citation omitted].

929 F.2d at 84-85. For the deliberative process privilege to apply, an agency document must be "indicative of the agency's thought processes." *Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 845 F.2d at 1179. Materials that are purely factual and not reflective of the agency's deliberative process are not protected. *Id.*

Moreover, the deliberative process privilege is a qualified privilege. *Natural Resources Defense Council, Inc. v. Fox*, No. 94-CV-8424, 1998 WL 158671, at *5 (S.D.N.Y. Apr. 6, 1998) (citing *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997)). Once the privilege is established, the court must balance the interests supporting and opposing the disclosure. *Mr. and Mrs. "B" v. Bd. of Educ. of Syosset Cent. Sch. Dist.*, 35 F. Supp. 2d 224, 228 (E.D.N.Y. 1998). In determining whether to apply the qualified privilege, courts weigh the following five factors:

> (I) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (4) the role of government in

> the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Id.* at 229 (quoting *In re Franklin Nat'l. Bank Secs. Litig.*, 478 F. Supp. 577, 582 (E.D.N.Y. 1979)). "In balancing these interests, foremost is the interest of the litigants, and ultimately of society, in accurate judicial fact finding." *Id.* at 229 (internal quotations and alteration omitted).

The privilege, however, may be inapplicable where the deliberations are among the central issues in the case. *Conte v. County of Nassau*, No. 06-4746, 2009 WL 13624784, at *5 (E.D.N.Y. May 15, 2009); *Ebbert v. Nassau County*, No. 05-5445, 2007 WL 674725, at *11 (E.D.N.Y. Mar. 5, 2007); *Mr. and Mrs. "B,"* 35 F. Supp. 2d 224 at 230; *see also ACORN v. County of Nassau*, No. CV 05-2301, 2008 WL 708551, at *4 (E.D.N.Y. Mar. 14, 2008) ("When the decision making process is itself at issue, particularly in a civil rights action, the deliberative process privilege and other privileges designed to shield that process from public scrutiny may not be raised as a bar against disclosure of relevant information; it must yield to the overriding public interest in challenging discrimination.'") (citing *Torres v. City Univ. of New York*, No. 90 Civ. 2278, 1992 WL 380561, at *8 (S.D.N.Y. Dec. 3, 1992)); *Children First Found., Inc. v. Martinez,* No. 04-0927, 2007 WL 4344915, at *7 (N.D.N.Y. Dec. 10, 2007) (holding that the privilege only protects the government's deliberative process from inquiry if it is collateral to the litigation); *Azon v. LIRR* , No. 00 CIV 6031, 2001 WL 1658219, at *3 (S.D.N.Y. Dec. 26, 2001) ("[W]hen the subject of the litigation . . . is the very nature of the decision-making process, the privilege should not foreclose the production of critical information."). Government information is "protected from discovery so that the public will benefit from more effective government; when the public's interest in effective government would be furthered by disclosure, the

7

justification for the privilege is attenuated. Thus, [when the information] sought may shed light on alleged government malfeasance, the privilege is denied." *In re Franklin Nat'l Bank Secs. Litig.*, 478 F. Supp. at 582.

Here, Plaintiff brings this action alleging, among other things, malicious prosecution and abuse of process. Because the intent and decision making process of the County Defendants are unquestionably at the heart of these claims, the deliberative process privilege is inapplicable to documents 2, 3, 10 and 14, which, the Court finds, after an *in camera* review, reflect on that process.[1] Indeed, in their Answer, the County Defendants assert numerous affirmative defenses, including that at all times, they performed their duties in good faith and without malice. DE 7 ¶ 11.

As noted in *Children First Foundation*, the "historical and overwhelming consensus and body of law within the Second Circuit is that when the decision-making process itself is the subject of the litigation, the deliberative process privilege cannot be a bar to discovery" and the privilege "evaporates." 2007 WL 4344915, at *7 (collecting cases and holding that privilege was inapplicable where plaintiff alleged that government defendants acted in an arbitrary manner in rendering a policy decision). For example, in *New York v. Salazar*, 701 F. Supp. 2d 224, 237-38

---

[1] Under New York law, "a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act, (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (citation and internal quotation marks omitted). "To state a claim under New York law for the tort of malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003).

8

(E.D.N.Y. 2010), the court held that the privilege was inapplicable because the central theme of many of plaintiffs' claims was that the "deliberative process itself was fatally flawed and infected by arbitrary conduct and abuse of discretion, thereby depriving them of due process." Similarly, in *Azon*, the court held that the privilege was inapplicable to documents that contained information critical to the plaintiff's employment discrimination claim. 2001 WL 1658219, at *3; *see also Mitchell v. Fishbein*, 227 F.R.D. 239, 250 (S.D.N.Y. 2005) (collecting cases).

There is some disagreement as to whether courts should apply the five-factor balancing test before requiring disclosure in cases such as this where the information sought is a central issue. *Compare Salazar*, 701 F. Supp. 2d 237 at n.9 ("Where, as here, the challenge is to the decision-making process, there is no balancing test the court must apply before requiring disclosure.") *with In re Delphi Corp.*, 276 F.R.D. 81, 85 (S.D.N.Y. 2011) ("This Court concludes that a claimed exception to the privilege, because the litigation involves a question concerning the intent of the governmental decisionmakers or the decisionmaking process itself, is subject to the five factor balancing test.") (internal quotation marks and citation omitted). Both approaches tend to yield the same result. In cases where the information is a central issue, the need for the documents will likely outweigh any negative consequences of disclosure. *See In re Delphi Corp.*, 276 F.R.D. at 85. Because the information Plaintiff seeks goes to the heart of his claim and because the County Defendants have not satisfied their burden to demonstrate that other factors outweigh this compelling need, a balancing of the factors would also require disclosure.[2]

---

[2] The Court also has doubt whether ADAs Ajamo and Lipinsky can even invoke the privilege on behalf of the Nassau County District Attorney. *See Conte*, 2009 WL 13624784, at *5-6 (holding that privilege may only be claimed by an agency head, which would be the District Attorney of Nassau County, and asserted through a declaration setting forth the precise and certain reasons for the need for confidentiality); *Kaufman v. City of New York*, No. 98 CIV 2648,

Thus, the Court finds that documents 2, 3, 10 and 14 are not exempt from disclosure under the deliberative process privilege. These documents are therefore discoverable, provided they are not shielded from discovery by another privilege.[3]

### C. The Work Product Privilege

The so-called "work product privilege" is codified in Federal Rule of Civil Procedure 26(b)(3) which provides, in part, as follows:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation . . . . But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable . . . ; and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
> . . . .
>
> If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other legal representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

Essentially, the work product privilege "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury*

---

1999 WL 239698, at *4-5 (S.D.N.Y. April 22, 1999) (same); *LCN Invs., Inc. v. Rep. of Nicaragua*, No. 96 Civ. 6360, 1997 WL 729106, at *2 (S.D.N.Y. Nov. 21, 1997) (same). Here, the absence of an affidavit from the agency head or her designee confirming his or her review of the withheld documents and the details as to why the withheld documents must be shielded from disclosure is "itself grounds for denying invocation of the privilege." *Kaufman*, 1999 WL 239698, at *4; *see also Conte*, 2009 WL 1362784, at * 5 (noting that where affidavit requirement is not complied with, "the invoking party's claim of privilege will fail").

[3] Finding the deliberative process privilege inapplicable, the Court need not address Plaintiff's arguments regarding the predecisional or deliberative nature of the documents at issue.

*Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) (quoting *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003)); *see also United States v. Adlman*, 134 F.3d 1194, 1196–97 (2d Cir. 1998) (noting that "work product privilege 'is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries'") (quoting *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947)). The party asserting the privilege bears the "heavy burden of establishing its applicability." *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F. 3d at 183.

In the instant matter, Plaintiff argues that because the requested documents cannot be obtained by another source and "pertain directly" to the County Defendants' affirmative defense that they acted without malice, Defendants have "effectively placed the contested documents in issue in this action." DE 16 at 2. In response, although the privilege log submitted by the County Defendants asserts the work product privilege with respect to all five documents at issue, the County Defendants make no argument as to how or why the privilege applies. *See* DE 19.

Pursuant to Rule 26(b)(3), even documents which are protected by the work-product doctrine may be discoverable where the "'discovering party demonstrates a sufficiently pressing need for the data.'" *Brown v. Northrop Grumman Corp.*, No. CV 12-1488, 2013 WL 3816659, at *1 (E.D.N.Y. July 22, 2013) (quoting *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 462 (S.D.N.Y. 1996)). As noted above, to satisfy this standard, the discovering party must establish that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

11

The Court agrees with Plaintiff that his claims for malicious prosecution and abuse of process together with Nassau County's affirmative defense squarely place the Defendants' intent at issue. *See Conte*, 2009 WL 1362784, at *3 (finding plaintiff's claims of malicious prosecution and abuse of process, as well as defendants' affirmative defenses, "effectively placed the contested documents in issue"). As noted by the court in *Conte*, a "' party cannot . . . affirmatively rely on privileged [documents] to support its claim or defense and then shield the underlying [documents] from scrutiny by the opposing party.'" *Id.* (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and citation omitted); *see also Chevron Corp. v. Donzinger*, No. 11 Civ. 0691, 2013 WL 4045326, at *4 (S.D.N.Y. Aug. 9, 2013) (noting that the "sword-shield doctrine . . . prohibits a litigant from using the work product doctrine as a sword and a shield by selectively using privileged documents to prove a point but then invoking privilege to prevent an opponent from challenging the assertion") (citation, internal quotation marks, and alterations omitted).

That is not the end of the inquiry, however. Pursuant to Rule 26, the Court is required to shield opinion work product -- as distinct from fact work product -- from disclosure. *See* Fed. R. Civ. P. 26(b)(3)(B) ("If the court orders discovery of those materials [subject to the work product privilege], it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."); *see also In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d at 183 ("To be entitled to protection for opinion work product, the party asserting the privilege must show 'a real, rather than speculative, concern' that the work product will reveal counsel's thought processes 'in relation to pending or anticipated litigation.'") (quoting *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2,*

*2002*, 318 F.3d at 386). The Court has reviewed the documents *in camera* and makes the following findings with regard to the opinion work product privilege: (1) document 2 is not privileged and should be produced in its entirety; (2) document 3 is privileged and need not be produced in unredacted form; (3) document 10 is privileged in part and should be produced as set forth below; (4) document 14 is privileged in part and should be produced as set forth below; and (5) document 15 is not privileged but the redacted portions need not be produced in accordance with the Court's discussion in Part IV. D immediately below.

  **D.**  **Document 15**

Document 15 is a criminal complaint against Plaintiff and the only redactions are the name of the complaining witness and a date of birth, presumably of the Plaintiff. DE 19 at 1-2. Although not addressed by the parties, this information is clearly not relevant to the claims or defenses raised in this case. Accordingly, Plaintiff's motion to compel the County Defendants to produce the unredacted portions of document 15 is DENIED.

**V.**  **CONCLUSION**

Plaintiff's motion to compel the County Defendants to produce unredacted copies of documents 2, 3, 10, 14 and 15 is GRANTED, in part, and DENIED, in part. The County Defendants are directed to produce an unredacted copy of document 2 forthwith. With regard to documents 10 and 14, the Court has marked off what should be redacted. Defense counsel is directed to contact Chambers to arrange to pick up the marked-up documents forthwith and produce the copies to Plaintiff as directed no later than October 3, 2014. Defendants need not produce any of the redacted portions of documents 3 and 15.

The parties are directed to meet and confer and provide the Court with confirmation, by letter filed on ECF by October 3, 2014, that discovery has been completed or, in the alternative, state specifically what remains to be done in this matter.

**SO ORDERED.**

Dated: Central Islip, New York
September 22, 2014

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge